# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **JACKIE FISHER** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-cv-01273 |
| | § | |
| **UNIVERSITY OF TEXAS** | § | Jury Demanded |
| **MEDICAL BRANCH and** | § | |
| **DAVID WATSON** | § | |
| Defendants. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

1.  **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers and email addresses.**

    Counsel conferred via telephone on July 2, 2008, and have communicated by electronic mail to develop this Plan.

    Participating Counsel:

    Jo Miller, Attorney for Plaintiff
    LAW OFFICE OF JO MILLER, P.L.L.C.
    505 North Main, Carriage House
    Conroe, Texas 77301
    Tel: (936) 539-4400
    Fax: (936) 539-4409
    jmiller@jomillerlaw.com

        Sam Lively, Attorney for Defendants
        Assistant Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711
        Tel: (512) 463-2120
        Fax: (512) 320-0667
        sam.lively@oag.state.tx.us

**2.  List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

None

**3.  Briefly describe what this case is about.**

This is a racial discrimination employment case. Plaintiff, FISHER, alleges that Defendants violated TITLE VII of the CIVIL RIGHTS ACT of 1964 as amended by the CIVIL RIGHTS ACT of 1991, 42 U.S.C. §2000e *et. seq*. Plaintiff claims disparate treatment, hostile environment, and retaliation under Title VII, 42 U.S.C. Section 2000e *et. seq.* as amended.

This is also an action under 42 U.S.C. §1981 as amended by the CIVIL RIGHTS ACT of 1991 to correct unlawful employment practices on the basis of race; and, 42 U.S.C. §1983 (the Civil Rights Act of 1871) as amended to correct unlawful employment practices on the basis of race and to correct Constitutional violations of due process and retaliation for the exercise of free speech.

Defendants, UNIVERSITY OF TEXAS MEDICAL BRANCH, and DAVID WATSON, deny that they discriminated against Plaintiff in any manner. Defendants contend that the employment actions about which Plaintiff complains were based upon legitimate, non-discriminatory reasons.

4.  **Specify the allegation of federal jurisdiction.**

    Jurisdiction is proper because federal questions are presented.

5.  **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

    The parties are in agreement with this proposed Joint Case Management and Discovery Plan.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None is anticipated

7.  **List anticipated interventions.**

    None is anticipated

8.  **Describe class-action issues.**

    None is anticipated

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Initial disclosures will be made by the parties by August 15, 2008.

10. **Describe the proposed agreed discovery plan, including:**

    a.  **responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;**

    See responses to 10.b-h.

    b.  **when and to whom the plaintiff anticipates it may send interrogatories**;

    Plaintiff anticipates serving interrogatories on Defendants as needed and consistent with the FEDERAL RULES OF CIVIL PROCEDURE and the local rules of this court and after review of Defendants' Initial Disclosure documents and prior to the scheduled discovery cutoff.

    **c.    when and to whom the defendant anticipates it may send interrogatories;**

Defendants anticipate propounding interrogatories on Plaintiff as needed and consistent with the FEDERAL RULES OF CIVIL PROCEDURE prior to the scheduled discovery cutoff.

    **d.    of whom and by when the plaintiff anticipates taking oral depositions;**

Plaintiff anticipates deposing any individuals identified by Defendants as having knowledge of relevant facts, including, but not limited to: FRCP Rule 30(b)(6) designee, David Watson, Sandy Radar, Denise Box, Ms. Melton, Ms. Gotcher, Ms. Adams, Ms. Gossett, Ms. Freeman, and Ms. Kelly.  Plaintiff may also take the depositions of any witnesses Defendants identify in their responses to interrogatories and of any expert witnesses identified by Defendants, prior to the scheduled discovery cut-off date.

    **e.    of whom and by when the defendant anticipates taking oral depositions;**

Defendants intend to depose Plaintiff prior to the scheduled discovery cutoff, and may also depose other persons identified by Plaintiff as having knowledge of relevant facts, as well as any experts identified by Plaintiff.

    **f. (i)    the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**

Plaintiff will designate experts and provide reports by February 27, 2009.

    **(ii)    the date experts for defendant will be designated and their reports provided to opposing party;**

Defendant will designate experts and provide reports by March 27, 2009.

    **g.    list of expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date (*see* Rule 26(a)(2)(B) (expert report)); and**

Plaintiff anticipates taking the depositions of Defendants' experts prior to the scheduled discovery cut-off date.

      **h.**    **list of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (*see* Rule 26(a)(2)(B) (expert report));**

Defendants anticipate taking the depositions of Plaintiff's experts prior to the scheduled discovery cut-off date.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None at this time.

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.**    **State the date the planned discovery can reasonably be completed.**

Discovery in this lawsuit can reasonably be completed by June 5, 2009.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

Parties have agreed they will consider mediation and/or settlement negotiation subsequent to substantial completion of fact discovery.

**15.**    **Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The parties are resolved to review the case once fact discovery has been completed to determine whether the case can be resolved.

**16.**    **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

Should resolution of this case not be achieved via ordinary settlement discussions, mediation may be an alternative dispute resolution technique suitable to this case.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not jointly agree to proceed before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff timely made a jury demand in her Initial Complaint.

19. **Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

    The parties estimate that it will take 24-32 hours to try this case. The parties may amend this estimate later in the discovery process if the facts indicate additional or less time is necessary.

20. **List pending motions that could be ruled on at the initial pretrial conference.**

    No motions are pending at this time.

21. **List other pending motions.**

    None at this time.

22. **Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

    None at this time.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiff filed her Disclosure of Interested Parties on May 12, 2008.

    Defendants filed their Disclosure of Interested Parties on July 7, 2008.

**24.** List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.

Plaintiff:

> **Jo Miller**
>
> State Bar No. 00791268
>
> Federal I. D. No. 20385
>
> LAW OFFICE OF JO MILLER, P.L.L.C.
>
> 505 North Main, Carriage House
>
> Conroe, Texas 77301
>
> Tel: (936) 539-4400
>
> Fax: (936) 539-4409
>
> jmiller@jomillerlaw.com

Defendants- UNIVERSITY OF TEXAS MEDICAL BRANCH and DAVID WATSON

> **Sam Lively**
>
> Texas Bar No. 12435300
>
> Assistant Attorney General
>
> General Litigation Division
>
> P.O. Box 12548, Capitol Station
>
> Austin, Texas 78711
>
> Tel: (512) 463-2120
>
> Fax: (512) 320-0667
>
> sam.lively@oag.state.tx.us

| | |
|---|---|
| _/s/ Jo Miller_ | July 23 , 2008 |
| Counsel for Plaintiff | Date |

| | |
|---|---|
| _/s/ Sam Lively_ | July 23 , 2008 |
| Counsel for Defendants- University of Texas Medical Branch, and David Watson | Date |