**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JACKIE FISHER | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-cv-01273 |
| | § | |
| UNIVERSITY OF TEXAS | § | Jury Demanded |
| MEDICAL BRANCH and | § | |
| DAVID WATSON | § | |
|     Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiff, Jackie Fisher, files this her Response in Opposition to Defendant's Motion for Protection.

### I. FACTS

1. Plaintiff is Jackie Fisher; Defendants are the University of Texas Medical Branch ("UTMB") and David Watson.

2. Plaintiff sued Defendants for Title VII racial discrimination and retaliation on April 25, 2008.

3. Defendants answered on June 23, 2008 claiming "all affirmative defenses" which the evidence may show them entitled. On July 23, 2008, in their portion of the Joint Discovery Case Management Plan, Defendants contended that "the employment actions about which Plaintiff complains were based upon legitimate, non-discriminatory reasons."

4. The Court issued a Revised Docket Control Order on February 18, 2009.

1

5. The Defendants are still not in compliance with the Court's orders of September 23, 2008 or February 18, 2009. The court ordered Defendants to provide disclosure documents to Plaintiff.

6. Defendant filed a Motion for Protective Order on March 19, 2009 alleging protection from disclosure under the TEXAS OCCUPATIONAL CODE and physician-patient privilege under the TEXAS RULES OF EVIDENCE.

7. At Plaintiff's request, Defendants prepared a Privilege Log, attached hereto as Exhibit A.

8. While Plaintiff admits that Defendant UTMB is correct, the "Peer Review," Item 1 of the Privilege Log is protected from disclosure by TEXAS OCCUPATIONAL CODE Chapter 303 §303.006, Plaintiff asserts that the other documents listed in the Privilege Log are not protected from disclosure if the name and personal identifiers are redacted.

## II. ARGUMENT

Defendants rely on §303.006 of the TEXAS OCCUPATIONAL CODE to argue that the report sent to the Board of Nursing (BNE) is shielded from disclosure. Plaintiff does not disagree that Item 1, Peer Review Committee Report to BNE, dated May of 2005, is shielded from disclosure.

However, Plaintiff strongly disagrees that independent documents, detailed in August of 2004 and January of 2005, long before the Peer Review notice in March of 2005, are shielded as part of the peer review process, merely because UTMB and Watson purportedly chose to attach them to the Peer Review Report.

That being said, Defendants affirmatively argue that "the employment actions about which Plaintiff complains were based upon legitimate, non-discriminatory reasons." While asserting this defense, Defendants seek to hide the truth and the circumstances under which, by

2

their choice and not requirement, the incident in question was brought to the peer review committee. Defendants argue, that under Texas law, the physician-patient privilege prevents disclosure of the inmate records....even if all identifiers are redacted. That is simply not Federal law and this case is subject to Federal procedural rules. *See, In re: Rezulin Products Liability Litigation,* 178 F. Supp 2d 412, 414-15 (S.D. New York (2001); *Pierce v. Dept. of U.S. Air Force,* 512 F. 3d 184, 190-91(5th Cir. 2007). Even at that, the Texas Supreme Court has ordered otherwise, in contrast to the Corpus Christi and Austin cases upon which Defendants rely. See; *Ginsberg v. the Fifth Court of Appeals*, 686 S.W. 2d 105, 108 (Tex. 1985); and, *Tex. Dept. of Public Safety Officers Assn. v. Denton*, 897 S.W. 2d 757, 761 (Tex. 1995).

### III. AUTHORITIES

1. *Tex. Occ. Code, Chapter 303*

2. *Avondale Industries, Inc. v. National Labor Relations Bd.,* 90 F. 3d 955

3. *Dept. of the Air Force v. Rose,* 425 U.S. 352 (1976)

4. *In re Rezulin Products Liability Litigation*, 47 U.S. 454 (2006)

5. *Pierce v. Dept. of the U.S. Air Force*, 512 F.3d 184 (5th Cir. 2007) 3

6. *Timberlake v. Synthes Spine Co., L.P.*, 2008 U.S. Dist. LEXIS 44256 (June 4, 2008)

7. *In re Columbia Valley Regl. ed. Center,* 41 S.W. 3d 797 (Tex. 1996)

8. *Ginsberg v. Fifth Ct. of App.*, 686 S.W. 2d 105 (Tex. 1985)

9. *In re Nance*, 143 S.W. 3d 506; 2004 Tex. App. LEXIS 738

10. *Tex. Dept. of Public Safety Officers Assn. v. Denton,* 897 S.W. 2d 757 (Tex.1995)

## IV.  CONCLUSION

The Peer Review Report is protected from Disclosure.  Documents which exist independent to the peer review process are not protected by the TEXAS OCCUPATION CODE.  The physician-patient privilege may not be used offensively and, under Federal law and Texas case law, must be disclosed in this case with personal identifiers redacted.  Plaintiff prays for all relief to which she may justly be entitled.

    Respectfully submitted,

    LAW OFFICE OF JO MILLER, P.L.L.C.
    505 North Main
    Carriage House
    Conroe, Texas 77301
    Tel: (936) 539-4400
    Fax: (936) 539-4409
    jmiller@jomillerlaw.com


By: */s/   Jo Miller*
    JO MILLER
    State Bar No. 00791268
    Southern District No. 20385
    Attorney for Jackie Fisher, Plaintiff

## **VERIFICATION**

STATE OF TEXAS § 
§ 
MONTGOMERY COUNTY §

On this day, Jo Miller appeared before me, the undersigned notary public. After I administered an oath to her, upon her oath, she said that she read the foregoing document and that the facts stated in it are within her personal knowledge and are true and correct.

/s/ *Jo Miller* 
Jo Miller

SWORN TO and SUBSCRIBED before me by Jo Miller on April 2, 2009.

/s/ *Becky Faiello* 
(Original on File in the  Notary Public in and for 
LAW OFFICE OF JO MILLER, P.L.L.C. )  the State of Texas

## **NOTICE OF ELECTRONIC FILING**

I, Jo Miller, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 2nd day of April, 2009.

/s/ *Jo Miller* 
JO MILLER

5

## CERTIFICATE OF SERVICE

I hereby certify that, a true and correct copy of the foregoing *"Plaintiff's Response in Opposition to Defendants' Motion for Protective Order"* was served electronically to:

Sam Lively
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Attorney for Defendants
sam.lively@oag.state.tx.us

                                        /s/ *Jo Miller*
                                        Jo Miller, Attorney for Jackie Fisher