OCCUPATIONS CODE

TITLE 3. HEALTH PROFESSIONS

SUBTITLE E. REGULATION OF NURSING

CHAPTER 303. NURSING PEER REVIEW

Sec. 303.001. DEFINITIONS. In this chapter:

(1) "Board" means the Texas Board of Nursing.

(2) "Nurse" means a registered nurse or a vocational nurse licensed under Chapter 301.

(3) "Nursing" has the meaning assigned by Section 301.002.

(4) "Nursing peer review committee" means a committee established under the authority of the governing body of a national, state, or local nursing association, a school of nursing, the nursing staff of a hospital, health science center, nursing home, home health agency, temporary nursing service, or other health care facility, or state agency or political subdivision for the purpose of conducting peer review. The committee includes an employee or agent of the committee, including an assistant, an investigator, an intervenor, an attorney, and any other person who serves the committee in any capacity.

(4-a) "Patient safety committee" means a committee established by an association, school, agency, health care facility, or other organization to address issues relating to patient safety, including:

(A) the entity's medical staff composed of individuals licensed under Subtitle B; or

(B) a medical committee under Subchapter D, Chapter 161, Health and Safety Code.

(5) "Peer review" means the evaluation of nursing services, the qualifications of a nurse, the quality of patient care rendered by a nurse, the merits of a complaint concerning a nurse or nursing care, and a determination or recommendation regarding a complaint. The term includes:

(A) the evaluation of the accuracy of a nursing assessment and observation and the appropriateness and quality of

1

the care rendered by a nurse;

(B) a report made to a nursing peer review committee concerning an activity under the committee's review authority;

(C) a report made by a nursing peer review committee to another committee or to the board as permitted or required by law; and

(D) implementation of a duty of a nursing peer review committee by a member, an agent, or an employee of the committee.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 553, Sec. 2.018, eff. Feb. 1, 2004.
Amended by:

Acts 2007, 80th Leg., R.S., Ch. 803, Sec. 16, eff. September 1, 2007.

Acts 2007, 80th Leg., R.S., Ch. 889, Sec. 38, eff. September 1, 2007.


Sec. 303.0015. REQUIRED ESTABLISHMENT OF NURSING PEER REVIEW COMMITTEE. (a) A person shall establish a nursing peer review committee to conduct nursing peer review under this chapter and Chapter 301:

(1) for vocational nurses, if the person regularly employs, hires, or contracts for the services of 10 or more nurses; and

(2) for professional nurses, if the person regularly employs, hires, or contracts for the services of 10 or more nurses, at least five of whom are registered nurses.

(b) A person required to establish a nursing peer review committee under this section may contract with another entity to conduct the peer review for the person.

Added by Acts 2007, 80th Leg., R.S., Ch. 803, Sec. 17, eff. September 1, 2007.


Sec. 303.002. GENERAL PROVISIONS REGARDING PEER REVIEW. (a) Repealed by Acts 2003, 78th Leg., ch. 553, Sec. 3.001.

(b) The board shall enter into a memorandum of understanding

2

with each state agency that licenses, registers, or certifies a facility required by law to have a nursing peer review committee. The memorandum of understanding must:

    (1)  state the actions the board and agency are to take to encourage compliance with the requirement to have a nursing peer review committee; and

    (2)  be adopted as a rule of the board and the agency.

(c)  A court may not enjoin the activities of a nursing peer review committee under this chapter.

(d)  This chapter may not be nullified by a contract.

(e)  The committee shall give the nurse being reviewed at least minimum due process, including notice and opportunity for a hearing.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 553, Sec. 2.019, 3.001(2), eff. Feb. 1, 2004.

Sec. 303.003.  COMMITTEE MEMBERSHIP.  (a)  A nursing peer review committee must have nurses as three-fourths of its members.

(b)  A nursing peer review committee that conducts a peer review that involves the practice of vocational nursing, to the extent feasible, must include vocational nurses as members and may have only registered nurses and vocational nurses as voting members.

(c)  A nursing peer review committee that conducts a peer review that involves the practice of professional nursing must have registered nurses as two-thirds of its members and may have only registered nurses as voting members.

(d)  The committee shall include to the extent feasible at least one nurse who has a working familiarity with the area of nursing practice in which the nurse being reviewed practices.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 553, Sec. 2.020, eff. Feb. 1, 2004.

Amended by:

    Acts 2005, 79th Leg., Ch. 113, Sec. 15, eff. May 20, 2005.

Sec. 303.004.  PEER REVIEW BY TWO ENTITIES.  (a)  A nurse

3

who, as a temporary agency nurse, faculty member, or similar staff member, practices nursing for an educational institution, health care facility, agency, or entity, or a person other than the person who employs or directly compensates the nurse is subject to peer review by both the employer and the other person.

(b) For the purposes of exchanging information, the peer review committee reviewing the nurse's conduct is considered to be established under the authority of both entities.

(c) The two entities may contract as to which entity will conduct peer review of the nurse.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.

Sec. 303.005. REQUEST FOR PEER REVIEW COMMITTEE DETERMINATION. (a) In this section, "duty to a patient" means conduct required by standards of practice or professional conduct adopted by the board for nurses. The term includes administrative decisions directly affecting a nurse's ability to comply with that duty.

(a-1) For purposes of this section, a nurse or nurse administrator does not act in good faith in connection with a request made or an action taken by the nurse or nurse administrator if there is not a reasonable factual or legal basis for the request or action.

(b) If a person who is required to establish a nursing peer review committee under Section 303.0015 requests a nurse to engage in conduct that the nurse believes violates a nurse's duty to a patient, the nurse may request, on a form developed or approved by the board, a determination by a nursing peer review committee under this chapter of whether the conduct violates a nurse's duty to a patient.

(c) A nurse who in good faith requests a peer review determination under Subsection (b):

(1) may not be disciplined or discriminated against for making the request;

(2) may engage in the requested conduct pending the peer review;

(3) is not subject to the reporting requirement under

4

Subchapter I, Chapter 301; and

        (4)  may not be disciplined by the board for engaging in that conduct while the peer review is pending.

    (d)  If a nurse requests a peer review determination under Subsection (b) and refuses to engage in the requested conduct pending the peer review, the determination of the peer review committee shall be considered in any decision by the nurse's employer to discipline the nurse for the refusal to engage in the requested conduct, but the determination is not binding if a nurse administrator believes in good faith that the peer review committee has incorrectly determined a nurse's duty.  This subsection does not affect the protections provided by Subsection (c)(1) or Section 301.352.

    (e)  If the conduct for which the peer review is requested under Subsection (b) involves the medical reasonableness of a physician's order, the medical staff or medical director shall be requested to make a determination as to the medical reasonableness of the physician's order, and that determination is determinative of that issue.

    (f)  A nurse's rights under this section may not be nullified by a contract.

    (g)  An appropriate licensing agency may take action against a person who violates this section.

Text of subsection as repealed by Acts 2007, 80th Leg., R.S., Ch. 803, Sec. 21

Text of subsection as amended by Acts 2007, 80th Leg., R.S., Ch. 803, Sec. 18

Without reference to the amendment of this subsection, this subsection was repealed by Acts 2007, 80th Leg., R.S., Ch. 803, Sec. 21(6), eff. September 1, 2007.

    (h)  A person may not suspend or terminate the employment of, or otherwise discipline or discriminate against, a nurse who in good faith requests a peer review determination under this section or a person who advises a nurse of the nurse's right to request a determination or of the procedures for requesting a

determination. A violation of this subsection is subject to Section 301.413.

(i) A person who is required to provide, on request, a nursing peer review committee determination under Subsection (b) shall adopt and implement a policy to inform nurses of the right to request a nursing peer review committee determination and the procedure for making a request.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 553, Sec. 2.021, eff. June 20, 2003; Acts 2003, 78th Leg., ch. 876, Sec. 10, eff. Feb. 1, 2004.

Amended by:

Acts 2005, 79th Leg., Ch. 113, Sec. 16, eff. May 20, 2005.

Acts 2007, 80th Leg., R.S., Ch. 803, Sec. 18, eff. September 1, 2007.

Acts 2007, 80th Leg., R.S., Ch. 803, Sec. 21(6), eff. September 1, 2007.

Sec. 303.006. CONFIDENTIALITY OF PEER REVIEW PROCEEDINGS. (a) Except as otherwise provided by this chapter, a nursing peer review committee proceeding is confidential and any communication made to a nursing peer review committee is privileged.

(b) A member, agent, or employee of a nursing peer review committee or a participant in a proceeding before the committee may not disclose or be required to disclose a communication made to the committee or a record or proceeding of the committee.

(c) A person who attends a nursing peer review committee proceeding may not disclose or be required to disclose:

(1) information acquired in connection with the proceeding; or

(2) an opinion, recommendation, or evaluation of the committee or a committee member.

(d) A nursing peer review committee member and a person who provides information to the committee may not be questioned about:

(1) the person's testimony before the committee; or

(2) an opinion formed as a result of the committee proceedings.

(e) Except as permitted by this chapter, information that is

6

confidential under this section:

 (1)  is not subject to subpoena or discovery in any civil matter;

 (2)  is not admissible as evidence in a judicial or administrative proceeding; and

 (3)  may not be introduced into evidence in a nursing liability suit arising out of the provision of or a failure to provide nursing services.

(f)  If a peer review committee determines that a nurse has not engaged in conduct required to be reported to the nurse's licensing board, a member of the peer review committee whose knowledge of the nurse's conduct was acquired only through the peer review may not report that nurse to the licensing board for that conduct. A committee member is not prohibited from reporting:

 (1)  the nurse, if the member has knowledge of the nurse's conduct independently of peer review; or

 (2)  the peer review committee to the licensing board, if the member believes the committee made its determination in bad faith.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 876, Sec. 11, eff. June 20, 2003.


Sec. 303.007.  DISCLOSURE OF INFORMATION.  (a) A nursing peer review committee on request shall disclose written or oral communications made to the committee and the records and proceedings of the committee to:

 (1)  a licensing authority of any state; or

 (2)  a law enforcement agency investigating a criminal matter.

(b)  A nursing peer review committee may disclose written or oral communications made to the committee and the records and proceedings of the committee to:

 (1)  a licensing agency of any state;

 (2)  a law enforcement agency investigating a criminal matter;

 (3)  the association, school, agency, facility, or other organization under whose authority the committee is

7

established;

(4)  another nursing peer review committee;

(5)  a peer assistance program approved by the board under Chapter 467, Health and Safety Code;

(6)  an appropriate state or federal agency or accrediting organization that accredits a health care facility or school of nursing or surveys a facility for quality of care; or

(7)  a person engaged in bona fide research, if all information that identifies a specific individual is deleted.

(c)  If a committee discloses information under this section, the committee does not by that action waive the privilege of nondisclosure of committee information and proceedings.

(d)  A peer review committee that discloses information under this section and each person who receives the information shall protect, to the extent possible, the identity of each patient.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 303.0075.  SHARING OF INFORMATION.  (a)  A nursing peer review committee and a patient safety committee established by the same entity may share information.

(b)  A record or determination of a patient safety committee, or a communication made to a patient safety committee, is not subject to subpoena or discovery and is not admissible in any civil or administrative proceeding, regardless of whether the information has been provided to a nursing peer review committee.  The privileges under this subsection may be waived only through a written waiver signed by the chair, vice chair, or secretary of the patient safety committee.  This subsection does not affect the application of Section 303.007 to a nursing peer review committee.

(c)  A committee that receives information from another committee shall forward any request to disclose the information to the committee that provided the information.

Added by Acts 2007, 80th Leg., R.S., Ch. 803, Sec. 19, eff. September 1, 2007.

Sec. 303.008. REBUTTAL STATEMENT. (a) If a nursing peer review committee makes an adverse finding against a nurse, the committee shall provide the nurse with a detailed description of the basis of its finding.

(b) The peer review committee shall give the nurse the opportunity to offer rebuttal information and to submit a rebuttal statement of reasonable length. Any rebuttal statement must be included with any information disclosed by the committee under Section 303.007.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.

Amended by:

Acts 2005, 79th Leg., Ch. 113, Sec. 17, eff. May 20, 2005.

Sec. 303.009. RETALIATORY ACTIONS. (a) A nursing peer review committee, a person participating in peer review, or an organization named as a defendant in a civil action or subjected to other retaliatory action as a result of participation in peer review may file a counterclaim in a pending action or prove a cause of action in a subsequent suit to recover defense costs, including court costs, reasonable attorney's fees, and actual and punitive damages if the suit or retaliatory action is determined to be frivolous, unreasonable, without foundation, or taken in bad faith.

(b) A nursing peer review committee member or a person participating in peer review under this chapter named as a defendant in a civil action or subjected to other retaliatory action as a result of participation in peer review may use information that is otherwise confidential under this chapter to defend the civil action or a civil action that alleges retaliation for the person's participation in peer review.

(c) A person who discloses information under Subsection (b) does not by that action waive the privilege of nondisclosure of all other information privileged under this chapter.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.

Sec. 303.010. CIVIL LIABILITY. (a) A cause of action does not accrue for an act, statement, determination, or recommendation made, or act reported, without malice, in the course of peer review

against:

(1)  a member, agent, or employee of a nursing peer review committee; or

(2)  a school of nursing, hospital, nursing home, home health agency, health science center, or other health care facility, the nursing staff of such a facility, or a nursing association or other organization.

(b)  A person who, without malice, provides records, information, or assistance to a nursing peer review committee:

(1)  is not liable in a civil action based on the person's participation or assistance in peer review; and

(2)  may not be subjected to retaliatory action as a result of that act.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 303.011.  EVALUATION BY COMMITTEE.  (a)  In evaluating a nurse's conduct, the nursing peer review committee shall review the evidence to determine the extent to which a deficiency in care by the nurse was the result of deficiencies in the nurse's judgment, knowledge, training, or skill rather than other factors beyond the nurse's control.  A determination that a deficiency in care is attributable to a nurse must be based on the extent to which the nurse's conduct was the result of a deficiency in the nurse's judgment, knowledge, training, or skill.

(b)  The nursing peer review committee shall report a deficiency in care that the committee determines was the result of a factor beyond the nurse's control to a patient safety committee for evaluation.  The patient safety committee shall evaluate the influence of the factors on the conduct of the nurse being evaluated and on the practice of other nurses within the entity that established the committee.  The committee shall report its findings to the nursing peer review committee.

Added by Acts 2003, 78th Leg., ch. 876, Sec. 12, eff. June 20, 2003.
Amended by:

Acts 2007, 80th Leg., R.S., Ch. 803, Sec. 20, eff. September 1, 2007.