EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | |
|---|---|
| Ms. Elizabeth M. Camp, J.D.<br>Attorney<br>UTMB IN GALVESTON<br>LEGAL AFFAIRS<br>404 8th Street Flr 4 RM 4.254<br>Galveston, TX 77555-0171 | **PERSON FILING CHARGE**<br><br>**Jacklyn Fisher**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>**EEOC CHARGE NO.**<br>**460-2006-01987 Amended** |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act    [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act    [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **26-APR-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Raymond Bautista,<br>Investigator<br>EEOC Representative<br>Telephone: **(713) 209-3336** | **Houston District Office**<br>**1919 Smith St, 7th Floor**<br>**Houston, TX 77002** |
|---|---|

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[X] RACE    [ ] COLOR    [ ] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN    [ ] AGE    [ ] DISABILITY    [X] RETALIATION    [ ] OTHER

See enclosed copy of charge of discrimination.

**EXHIBIT 5**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| 4/12/07 | R.J. Ruff, Jr.,<br>District Director | R.J. Wilson |

*Enclosure with EEOC Form 131 (5/01)*

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>AMENDED<br>460-2006-01987 |
|---|---|---|

Texas Workforce Commission Civil Rights Division                                    and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Jacklyn L. Fisher | (936) 293-1347 | 06-08-1966 |

Street Address: 1150 FM 2296 Rd, Huntsville, TX 77340

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UTMB-CORRECTIONAL MANAGED CARE | 500 or More | (936) 291-4200 |

Street Address: ESTELLE REGIONAL MEDICAL FACILITY, 264 FM 3478, Huntsville, TX 77320

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-04-2006    Latest: 05-02-2006
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On or about January 4, 2006, I opposed what I believed to be discrimination. Mr. David Watson, District Nurse Manager, had approved the rehire of a White individual who had been previously transferred due to attitude and behavior problems. I reminded Mr. Watson that previously, when dealing with a Black employee, he stated no one with a bad attitude and problem employees would be allowed to be transferred or rehired. I further explained that this was a different standard and we should uniformly apply policies to everyone. In an email dated January 5, 2006, Mr. Watson informed Ms. Wright that she could not hire the White individual. My opposition to perceived discrimination began a sequence of events which can only be categorize as harassment and a hostile work environment.

II. On or about January 9, 2006, Ms. Gotcher, Mr. Watson's supervisor, and Ms. Milton, HR, began an investigation of alleged complaints against me. As part of this investigation, only certain selected individuals were interviewed. I have never been provided any written complaint against me so that I could properly respond. I was informed, by Ms. Gotcher and Ms. Milton that the investigation against me was conducted at Mr. Watson's request.

III. Mr. Watson continued his retaliatory actions towards me and the harassment created a hostile work environment. Consequently, I received a poor evaluation. On April 10, 2006, I filed an internal grievance

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

6/2/06
Date

Jacklyn Fisher
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
Jacklyn Fisher

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Shelly Wills  6/2/06

Shelly S. Wills
My Commission Expires
January 08, 2008

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>AMENDED<br>460-2006-01987 |
|---|---|---|

Texas Workforce Commission Civil Rights Division
_State or local Agency, if any_                                                    and EEOC

THE PARTICULARS ARE (Continued from previous page):

alleging discrimination, harassment and a hostile work environment. On April 11, 2006, I received a letter advising that I would be demoted from Cluster Nurse Manager. The letter stated I was being demoted due to continued failure to meet minimum performance expectations. I believe this demotion was in further retaliation. I am aware of similar situated White employees, with staff complaints, who have not been demoted. Further, prior to my opposition of perceived discrimination my performance was not an issue. On May 2, 2006, I received a letter advising that I was going to be demoted to an Assistant Nurse Manager and not to a Nurse Clinician III as stated in Mr. Watson's April 11, 2006 letter.

IV. I believe I have been discriminated against because of my race, Black, and subjected to retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

AMENDMENT SEE ATTACHED THREE PAGES.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6/2/06
Charging Party Signature: [signature]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
[signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
[signature] 6/2/06

Shelly S. Wills
My Commission Expires
January 08, 2008

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>☐ FEPA<br>☒ EEOC | CHARGE NUMBER<br>FIRST AMENDMENT to Charge #460-2006-01987 |
|---|---|---|

Texas WorkForce Commission - Civil Rights Division
*State or local Agency, if any* — and EEOC

| NAME (Indicate Mr., Ms., Mrs.) Ms. Jacklyn Fisher | HOME TELEPHONE (Include Area Code) (936) 293-1347 | S.S. No. 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 |
|---|---|---|
| STREET ADDRESS 1150 FM 2296 Rd., | CITY, STATE AND ZIP CODE Huntsville, TX 77340 | DATE OF BIRTH 06-08-1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME University of Texas Medical Branch | NUMBER OF EMPLOYEES, MEMBERS +30,000 | TELEPHONE (Include Area Code) 409-747-8738 |
|---|---|---|
| STREET ADDRESS 301 University Boulevard, | CITY, STATE AND ZIP CODE Galveston, TX 77555-1008 | COUNTY Galveston |
| NAME UTMB Correctional Managed Care | | TELEPHONE NUMBER (Include Area Code) 409-747-2600 |
| STREET ADDRESS 301 Univesrity Boulevard, | CITY, STATE AND ZIP CODE Galveston, TX 77555-1006 | COUNTY Galveston |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)  LATEST (ALL)
02-11-2005   03-27-07

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My names is Jacklyn Fisher. I belong to a protected class of employees in that I am African American/Black. I have been employed by UTMB since about October of 2000. I started as an Assistant Nurse Manager and was promoted to Cluster Nurse Manager in about August of 2003.

I. On about February 11, 2005 I complained about my supervisor, Mr. David Watson (white) because he treated a me and a black employee who I supervised, Ms. Kelly, differently and more harshly than he treated a similarly situated white employee, Ms. Adams and a white employee she supervised, Ms. Gossett. The complaint was taken to Ms. Sandy Radar, the Huntsville HR Administrator and Denise Box, the Huntsville Sr. Practice Manager. Both Radar and Box stated that Watson handled the situation incorrectly, but nothing was done to address the unequal treatment.

II. In August of 2004, an inmate committed suicide seven days after I spoke to him and six days after the mental health practitioners and psychiatrist evaluated him. I suffered no adverse consequences for my actions in this matter, until after the complaint against Mr. Watson of February 11, 2005. Although it was totally discretionary as to whether or not to report the incident, Mr. Watson chose to send the matter to Peer Review. He also impermissibly influenced the Peer Review by sitting in during the Peer Review Hearing over my objection. Even though he stated that he would not vote, five out of the seven committee members were under his chain of command. Consequently, the matter was referred to the Texas Board of Nurse Examiners (BNE) prior to the year end of 2005.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br>*Rebecca A. Evans*<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Jacklyn Fisher* |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>4/3/07  *Jacklyn Fisher*<br>Date    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)<br>3rd day of April 2007 |

EEOC FORM 5 (Test 10/94)

Page 1 of 3

III. While the matter was pending before the BNE, I still functioned in the position of Nurse Manager until May 6, 2006. Around May 6, 2006, I was demoted to Assistant Nurse Manager, and still functioned in a management position to present.

IV. About August of 2005, a Black subordinate, Ms. Freeman, wanted to transfer within the Huntsville cluster to work under my supervision. Mr. Watson denied Ms. Freeman the opportunity. Ms. Freeman was the only employee he denied a transfer between August of 2005 and January of 2006. At the same time, he granted several white employees their requests for transfer within that cluster. About January 4, 2006, I opposed what I perceived to be discrimination and confronted Mr. Watson about his different standards for white and black employees and told him it was not fair.

V. Four days later, a witch hunt was initiated against me for opposing the UTMB discriminatory practices. I was out on bereavement leave and about January 9, 2006, Ms. Gotcher, Northen Division Director of Nurses (Watson's Supervisor) and Ms. Melton, Northern Division HR Director, began an on sight investigation of me. There were no written allegations against me to investigate, nor was I given an opportunity to respond. I was supervising 42 employees, and even though management encouraged my staff to be disloyal, only seven employees had disgruntled things to say about me. The employees who stuck up for me were evidently interrogated and felt attacked for sticking up for me. Ms. Gotcher told me the inquisition was conducted against me at Mr. Watson's request.

VI. I was verbally told that the investigation was undertaken because of my high turnover and vacancy rate. I exercised my protected right by filing a grievance which pointed out that other white Nurse Managers had higher turnover and vacancy rates than I had and yet they were not subjected to this demeaning and demoralizing investigation. Even though there was good cause to investigate the white Nurse Managers for these same allegations, this was not done. On the same day that my staff was interviewed, one white Nurse Manger in the building next to me had higher vacancy rates than I did and her staffing needs were much more critical, yet her staff was not interviewed.

VII. Shortly afterward, I received what I considered to be a poor performance evaluation. Prior to that point, my performance evaluations had been outstanding. On April 10, 2006 I grieved alleging discrimination, hostile work environment, and retaliation. On April 11, 2006, I received notice of Mr. Watson's intent to demote me by two ranks to Nurse Clinician III. I appealed his intention and was then only demoted one rank, to Assistant Nurse Manager and reassigned to the Wynne Unit.

VIII. While at the Wynne Unit, the Nurse Manager to whom I then reported left in August of 2006, and no other Nurse Manager assumed duties there until March 14, 2007. Though I was demoted in pay, I was still required to function as a Nurse Manager from September 2006 until March 14, 2007, although without the commensurate pay or title.

IX. In December of 2006, the BNE noticed UTMB that, as a result of the 2004 incident, which was not reported until 2005, I had agreed to an Order which required me to complete remedial education within one year. My license was never suspended, nor did the BNE make any stipulation that I could not supervise or hold a managers position. Even with the BNE requirements pending, UTMB still required me to perform in the Nurse Manager position though they were not paying me to do so, nor had they given me the title of Nurse Manager back.

X. Subsequent to my February 11, 2005 complaints, I found it necessary to grieve four times totally about the discrimination, hostile environment and retaliation. None of the grievances were answered.

Page 2 of 3

XI. About March 9, 2007, I was awarded back pay as "resolution of my complaints of racial discrimination and retaliation filed April 6, 2006." The back pay was awarded from May 6, 2006 but was cut off as of December 15, 2006, although the cut off date was unexplained at the time.

XII. I treated the notice as an offer of settlement and rejected the back pay because I still had not been reinstated to my former position as Cluster Nurse Manger

XIII. UTMB sent me a letter dated March 11, 2007, which noticed me of its intention to further demote me because of the BNE Agreed Order, of which they had notice since December 2006. I had until March 26, 2007 to respond. On March 26, 2007, I noticed UTMB that all requirements had been completed and that there were no sanctions on my license. I pointed out that other professionals have had board sanctions and have not been demoted, that I had functioned effectively since UTMB had notice from BNE in the position of Nurse Manager and they had not complained when they needed me to do so.

I have been unlawfully subjected to different terms and conditions of employment by UTMB because of my race.

I have been subjected to disparate treatment by UTMB. I belong to a protected class, was qualified for the position of Nurse Manager, I was replaced by someone outside the protected class or otherwise discriminated against because of my race.

I have been subjected to a hostile environment because of my race by UTMB. I was subjected to unwelcome harassment which was severe or pervasive. The harassment complained of was based on my race. The harassment complained of affected a term, condition or privilege of my employment.

I have been retaliated against by UTMB. I exercised a federally and state protected right when I complained about racial discrimination by UTMB. After complaining about racial discrimination at UTMB, I suffered an employment action which the reasonable person would consider adverse. There is a causal connection between my complaints of racial discrimination and the adverse employment actions.

UTMB's conduct is unlawful and in violation of TITLE VII of the CIVIL RIGHTS ACT of 1964 as Amended, 42 U.S.C. 2000e *et seq*, and in violation of CHAPTER 21 of the TEXAS LABOR CODE.

*/s/ Jacklyn Fisher*
JACKLYN FISHER

Before me, the undersigned notary, on this day, personally appeared Jacklyn Fisher, a person whose identity is known to me. After I administered an oath to her, upon her oath, she said:

"My name is Jacklyn Fisher. I am capable of making this statement. The facts stated in above 'Amended Charge' are within my personal knowledge and are true and correct."

SWORN TO AND SUBSCRIBED before me by Jacklyn Fisher.

REBECCA J. EVANS
MY COMMISSION EXPIRES
March 17, 2009

*/s/ Rebecca J. Evans*
Notary Signature
Notary Public in and for the State of Texas

Page 3 of 3