# Plaintiff
# Jackie Fisher's

## Response in Opposition
## to Defendants'

# Motion for Summary Judgment

# EXHIBIT 39

May 3, 2006

To: Ms. Rader, HV HR Administrator

Re: Grievance and Appeal Time Limits

Dear Ms. Rader,

On April 10, 2006 I submitted a formal grievance to you against my supervisor, Mr. Watson for creating a hostile work environment.  On April 11, 2006, you presented me with a letter of intent to demote me from a Cluster Nurse Manager to a Nurse Clinician III from Mr. Watson.  At that time, I attempted to submit another grievance dated April 11, 2006 to you against my supervisor, Mr. Watson for harassment and hostile work environment and you instructed me to bring it to the demotion hearing scheduled for April 12, 2006. On April 12, 2006, for the demotion hearing, I met with Georgia Melton, Northern Region's Human Resource (HR) Administrator; yourself and Carol Warren, District Nurse Manager for Palestine Cluster; in Mr. Watson's absence.  I submitted my second grievance to you at that time.

According to the UTMB Human Resource Grievance Policy #3.10.3 and the Appeal Policy #3.10. 2, there are specific time limits for the respondent to respond and set  guidelines for either party to request a time line extension if needed.

According to UTMB Grievance Policy, the respondent has five working days to provide the employee a Step I, decision in writing.  As of today, I have not received a written decision for either grievance filed April 10, or April 11, 2006.

I have spoken with you and John Pemberton, UTMB-CMC HR Director on several occasions in regards to violation of the Grievance Policy #3.10.3.

I phoned and spoke with Mr. Pemberton on April 17, 2006, regarding the time limits of my grievances filed on April 10, 2006 and April 11, 2006. According to Mr. Pemberton, if the grievances were not answered according to the prescribe time limits; I could request in writing that they be sent to Step II for review and a decision.

On Monday, April 24, 2006, I delivered to your office a letter requesting that both of my grievances be forwarded to the Step II Respondent due to Step I respondent's failure to respond in a timely manner. My letter to appeal the demotion was submitted at this time as well.

On Tuesday, April 25, 2006, I phoned and spoke with Mr. Pemberton again in regard to the violation of the time limits set forth in the UTMB Grievance # 3.10.3 Policy. We both agreed that sometimes there are extenuating circumstances that could delay the time limits but there are also guidelines in the policy to promote consistency in handling issues fairly and impartial. Mr. Pemberton informed me that he would do a follow-up and have someone to respond back to me.

On Tuesday, April 25, 2006, you phoned me back. You informed me that you had consulted with the Legal Office and got approval to hold and not respond to my grievances due to me currently being out on Family Medical Leave Status. I have researched and unable to locate that in writing or find where that's supported by policy. During our conversation, you also informed me that the appeal letter to the demotion was being used as a written statement for review of Mr. Watson's alleged charges and that no final decision in regards

FISHER-100214

to the demotion had been made. At the hearing on April 12, 2006, I was informed by Ms. Melton that the demotion process would proceed. I was given specific instructions to report to Kim Roddey, Cluster Nurse Manager for Wynne, Holliday and Byrd Units for further instructions.  I was given specific instructions that I had been reassigned to Wynne Unit on the night shift. I was given specific instructions of a decrease in salary, which Ms. Melton stated was approved through Mr. Pemberton's office. I was given specific instructions that the status change of position and salary would be effective on April 22, 2006. The hearing and the certified letter that I received from your office was verification of a demotion. You informed me during the conversation that you would speak with Ms. Melton and clarify whether the appeal letter was to be processed as an appeal or if they would use it as a written statement to refute the alleged charges.

I phoned you back on Friday, 4/28/2006, you informed me that the decision was made to use the appeal letter as a written statement and if the final decision resulted in a demotion, I would have five days to appeal that decision.  Per my request, you agreed to provide me written correspondence with a date for a final decision in regards to the demotion.

I am officially requesting on record that you provide to me in writing, the reason(s) for failure to process the decisions according to the UTMB HR Policies and a date in which you or the Management Team will provide me with a final decision in regards to the grievances and the demotion request. Please respond by Friday, May 12, 2006.

Sincerely,

Jacklyn Fisher
Jacklyn Fisher

FISHER-100215

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sandy Kader
Human Resource
UTMB-CMC
3009A - Hwy 30. West
Huntsville, tx 77340

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
5-5-06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

FISHER-100216

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)       ☐ Yes

2. Article Number
(Transfer from service label)

7005 1820 0006 4177 2721

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540