**Plaintiff
Jackie Fisher's**

**Response in Opposition
to Defendants'**

# Motion for Summary Judgment

# EXHIBIT 50



**The University of Texas Medical Branch**

**Nursing Peer Review and Professional Development Committee**
**NOTICE THAT PRACTICE IS BEING EVALUATED**
**Review #: 01-05**

**Date:** **March 21, 2005**                    **PRIVILEGED & CONFIDENTIAL**
                                                  CERTIFIED MAIL#: **HAND DELIVERED**
                                                  RETURN RECEIPT REQUESTED

**TO:**   **Jacklyn Fisher**            **License #** _____
          **1150 FM 2296**
          **Huntsville, Texas 77340**


**FROM: Katherine Connell, Chair, Nursing Peer Review**


The purpose of this memorandum is to notify you that a Nursing Incident Peer Review Panel will evaluate your practice based on receipt of the report of the incident or conduct described below:

   **Date:  August 27, 2004**            **Time:  7:40 PM/ 1940 hours**

   **Location/Place:  Ferguson Facility**


**Description of the Incident/Conduct:**

The Peer Review Committee received correspondence on March 15, 2005 referring the following case to be considered for review.

- On 8-19-04 the nurse received a call from security staff regarding possible suicidal actions or intent by the patient S.L.
- The nurse obtained orders to transfer said patient to a mental health facility
- The nurse failed to carry out those orders
- The nurse failed to obtain new orders or further consult with a mental health practitioner regarding the care of patient S. L.
- On 8-27-04 patient S. L. died as a result of self-harm.

**FISHER-101132**

Prepared for and at the request of:            Confidential & Privileged
Incident Review Panel

The Incident Review Panel is composed of a group of your peers and is constituted in compliance with the Nursing Peer Review Act. Review by the Panel is conducted in accordance with the UTMB Nursing Peer Review and Professional Development Plan. Under this written plan, the peer review panel is designated to evaluate reports of alleged violations of practice standards or professional conduct as defined by the Board of Nurse Examiners for the State of Texas. The peer review process is one of fact-finding, analysis and study of events by nurses in a climate of collegial problem solving focused on obtaining all relevant information about an event. It is important to note that the Peer Review process is independent of the administrative process and is conducted according to the provisions of The Nursing Practice Act and The Nursing Peer Review Act.

Attached is a copy of the UTMB-CMC policy regarding Nursing Peer Review. A Plan is currently under development to incorporate the recent changes made in the Board of Nurse Examiners' Rule 217.17 "Minimum Procedural Standards during Peer Review." These changes involve the repeal of Rule 217.17 and the adoption of Rule 217.19 "Incident – Based Nursing Peer Review". These changes are in regard to the Minimum Due Process Rights of a registered nurse in a nursing peer review proceeding. Where incongruencies exist between the attached UTMB-CMC Nursing Peer Review Policy and the new Board Rule regarding a Nurse's due process rights, Rule 217.19 will apply. A copy of Rule 217.19 is also attached.

A review by the Panel must be conducted no sooner than twenty-one (21) calendar days and not more that forty-five (45) calendar days from the date of this notice. The Nursing Peer Review Panel will meet to evaluate your practice at **1:00 pm on Wednesday, April 13, 2005**. The meeting will be held at the TDCJ Conference Center, 1206 Avenue I, Huntsville, Texas 77340 upstairs in the Chairman's Room. Kathy Chandonnet or David Watson will serve as your contact persons relative to this Review. Ms. Chandonnet or Mr. Watson can be contacted at (936) 291-4200 x 3603.

You may:

1. You may review, in person or by attorney, the documents concerning the event under review, at least 15 calendar days prior to appearing before the Peer Review Panel. Please contact Ms. Kathy Chandonnet (agent for the Review Panel) at 936-291-4200 x 3603 to make arrangement to review the documents;
2. Submit a written statement regarding the event under review;
3. Call witnesses, question witnesses, and be present when testimony or evidence is being presented;
4. Make an opening statement to the Review Panel
5. Ask questions of the Review Panel and respond to questions of the Panel; and
6. Make a closing statement to the committee after all evidence is presented.

**FISHER-101133**

Prepared for and at the request of:
Incident Review Panel

Confidential & Privileged

7. You may choose not to participate in the Review Panel Proceeding, however, your statement to the Peer Review Panel is important to its deliberation and decision-making. The Panel, a group of your peers, would prefer to speak with you in person. If you would like to appear and cannot meet on the date and or time scheduled, please contact Ms. Chandonnet. The Panel will make every effort to accommodate your schedule. If you choose not to appear at the meeting, you may submit a written statement for the Panel's review.

You shall have a right to representation:

1. The peer review process is not a legal proceeding; therefore, rules governing legal proceedings and admissibility of evidence do not apply and the presence of an attorney is not required.
2. You have the right to be accompanied by a nurse peer or an attorney.
3. Representatives attending the proceedings with you (nurse peer or attorney) may confer with your during the Peer Review Panel hearing. However, the nurse peer or attorney may not directly interact with other participants in the proceedings.
4. If you choose to be represented by an attorney at the proceedings, the Panel's attorney (facility attorney) will be present and may confer with the presiding officer for the Panel.
5. If either the Peer Review Panel or the nurse under review will have an attorney or representative attending the hearing in any capacity, the Panel or nurse under review must notify the other at leave seven (7) calendar days before the hearing that they will have an attorney or representative attending the hearing and in what capacity. Notwithstanding any other provisions of Rule 217.19, if an attorney representing UTMB or the Nursing Peer Review Panel is present at the peer review hearing in any capacity, including serving as a member of the peer review panel, the nurse under review is entitled to "parity of participation of counsel." "Parity of participation of Counsel" means that the nurse's attorney is able to participate to the same extent and level as the facility's or Review Panel's attorney; e.g., if the facility's attorney can question witnesses, the nurse's attorney must have the same right.

The Peer Review Panel will:

1. Exclude from the Panel any person or persons with administrative authority for personnel decisions directly relating to the nurse.
2. Shall review the evidence to determine the extent to which any deficiency in care by the nurse was the result of deficiencies in the nurse's judgement, knowledge, training, or skill rather that other factors beyond the nurse's control. A determination that a deficiency in care is attributable to a nurse must be based on the extent to which the nurse's

Prepared for and at the request of:
Incident Review Panel

Confidential & Privileged

FISHER-101134

conduct was the result of a deficiency in the nurse's judgment, knowledge, training, or skill.
3. Conclude its review no more than fourteen (14) calendar days from the peer review proceeding.
4. Provide written notice to the nurse in person or by certified mail at the last known address the nurse has on file with the facility of the findings of the committee within ten (10) calendar days of when the committee's review has been completed.
5. Permit the nurse to file a written rebuttal statement within ten (10) calendar days of the notice of the committee's finding and make the statement a permanent part of the peer review record to be included whenever the committee's finding are disclosed.

If the Peer Review Panel finds that a nurse has engaged in conduct reportable to the Board of Nurse Examiners, the Review Panel's report shall include:
1. A description of any corrective action against the nurse; and
2. A statement as to whether the Review Panel recommends that formal disciplinary action should be taken against the nurse.

All information concerning this matter is regarded as PRIVILEGED AND CONFIDENTIAL. Peer review is a privileged and confidential proceeding protected by statute pursuant to the Nursing Peer Review Act. Sec. 303.006 of the Act, titled "Confidentiality of Peer Review Proceedings" stipulates that "Except as permitted by this chapter, information that is confidential under this section:

1. is not subject to subpoena or discovery in a civil matter,
2. is not admissible as evidence in a judicial or administrative proceeding;
3. and may not be introduced into evidence in a nursing liability suit arising our of the provision of or a failure to provide nursing service."

Further information regarding Nursing Peer Review is available on the Board of Nurse Examiners web site (Nursing Practice Act and the Nursing Peer Review Act). http://www.bne.state.tx.us/.

FISHER-101135

Prepared for and at the request of:                    Confidential & Privileged
Incident Review Panel

Please retain this letter as it contains important information that may affect your rights and future nursing practice. Peer review is a confidential proceeding protected by statute pursuant to the Nursing Peer Review Act. Do not discuss this matter with anyone other than your personal attorney, Katherine Connell, or a designated agent of the Panel. Do not contact the members of the Review Panel individually. <u>You will have an opportunity to speak with the Review Panel member and answer their questions at the time of the review.</u> Should you have any questions, please contact Ms. Chandonnet or Mr. Watson.

Kathy Chandonnet, Peer Review Committee Agent
for
Katherine Connell, RN, Peer Review Committee Chair
Estelle CRMF
264 FM 3478
Huntsville, TX 77320

Enclosure (2)

FISHER-101136

Prepared for and at the request of:          Confidential & Privileged
Incident Review Panel

Jacklyn Fisher, RN
Nurse Manager

To:       Peer Review Panel
Subject:  S███████████877
Date:     April 13, 2005

     On 8/18/04 the incident involving Offender █████77 occurred. I received a
telephone call at home from the Ferguson Unit around 7:40 p.m. reporting that Offender
█████877 was found with a noose around his neck. Per my telephone conversation
with Offender Lu█████7 he alleges he wears a noose around his neck when he's
sad, that is his dark side. His complaint was not depression but sad. This was a threat
to self but he denied any intentions to kill or harm himself. His level of orientation was
appropriate, attitude cooperative with a normal expression and speech. I did obtain
orders from Dr. Ngyen to transfer the offender to Skyview Crisis Management. I did
execute the orders but I received a second call in which Offender Lu█████7 was
refusing Skyview transfer in which the transfer was solely for the purpose to receive the
diagnostic/treatment recommended. Considering that anybody, an offender or not may
elect to refuse treatment unless the individual is determined not to be sufficiently
competent to make a decision. I advised that if he was refusing transfer he would have
to sign a Treatment Refusal (HSM-82). On 8/19/04, Offender L███████ signed a
refusal and stated "I don't want to go to Skyview because I do not need such treatment.
I'm stable". The on-call psychiatrist was not called again because our established and
accepted practice on the Unit is when an offender refuses to go for an off site
appointment regardless of the severity of the problem i.e. for blood transfusions,
oncology and HIV specialty clinic is to obtain a signed refusal from the offender and
refer the chart back to the provider for final disposition or refer the offender back to the
provider for a follow-up visit. There is nothing in writing in the TDCJ Health Services
Policy Manual that I'm aware of that states an offender does not have the right to refuse
a transfer. Offender L██████7 was referred by myself through our after hour call
process and seen by Mental Health on 8/20/04 with supporting documentation that he
was a low imminent risk for a potentially lethal suicide attempt and returned to housing.
He was seen again on 8/23/04, 8/24/04 (x2), 8/25/04 (x2) and 8/26/04 by the Unit
Mental Health and committed suicide on 8/27/04.

FISHER-101131

4/13/05

Panel Members —

Kathy Connel, RN          Ellis
Debra Hasting, RN      —  Houston Cluster
Kathy Jones — SRNM    —  Houston Cluster
Kathy Blate, RN       —  Ellis / Eastham
Melissa Franks — LVN  —  RMF
Rita Salsbury — LVN   —  RMF
Lynna McClung — RN    —  RMF

Mortality & Mobity review
Juicidial precautions

FISHER-101128

## REPORT FORM – PEER REVIEW COMMITTEE'S REPORT TO BNE

1. **RN Being Reported**   *(Please provide the following information about the RN being reported. If unknown, state "unknown".)*

   Name: **Jacklyn Fisher**                Lic. # **595688**

   Employer:  **UTMB Correctional Managed Care**

   Home Address: **1150 FM 2296, Huntsville, Texas 77340**

2. **Incident/Conduct Being Reported**   *(Describe briefly. Do not use patient's name. Paraphrase committee report.)*

   Date:   **8-19-04**        Time:  **7:40 PM**        Facility/Place: **TDCJ Ferguson Unit**

   Incident/Conduct:

   The following is an account of the events that happened on 8-19-04.

   Jacklyn Fisher, RN, Cluster Nurse Manager, was on call for the Ferguson Unit after the medical department closed at 7:00 PM. At approximately 7:40 PM, she was contacted by the security staff on duty who informed her they had observed offender SL in his cell with a sheet around his neck. Fisher spoke with the patient and he related to her that he did have the sheet around his neck, but he did this when he was sad. He went on to say that he did not intend to actually harm himself. Fisher's assessment of the offender was that he was oriented, cooperative and appropriate in his responses. Fisher contacted the Mental Health Provider on call for permission to transfer the patient to the Skyview Unit for additional Mental Health assessment. The provider approved the transfer. Fisher called back to the Ferguson unit and made arrangements with security for the transfer to proceed.

   A short time later the security staff called Fisher back to tell her the patient was refusing the transfer. Fisher again spoke with the patient and he explained to her that he did not wish to be transferred to the Skyview facility as he felt it would not benefit him and he had no intent to harm himself. He was willing to consult with the Mental Health staff when they arrived the following day. Fisher spoke with security to make arrangements for the patient to sign a refusal form. Fisher failed to call the provider back for additional orders.

   The Mental Health Staff interviewed the patient the following day and every day thereafter until his death. There was no finding by the Mental Health staff of any intent for self-harm. The patient was not transferred to Skyview for additional assessment. The patient was found dead in his cell from hanging on 8-27-04.

3. **Committee Action**

   Is a copy of the committee's report enclosed?              Yes **X**   No ___   *(Required)*

   Committee's Findings:

   **X**  Exposed Patient or Other to Risk of Harm   **X**  Failed to Care Adequately for Patient

   ___  Engaged in Unprofessional Conduct       ___  Practice Impaired by Chemical Dependency

   **X**  Failed to Meet Minimum Standards

   Did the RN submit a rebuttal statement?            Yes___No___

       Is a copy of the rebuttal statement enclosed?     Yes___No ___   *(Required)*

   Has Corrective Action for Nurse Been Taken Or Recommended?        **Yes**

FISHER-101137

If Yes, describe:

The nurse should attend an educational program dealing with handling, triage and treatment of suicidal patients

Does Committee Recommend BNE Take Disciplinary Action Against RN?     **No**

If Yes, explain why:

Is the incident considered to be a minor incident?     **No**

If Yes, explain why being reported to BNE:

*Peer Review has option of not reporting minor incidents to BNE provided certain procedures are followed. See BNE Rule 217.16. Peer review can report the RN to BNE even if it is a minor incident.*

4.   **Chemical Dependency or Mental Illness**

Do you suspect the RN's behavior is related to chemical dependency or mental illness? *If so, you may report the nurse to TPAPN. See instructions.*

**Neither**

5.   **Committee Making Report**     *(Provide the following information about committee making the report.)*

Committee Chair: **Katherine Connell**     Phone: **936-295-5756**

Facility:  **Ellis Unit, TDCJ**

Complete Address:  **FM-980, Huntsville, Texas 77343**

Signature: *Kathy Vandoorne*     Date: 4/25/2005

FISHER-101138