# Plaintiff Jackie Fisher's

## Response in Opposition to Defendants'

# Motion for Summary Judgment

# EXHIBIT 53

July 8, 2005
Case #: 01-05
Lic.#: 595688

Jacklyn Fisher
1150 FM 2296 Road
Huntsville, Texas. 77340
(936) 293-1347

**Attention:** Kim Williamson

This is my written response to BNE request:
#1 Our established practice if an offender refuses treatment when the provider is not on site, is to obtain a signed refusal and refer the offender back for a follow-up visit or refer the chart back to the provider for final disposition. There were never any allegations of suicide made by the offender. The offender reported allegations of feeling sad. He stated he had no intentions of killing himself. There was no attempt to hang himself prior to our telephone conversation. In my opinion, there was no negligence that exposed the offender to risk of harm as the offender was offered and refused Mental Health treatment/services. My efforts were in compliance with the Nursing Protocol for Psychiatric Symptoms and the RN after hours call process. Therefore, care was in accordance and minimal standards were met.

#2 According to Texas Department of Criminal Justice Institutional Division's (TDCJ-ID) Health Service Policy #I-71.1, "Offenders Right to Refuse Treatment, Departments Right to Compel Treatment" (attachment 1); any offender may elect to refuse offered treatment unless it is determined that the individual is not sufficiently competent to make that decision. II.) If there is reason to suspect incompetence a psychiatric determination of the offender's competency must be made. An offender is not competent if his mental or cognitive impairment renders him incapable of making a clinical decision in a rational manner. The offender's mental status was appropriate, logical and coherent at the time of our conversation. III.) To compel treatment requires two physicians. According to University of Texas Medical Branch Mental Health Services Policy #MHS B-1.1, "Right to Refuse Mental Health Services" (attachment 2), offenders are permitted to refuse all or part of recommended Mental Health assessment or treatment. I) Mental Health clinicians will counsel the patient against refusal to participate. "A refusal of Treatment Form (HSM-82) will be completed". Per our telephone conversation the offender was not an imminent risk of harm to self. V.) Seriously mentally ill who refuses mental health intervention will remain on the mental health caseload and be monitored regularly for decompensation. Mental Health will make on going efforts to persuade offender to reconsider.

#3- This incident was done via telephone triage. This offender was housed in Segregation population, which requires the correctional officers to make visual inspections at least every thirty- (30) minutes. The officers are required to continuously walk the area of assignment on General Population cellblocks per TDCJ-ID Post Orders (attachment 4 and 5). The offender was referred to the Mental Health Department the next day for follow-up and was seen by Mental Health six times thereafter. There was no bad outcome related to the decision that I made. All documentation by the Mental Health staff stated the offender was a low imminent risk, which supports the clinical decision that I made. According to the TDCJ-ID Disciplinary Offense Code 27.C (attachment 3), if an offender is scheduled for a medical appointment off the unit, and while on the unit, he signs a refusal not to accept medical treatment, force should not be used to get the offender on a chain bus for the purpose of keeping the appointment. The recommended course of action for refusing to allow himself to be transferred to the location of the medical appointment should result in a disciplinary case for refusal to keep a medical appointment.

The end result for refusing the transfer is a disciplinary issue and shouldn't imply an inadequacy on my part. If Security can't force them to go, neither can I. In my opinion, reporting to BNE is without consideration. The Peer Review Committee was not able to provide any solid information of a policy or process violation. The contributing circumstance of our established, accepted and daily practice of obtaining refusal for services is what seems to be in question.

FISHER-101141