# Plaintiff Jackie Fisher's

## Response in Opposition to Defendants'

# Motion for Summary Judgment

# EXHIBIT 58

To: Kim Williamson, RN-Investigator
Board of Nurse Examiners for the Sate of Texas

Re: Texas License # 595688
Investigations

Date: May 12, 2006

As per our telephone conversation on May 5, 2006, I am providing you information and requesting it be considered for review in regards to the investigations against my BNE license.

In regards to your letter dated January 13, 2006, certified mail no. 7001 1940 0003 0216 5258. A written statement from Nurse (Brantley, Daphne, LVN) who was assigned to the ECU Pod on December 15, 2005, indicates that she was not aware of the patient being in the bath tub. As the patient did not ask anyone's permission to use the bath tub (see attachment #1). To make reference, Leigh Gossett, RN; Assistant Nurse Manger was the Administrative personnel on call to assist and/or cover the daily staffing needs and clinical issues. Being the Nurse Manager for the facility, I assume twenty four hour coverage and responsibility. I serve as back up call for any person on Administrative Call. During this period, to include December 15, 2005 I was not notified of any staffing issues or claims of safety concerns therefore the allegation of failure to ensure adequate nursing staff is not factual. There was an inter-office communication written on December 16, 2005, stating that a Security Supervisor must be notified before allowing a patient into the tub room (see attachment #2). The Security post orders outline general duty guidelines. The officer shall observe patients during the shower time, to include the responsibility that showers are completed in an orderly and timely manner (see attachment #3). If the patient's physical condition requires the participation of the medical staff, that is deemed as a medical shower. The medical staff assumes the medical responsibility for escorting and assisting for the medical showers. In reference to this particular patient, the provisional autopsy report states the cause of death was an Acute myocardial ischemia and the manner of death was natural.

I agree and defend the right of any person filing a legitimate and sincere charge but these allegations were filed in ill will and vindictive. If there was a feeling of inadequate staffing, there was no request for utilization of any of their available resources.

I am a strong patient advocate and it is deeply disturbing that this situation occurred.

Thank you for the acceptance and consideration of this addendum. If you need additional information, please feel free to contact me.

Sincerely,

Jacklyn Fisher, RN

FISHER-101206

Attachment #1

**Texas Department of Criminal Justice**
**INSTITUTIONAL DIVISION**

# Inter-Office Communications

To: Ms Fisher Nurse Manager          Date: 2/3/06

From: Daphne Brantley               Subject: Norman Colburn # 676660

Around 1940 I was in the med Room preparing for 5pm Pill Line officer Bell yelled out to me that a man was dead in the tub Room. I ran to the back of the Pod to find Norman Colburn submerged underneath the water.

I had no idea that the patient was in the Bath tub. I came on duty 6pm He was in his cell upon initial Rounds. He did not ask anyones permission to use the Bath tub. There is no lock on the tub Room door to prevent someone from using it.

Daphne Brantley LVN

FISHER-101207

90-4

## Texas Department of Criminal Justice
### INSTITUTIONAL DIVISION
## Inter-Office Communications

**To** All Condemed

**Date** 16 December 2005

**From** Terry Pickett, Captain RMF

**Subject** Pod Tub Rooms

Effective immediately tub rooms are off limits to all offenders. Any offender found in one of these rooms will receive appropreiate disciplinary.

In the event medical staff determines that an offender requires the use of the tub room, the highest ranking seciurity supervisor will be notified prior to the offender being allowed into the room.

CC: RMF Sergeants
    Mr. Samarneh, Medical Administration
    Ms. Fisher, D.O.N.
    Extended Care Unit
    North Pod
    South Pod
    Emergency Room
    Tub Room Doors
    File

FISHER-101208



Attachment #3

| | |
|---|---|
| TEXAS DEPARTMENT | **Number:** PO-07.015 (rev. 2) |
| OF | **Date:** August 29, 2001 |
| CRIMINAL JUSTICE – | **Page:** 1 of 2 |
| INSTITUTIONAL DIVISION | **Supersedes:** PO-07.015 (rev. 1) July 1, 1996 |
| | **Authority:** Janie Cockrell, Director Institutional Division |

# POST ORDER

**SUBJECT:**   **SHOWER ROOM OFFICER**

**PURPOSE:**   To specify the duties of the Shower Room Officer in controlling the flow of offenders into and out of the shower area and observing offender behavior while in the showers.

**PROCEDURES:**

I. General Duties

   A. During shower time, the Shower Room Officer shall allow only a prescribed number of offenders into the shower. Only that number which can be properly supervised with available personnel, shall be allowed into the shower.

   B. The Shower Room Officer shall observe offenders during the shower time in order to ensure that:

   1. Offenders are not permitted to violate any Agency or Unit rule, to include sexual misconduct and fighting;

   2. Each offender has an opportunity to shower; and

   3. Showers are completed in an orderly and timely manner.

   C. Any problems which arise shall be reported immediately to the Shift Supervisor.

II. Other Duties and Responsibilities

   A. The officer shall supervise assigned offender workers.



FISHER-101209

PO-07.015 (rev. 2)
Page 2 of 2

B. The officer shall supervise the issuance of supplies and clothing.

C. The officer shall supervise the cleaning of the shower room area and note all safety, sanitation and maintenance deficiencies on the AD 84 Inspection Log.

D. In addition, the officer shall be responsible for any other duties assigned by a supervisor.

FISHER-101210