# Plaintiff Jackie Fisher's

# Response in Opposition to Defendants'

# Motion for Summary Judgment

# EXHIBIT 65



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Federal Building
1919 Smith Street, 7th Floor
Houston, TX 77002-8049
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Houston Status Line: (866) 408-8075
Houston Direct Dial: (713) 209-3348
TTY (713) 209-3439
FAX (713) 209-3381

460-2006-01987 Amended                                           Charge No.

Ms. Jacklyn L. Fisher                                            Charging Party
1150 FM 2296 Road
Huntsville, TX 77340

UTMB-Correctional Managed Care                                   Respondent
Estelle Regional Medical Facility
264 FM 3478
Huntsville, TX 77320

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge. All requirements for coverage have been met.

On June 6, 2006, Charging Party, Jacklyn L. Fisher, filed a charge of discrimination against UTMB-Correctional Managed Care, alleging she was discriminated against because of her race and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII). On April 5, 2007, Charging Party amended her charge to include further retaliation.

Respondent denied all allegations of discrimination.

The evidence indicates that on January 4, 2006 Charging Party accused her direct Supervisor, David Watson, of discriminating against a Black employee and treating a White employee more favorable. Later, Watson's supervisor, Mary Gotcher, and Georgia Melton began an investigation against Charging Party. On March 7, 2006 Charging Party complained of Watson's unwelcome inappropriate sexual comment. On March 13, 2006 Charging Party was presented with a less than favorable evaluation. On March 25, 2006 Watson corresponded with Gotcher regarding Charging Party. Watson advised they could not support a complete removal of charging party's managerial duties based on solid supporting documentation and/or objective evidence. He added, though, that this action would be difficult to defend in appeal or litigation. On April 11, 2006 Charging Party received a letter notifying her of Watson's recommendation to demote her.

Respondent could provide no documented complaint or other apparent justification to support their investigation against Charging Party. There was no evidence Respondent followed their established policies and procedures when dealing with Charging Party. Respondent's internal investigation

**Fisher-200016**

acknowledged they had no documentation to support the less than favorable evaluation of charging party and her demotion. Even though Respondent admits Charging Party complained against Watson, a review of his personnel file revealed no documentation that Respondent took any timely measures to prevent future discrimination. Further, respondent did not timely or adequately investigate charging party's internal complaint.

Based upon the evidence, the Commission concludes that Charging Party was subjected to different terms and conditions of employment because of her race, Black, and demoted in retaliation for her opposing perceived discrimination in violation of Title VII.

This determination does not conclude the processing of this charge. The EEOC will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Title VII and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to the aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

11/6/2007
Date

R.J. Ruff, Jr.
District Director

cc:   Jo Miller
      Law Office of Jo Miller, P.L.L.C.
      505 North Main
      Carriage House
      Conroe, TX 77301

      Elizabeth M. Camp,
      Attorney
      UTMB-Department of Legal Affairs
      4.254 Rebecca Sealy Hospital
      301 University Blvd.
      Galveston, TX 77555-0171

Fisher-200017