IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE FISHER | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-cv-01273 |
| | § | |
| UNIVERSITY OF TEXAS | § | Jury Demanded |
| MEDICAL BRANCH and | § | |
| DAVID WATSON | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION IN LIMINE**
**EXHIBIT "E" TO JOINT PRETRIAL ORDER**

Plaintiff, Jackie Fisher, now moves in limine, prior to the voir dire examination and out of the presence and hearing of the jury panel, and asks that the Court order all parties, attorneys, and witnesses not to refer, directly or indirectly, in any manner whatsoever, in the presence of the jury panel, or the jury finally selected to try this case, to any of the following matters without first approaching the Court out of the presence of the jury or jury panel, so that the Court may determine the admissibility or relevancy of such matters before they are injected into the case in the presence of the jury or jury panel. The matters are set forth in the attached proposed Order.

Respectfully submitted,
LAW OFFICE OF JO MILLER, P.L.L.C.
By: */s/ Jo Miller*
JO MILLER
Attorney-in-Charge
Texas Bar No. 00791268
Southern District Bar No: 20385
505 North Main
Carriage House
Conroe, Texas 77301
Tel. (936) 539-4400
Fax: (936) 539-4409
jmiller@jomillerlaw.com
Attorney for Plaintiff, Jackie Fisher

## NOTICE OF ELECTRONIC FILING

I, Jo Miller, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 18th day of February, 2010.

*/s/ Jo Miller*
JO MILLER

## CERTIFICATE OF SERVICE

I, JO MILLER, do hereby certify that on February 18, 2010 a true and correct copy of *Plaintiff's Motion in Limine*, Exhibit "I" to the Joint Pretrial Order, was served electronically on Defendants' counsel.

/s/ *Jo Miller*
Jo Miller, Attorney for Jackie Fisher

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE FISHER | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-cv-01273 |
| | § | |
| UNIVERSITY OF TEXAS | § | Jury Demanded |
| MEDICAL BRANCH and | § | |
| DAVID WATSON | § | |
| Defendants. | § | |
| | § | |

## ORDER IN LIMINE
## EXHIBIT "E" TO JOINT PRETRIAL ORDER

After hearing the arguments of counsel, and reviewing the applicable authorities, the Court hereby orders that the Defendant is precluded from referring to, discussing, or eliciting testimony on any of the following issues, without first approaching the Court out of the presence of the jury, so that the Court may determine the admissibility of such matters before they are introduced into the case.

1. Any mention of the peer review or  mortality and morbidity review committee activities which about which Defendants sought and was granted a protective order from disclosure.

**GRANTED _____ DENIED _____**


2. Any mention during opening statement or voir dire that "anybody can file a lawsuit" or a suggestion that the case has not been subject to a factual review.

**GRANTED _____ DENIED _____**

3. Any evidence from any person who Defendant would purport to call as a lay or expert witness, where the Defendant has not timely identified that person by name, correct address and a description of their potential testimony or their opinions, in their responses to Plaintiff's Interrogatories. Under Federal Rule of Civil Procedure 37(c), the Defendant is not entitled to offer the testimony of an expert or lay witness when their name, address, phone numbers, and nature of their testimony have not been disclosed, since no good cause exists to require admission. *Chapman & Cole v. Itel Container International B.V.*, 865 F.2d 676, 686 (5th Cir. 1989).

**GRANTED _____ DENIED _____**

4. Any reference to the fact that the Plaintiff has filed a Motion in Limine requesting relief from the Court or that such relief has been granted by this Court. Any reference to this Motion in Limine or any relief that might have been granted would be so prejudicial as to deprive the Plaintiff of a fair trial.

**GRANTED _____ DENIED _____**

5. Any affirmative defense which may be first raised by Defendant after the  deadline for amendments to pleadings and/or after close of the discovery period.

**GRANTED _____ DENIED _____**

6. Any reference to the fact that the Plaintiff or her attorney had, or did not have, any communications with the Defendant, or its attorney or representatives, concerning possible settlement of this case, including the contents of any such communications and responses thereto. Such settlement negotiations are inadmissible for any purpose and are highly

prejudicial. Fed. R. Evid. 408; *Mundy v. Household Finance Corp.,* 885 F.2d 542 (9th Cir. 1989); *McHann v. Firestone Tire & Rubber Co.,* 713 F.2d 161 (5th Cir. 1983) (finding settlement inadmissible and noting that jury probably drew improper inference from knowledge of settlement). This includes any implied reference to Plaintiff's willingness or unwillingness to discuss settlement (*e.g.,* "we are here only because the Plaintiffs had unrealistic expectations about the amount of money their claim is worth.").

**GRANTED** _____ **DENIED** _____

7. Any mention of the costs or expenses incurred in connection with the prosecution of this suit. This includes statements such as "the Defendant have been forced to spend over $100,000 to defend this suit."

**GRANTED** _____ **DENIED** _____

8. Any argument which indicates or infers that Plaintiff must prove anything more than that which is required per the Jury Instructions.

**GRANTED** _____ **DENIED** _____

9. Any argument or testimony that providing evidence of conflicting reasons for the adverse employment action is not enough to show pretext. *Evans v. City of Bishop*, 238 F. 3d 586, 591 (5th Cir. 2001).

**GRANTED** _____ **DENIED** _____

10. Any argument or testimony that the ultimate fact of discrimination must be proven and may not be inferred from the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *West v. Nabors Drilling U.S.A., Inc.*, 330 F.3d 379, 385 (5th Cir. 2003)**.**

**GRANTED** _____ **DENIED** _____

11. Any suggestion or argument that Plaintiff must have direct proof of discrimination in order to prevail. Both the United States Supreme Court and the Fifth Circuit have made clear that a Plaintiff need not have such direct proof and may establish a claim of discrimination by disproving the Defendant's proffered reasons for discharge. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000)*; St. Mary's Center v.Hicks*, 509 U.S. 502, 516 (1993); *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989,994 (5th Cir. 1996) (*en banc*) ("A jury may be able to infer discriminatory intent in an appropriate case from substantial evidence that the employers' proffered reasons are false. The evidence may, for example, strongly indicate that the employer has introduced fabricated justifications for an employee's discharge, and not otherwise suggest a credible non-discriminatory explanation"). *See also, Reeves v. Sanderson Plumbing Products, Inc.,* 120 S. Ct. 2097 (2000).

**GRANTED _____ DENIED _____**

SIGNED on this the \_\_\_\_\_ day of _____, 2009.

_____
The Honorable Nancy F. Atlas