IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE FISHER | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-CV-01273 |
| | § | |
| UNIVERSITY OF TEXAS | § | Jury Demanded |
| MEDICAL BRANCH and | § | |
| DAVID WATSON | § | |
| | § | |
| *Defendants*. | § | |

**MOTION IN LIMINE**

1. Regarding any matters that have been transacted between Defendant and Defendants' attorneys, including conversations between and with same and all transactions connected therewith, since the same are privileged as a matter of law.

GRANTED

DENIED

2. Regarding any failure of Defendant to call or not to call any witnesses equally available to both parties during the trial of this cause.

GRANTED

DENIED

3. Regarding the probable or possible testimony of a witness who is absent, unavailable, or not called to testify in this case.

GRANTED

DENIED

4. Regarding the fact that this Motion has been filed, or all or any portion of the relief requested herein has been granted or denied, or any ruling by the Court in response to this Motion, suggesting or inferring to the Jury that Defendant has moved to prohibit or exclude proof or that the Court has excluded proof of any particular matter.

GRANTED

DENIED

5. Regarding any request for stipulations, agreements, or information from Defendants' attorney in the hearing of the jury. Matters such as this should be discussed with the Court out of the presence of the Jury, as they most often are prejudicial, improper, inadmissible, and of the nature of a side-bar remark.

GRANTED

DENIED

6. Regarding any testimony from any witness for Plaintiff who has not been properly identified by Plaintiff in its Witness lists, in response to written discovery or pursuant to this Court's Scheduling Order.

GRANTED

DENIED

7. Any reference or testimony as to other claims or allegations of discrimination by people other than plaintiff.

GRANTED

DENIED

8. Regarding any opinion testimony from any person who was not properly designated by Plaintiff as an expert in this cause in its Witness List, in response to written discovery or pursuant to this Court's Scheduling Order.

GRANTED

DENIED

9. Regarding any new or undisclosed testimony from any of plaintiff's experts, or any person relied upon by Defendants as an expert, where such testimony was not provided in that person's deposition and/or was not properly identified and disclosed by Plaintiff in response to written discovery and/or in response to designations of experts, and/or any expert testimony from any person who was not properly identified and disclosed by Plaintiff in response to written discovery and/or in response to designations of experts.

GRANTED

DENIED

10.      Regarding any questions to Defendant's counsel in front of the jury.
GRANTED


DENIED


11.      Regarding any statement by Plaintiff's counsel to the jury regarding his person beliefs (as opposed to stating what the facts will show or arguing the facts in evidence) concerning the justice of the case or defenses, as that such is clearly improper. Furthermore, even should there be any value in same, which Defendant contends there are not, any such probative value would be outweighed by the danger of unfair prejudice and would confuse the jury.
GRANTED


DENIED


12.      Regarding any argument, reference and/or statement by Plaintiff's counsel regarding his opinions or characterizations of Defendant's employees as liars or inaccurate historian of information as irrelevant or unfairly prejudicial.
GRANTED


DENIED


13.      Regarding any reference to, testimony of or statements made regarding any privileges claimed by Defendant or Defendants' counsel, including, but not limited to attorney/client privilege or any other privilege recognized under the Federal Rules of Civil Procedure. The scope of this paragraph is intended to include any written discovery served, with regard to any documents or information sought by Plaintiff with regard to which Defendant asserted any such objections, whether the Court has ruled on those objections or not, and all matters related thereto. Further, this is intended to include any question, statement or reference that states or implies that the defendant, its witnesses or counsel have refused or allegedly refused or failed to produce or caused to be produced any document, report, statement or other material or information which is privileged under applicable law or the Federal Rules of Evidence, or the production of which was not required by Court order, or which request for production was specifically overruled and denied by order of the Court, or which was objected to by defendant and not further pursued by Plaintiff to get a definitive order from the Court as to the production of such documents. To defend such allegations would require Defendant to waive its privilege or to invoke its privilege in the presence of the jury.
GRANTED


DENIED

14. Regarding any reading of pleadings or any reading of or reference to the legal affirmative defenses or pleas in avoidance defenses pled in this cause. Such matters are not proper matters for the triers of fact and would be confusing and unduly prejudicial to Defendant.
GRANTED

DENIED

15. That Plaintiff should not interrogate Defendant or Defendant's witnesses as to any matter contained in pleadings or requests for disclosures since such legal documents and statements are for the benefit of counsel and the Court and not prepared for the benefit of the jury. This motion does not relate to appropriate use of discovery documents or matters deemed by the Court to constitute judicial admissions.
GRANTED

DENIED

16. Rulings of Court. Any mention of any action taken by the Court in a ruling upon any matter heard prior to the actual trial of this cause.
GRANTED

DENIED

17. Reference to Compromise Settlement Negotiations. Any question, statement, or reference to any settlement, compromise, offer to settle or refusal to settle made either within or without the confines of any compromise negotiations or mediation by the parties or any of their representatives to pay any sum of money or expenditure herein and/or any reference or mention of any statements made by Defendant or any of its representatives during any compromise negotiations or mediation.
GRANTED

DENIED

18. Whether or not Defendant has the ability to pay any judgment that may result from the trial of this cause of action, or how, or by whom such judgment, if any, would be paid.
GRANTED

DENIED

19. The contents of any pleadings which have been superseded by the current pleadings on

file in this case.
GRANTED


DENIED


20. Plaintiff's Exhibits. Regarding any document, exhibit or piece of physical evidence which has not been identified by Plaintiff in its Exhibit List or which has not been provided to all counsel of record outside the jury's presence.
GRANTED

DENIED


21. That no evidence as to defendant's or its employees character be offered except as allowed by The Federal Rules Evidence.
GRANTED

DENIED

22. Evidence or testimony of incidents or matters not included or put forth in Plaintiff's original EEOC charge such as sexual harassment

23. Evidence or testimony about incidents or matters not within applicable time limits as established by the EEOC charge

24. The federal EEOC finding and file as such is prejudicial , irrelevant and may deleteriously effect Defendants' right to a trial de novo.

25. No evidence or testimony as to punitive or exemplary damages as such is unavailable to plaintiff and has not been pleaded or set forth in discovery

26. Hearsay statements about how other white nurses may have been treated or the reasons therefor

27. Further, such testimony or evidence as to how other white nurses were treated that may be allowed should address those nurses who are first shown to be similarly situated as plaintiff.

28. Lay opinion as the other people's motive behind their actions as such would be speculative and prejudicial

29. No testimony or evidence as to any claims which have been ruled out of the case in the court's summary judgement order

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court that upon hearing

hereof grant Defendant's Motion in Limine, and for such other and further relief to which Defendant may show itself to be justly entitled

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

_____
SAM LIVELY
Assistant Attorney General
Texas Bar No. 12435300
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 463-2120
Fax No. (512) 320-0667

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and forgoing document has been sent via certified mail, return receipt requested, on June 20, 2008, to the following individual:

Jo Miller
505 North Main
Carriage House
Conroe, Texas 77301

_____
SAM LIVELY
Assistant Attorney General