## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JACKIE FISHER** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:08-cv-01273** |
| | § | |
| **UNIVERSITY OF TEXAS** | § | **Jury Demanded** |
| **MEDICAL BRANCH and** | § | |
| **DAVID WATSON** | § | |
| **Defendants.** | § | |

### JOINT PROPOSED
### JURY CHARGE AND INTERROGATORIES
### EXHIBIT "I" TO THE JOINT PRETRIAL ORDER

The parties hereby file their Joint Proposed Jury Charge and Interrogatories.  Each disputed instruction, definition or question is set out in bold type.  Plaintiff's disputed items are identified with a single underline.  Defendants' disputed items are identified with a double underline.

Respectfully submitted,

| | |
|---|---|
| LAW OFFICE OF JO MILLER, P.L.L.C. | ATTORNEY GENERAL FOR THE STATE OF TEXAS |
| By: /s/    *Jo Miller* | By: /s/ Sam Lively |
| JO MILLER | Sam Lively, Attorney in Charge for Defendants |
| Attorney-in-Charge | Texas Bar No. 12435300 |
| Texas Bar No. 00791268 | Assistant Attorney General |
| Southern District Bar No:  20385 | General Litigation Division |
| 505 North Main | P.O. Box 12548, Capitol Station |
| Carriage House | Austin, Texas 78711 |
| Conroe, Texas 77301 | Tel: (512) 463-2120 |
| Tel. (936) 539-4400 | Fax: (512) 320-0667 |
| Fax: (936) 539-4409 | sam.lively@oag.state.tx.us |
| jmiller@jomillerlaw.com | Attorney for Defendants, |
| Attorney for Plaintiff, Jackie Fisher | University of Texas Medical Branch & David |

Watson

## #1   PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement.  Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the Plaintiff, Jackie Fisher, will call witnesses and present evidence. Then, the Defendant, University of Texas Medical Branch, and Defendant David Watson, will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, Ms. Fisher may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

1

Pay close attention to the testimony and evidence.  If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony.  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are

2

to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

**AUTHORITY**:

COMMITTEE ON PATTERN JURY INSTRUCTIONS, DISTRICT JUDGES ASS'N, FIFTH CIRCUIT, PATTERN JURY INSTRUCTIONS (CIVIL CASES) 1.1 (2009 ed.) (hereinafter FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, 2009).

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

3

**#2  FIRST RECESS**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**<u>AUTHORITY:</u>**

Fifth Circuit Pattern Civil Jury Instructions (2009):  2.1.

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

4

**#3   BENCH CONFERENCES AND RECESSES**

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess.  We meet because often during a trial something comes up that doesn't involve the jury.

**AUTHORITY:**

FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTION (2009):  2.7.

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

5

**#4   DUTY TO DELIBERATE**

Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**AUTHORITY**:

Fifth Circuit Pattern Civil Jury Instructions (2009):   2.11.

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

6

**#5   INSTRUCTIONS ON DELIBERATION**

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Return this charge together with your written answers to the questions.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.

I will always first show the attorneys your question and my response before I answer your question.

You may now retire to the jury room to conduct your deliberations.

**<u>AUTHORITY</u>**:

Fifth Circuit Pattern Civil Jury Instructions (2009):  2.12.

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

7

## #6   IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he or she gave at the trial.

**AUTHORITY**:

FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS (2009):  2.16.

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

8

**#7   CONSIDERATION OF THE EVIDENCE**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.  The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**AUTHORITY**:

FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS (2009):  2.18.

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

9

#8   BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN

In this case, Ms. Fisher must prove every essential part of her claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that Ms. Fisher's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Ms. Fisher's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

**AUTHORITY**:

FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS (2009):   2.20.

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

10

**#9   USE OF NOTES TAKEN BY JURORS**

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**AUTHORITY**:

Fifth Circuit Pattern Civil Jury Instructions (2009):  2.21.

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

11

**#10   GENERAL INSTRUCTIONS FOR CHARGE**

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely

12

concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that

13

indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.

14

I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.

**AUTHORITY**:

FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS (2009):  3.1.


Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

## #11   PRETEXT

**Ms. Fisher has introduced evidence that Defendants' articulated reasons for its actions or inaction are a pretext for discrimination.  When you consider plaintiff's evidence of pretext, remember that the relevant question is whether defendants' reason was not the real reason for defendants' actions.**

**You are not to consider whether defendants' reason showed poor or erroneous judgment.  You are not to consider defendants' wisdom.  However, you may consider whether defendants' reason is merely a cover-up for discrimination.**

**You may consider whether the Defendants' reasons are consistent with UTMB policies, procedures and rules and whether these policies, procedures and rules were uniformly applied. You should also carefully evaluate any subjective  reasons Defendants have asserted for their  actions.  You may consider whether Defendants have changed the facts or rationale supporting the reasons for their conduct. .**

**Ms. Fisher has the burden to persuade you by a preponderance of the evidence that discriminatory conduct toward Ms. Fisher was because of her African American race.  Ms. Fisher does not have to prove pretext plus discrimination.  If you do not believe defendants' explanations, you may, but are not required to, infer that Ms. Fisher has satisfied plaintiff's burden of proof that UTMB and/or David Watson intentionally discriminated against her because of her race. You may reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.  If you find sufficient evidence that the Defendants' asserted**

16

**justifications are false, you may conclude that UTMB  and /or David Watson unlawfully discriminated.  Such inference allows you to consider a party's dishonesty about a material fact as affirmative evidence of guilt.**

**You may consider circumstantial evidence, weigh a witnesses' credibility, and make reasonable inferences from the evidence you chooses to believe.  Circumstantial evidence may establish any material fact.**

**AUTHORITY:**

*Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 147 (2000). *Ed Rachel Foundation v. Unger,* 207 S.W. 3d 330, 332 (Tex. 2006)(citing *Benoit v. Wilson,* 239 S.W. 2d 792, 796-97 (Tex. 1951); and, *Browning- Ferris, Inc. v. Reyna*, 865 S.W. 2d 925; O'Malley, Grenig and Lee,

*Federal Jury Practice and Instructions,* §170.22(West 5th ed.)

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

17

#12   BACK PAY AND COMPENSATORY DAMAGES

If **and only if** you find that one or both of the defendants is liable to Ms. Fisher, then you must determine an amount that is fair compensation for all of Ms. Fisher's damages. These damages are called compensatory damages.  The purpose of compensatory damages is to make Ms. Fisher whole—that is, to compensate Ms. Fisher for the damage **that you may find** Ms. Fisher has suffered.  Compensatory damages are not limited to expenses that Ms. Fisher may have incurred because of **an alleged** injury to her wages.  **If Ms. Fisher wins, she is entitled to compensatory damages but may also include compensation** for **the** physical injury, pain and suffering, mental anguish, shock and discomfort **that she has suffered because of Defendants' conduct.**

You may award compensatory damages only for injuries that Ms. Fisher proves were proximately caused by the defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of Ms. Fisher's damages, no more and no less**.** Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which Ms. Fisher has actually **proven she has** suffered or that Ms. Fisher **has proven that she** is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that

18

Ms. Fisher prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damages to the to the extent you find them proved by a preponderance of the evidence:

a)     Back Pay

b)     Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life

**AUTHORITY**:

FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS (2009): 15.2 (modified).

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

19

**#13 MULTIPLE CLAIMS— MULTIPLE DEFENDANTS**

You must not award compensatory damages more than once for the same injury.  For example, if the plaintiff prevails on two claims and establishes a dollar amount for her injuries, you must not award her any additional compensatory damages on each claim.  The plaintiff is only entitled to be made whole once, and may not recover more than she has lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of her injuries.

**With respect to punitive damages, you may make separate awards on each claim that plaintiff has established against David Watson.**

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim.  Although there are two defendants in this case, it does not necessarily follow that if one is liable, that the other is liable.  Each defendant is entitled to fair, separate and individual consideration of its or his case without regard to your decision as to the other defendant.  If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

**You may find that both defendants are liable for a particular injury.**

**AUTHORITY**:

FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS (2009): 15.14 (modified).

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

20

# 14 PUNITIVE DAMAGES

**In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages. In this matter, if you find in favor of the Plaintiff and against Defendant David Watson under Questions 2, 4, or 7, and if Plaintiff proves that the alleged discriminatory, harassing or retaliatory conduct of Defendant David Watson was done with malice or willfulness or with callous and reckless indifference to the Plaintiff's right to equal protection under the law, then you may, but are not required to, award the plaintiff an additional amount as punitive damages for the purposes of punishing Defendant David Watson for engaging in such misconduct and deterring Defendant David Watson and others from engaging in such misconduct in the future.**

**If you find that the defendant, David Watson, is liable for the plaintiff's injuries, you must award the plaintiff the compensatory damages that Ms. Fisher has proven. You you may also consider whether to also may award punitive damages if the plaintiff has proved that the defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. A person acts with malice if a person knows that he is violating a federal law prohibiting discrimination and does it anyway.** One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that David Watson's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those

damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if David Watson's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.  You may consider the financial resources of David Watson in fixing the amount of punitive damages. You may impose punitive damages only against David Watson.

**AUTHORITY**:

FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS (2009): 15.13 (modified).

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

#15   TITLE VII of the CIVIL RIGHTS ACT

Plaintiff, Ms. Fisher, contends that her employer, Defendant, University of Texas Medical Branch,  has intentionally discriminated against her on the basis of her African American race in violation of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED.

Defendant, University of Texas Medical Branch, denies these charges.

TITLE VII  is a federal law which states that it is unlawful for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race.


**AUTHORITY:**
42 U.S.C. 2000e-2(a)(1).

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

23

### #16    TITLE VII and 42 U.S.C. §1981  - RACE DISCRIMINATION

1. Plaintiff claims she was discriminated against by her employer, UTMB, and her supervisor, David Watson, because of her African American race.

2. Defendants deny Plaintiff's claims and contend that no racial discrimination took place.

**3. It is unlawful for an employer to discriminate against an employee because of the employee's race or for an individual to discriminate against an employee of a public entity.**

4. To prove unlawful discrimination under Title VII & §1981, Plaintiff must prove by a preponderance of the evidence that she **was demoted from the Nurse Manager position because of her race discriminated against.**

**4. To prove unlawful discrimination under Title VII and §1981, Plaintiff must prove by a preponderance of the evidence that she:**

**(a) is a member of a protected class;**

**(b) was qualified for the position in question;**

**(c) was the subject of an adverse employment action; and**

**(d) was replaced by someone outside the protected class or was treated less favorably than similarly situated persons who were not members of the protected class.**

5.     In this case Plaintiff alleges that because of her race, she was **demoted from the Nurse Manager position wrongfully demoted and was replaced by a white Nurse Manager, that her was salary reduced, that she was denied the opportunity to receive a raise, and/or that she was held her to a higher standards than her white counterparts**

**because of her race**

6. Plaintiff does not have to prove that unlawful discrimination was the only reason Defendants demoted Plaintiff, <u>reduced her salary, and denied her an opportunity to receive a raise. and/or held her to higher standards that her white counterparts</u>.

7. <u>If you disbelieve the reason(s) Defendants have given for their decisions, you may infer Defendants demoted Plaintiff, reduced her salary, and/or held her to higher standards that her white counterparts because of her race.</u>

**8.  Even if you find that Defendant demoted Plaintiff because of her race, the plaintiff is not entitled to damages if the Defendant proves by a preponderance of the evidence that the Defendant would have treated Plaintiff in the same manner even if the Defendant had not considered the plaintiff's race.**

**9.  Furthermore, if you find that the same person who hired the plaintiff is also one of the people who allegedly discriminated against her, you may consider it inherently inconsistent that an individual who is willing to hire a person who is a member of a protected class, such as a racial minority, would also discriminate against that same individual because she is a member of that class.[1]**

**AUTHORITY:**
42 U.S.C. 2000e-2(a)(1).

Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

_____

[1] Stover v, Hattiesbrug I.S.D., 549 F. 3d 985, (5th Cir. 2008).

**#17      TITLE VII & 42 U.S.C. §1983 & 1981 - <u>RACIALLY</u> HOSTILE WORK ENVIRONMENT**

1.      Plaintiff claims she was harassed by her supervisors, David Watson and other UTMB supervisors because of her African American race and that Plaintiff's employer, Defendant UTMB, as her employer,  is responsible for the harassing conduct and that Defendant Davis Watson, individually, is responsible for the harassing conduct

2.       Defendants deny Plaintiff's claims and contends that Plaintiff was not subjected to a hostile work environment.

**<u>Defendant UTMB</u>**

3.      It is unlawful for an employer to discriminate against an employee because of the employee's African American race. This includes harassment based on a person's race.

4.       For Defendant<u>s</u> **<u>UTMB</u>** to be liable for racial harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiff's employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

5.      Unlawful harassment may include extremely insensitive conduct because of race. Simple teasing, offhand comments, sporadic use of offensive language, occasional race-related jokes, and isolated incidents (unless extremely serious) will generally not amount to

26

discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, or other verbal or physical conduct done because of Plaintiff's race may be sufficiently extreme to alter the terms and conditions of employment.

6.      In determining whether a hostile work environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

**7.      If you find the Plaintiff was harassed based on her race, then you must find for Plaintiff unless Defendant UTMB proves by a preponderance of the evidence that (a) it exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) Plaintiff unreasonably failed to take advantage of any protective or corrective opportunities provided by Defendant  or to otherwise avoid the alleged harm.  If the Defendant proves (a) and (b), you must find for the Defendant.[2]**

**Defendant Watson**

8.      The Fourteen Amendment to the United States Constitution equally protects persons from harassment based on race in public employment.  In this case, Plaintiff alleges she was subjected to intentional harassment by David Watson because of her race, **in violation of the**

---

[2]2009 Pattern charge

**Equal Protection Clause of the U.S. Constitution, while he was acting under color of state law, and his conduct was the legal cause, or proximate cause of her injuries.**

**9.      State officials act "under color of the authority of the State when they act within the limits of their lawful authority.  However, they also "act under color of the authority of the State when they act without lawful authority if their acts are done while the officials are purporting or pretending to act in the performance of the official duties.  An official acts "under color" of state authority of he abuses or misuses a power that he possesses only because he is an official.**

10.     A person may sue for money damages against anyone who, under color of State law or custom, intentionally violates his rights under the Constitution of the United States.

11.     If you find Plainitff has proven her claim by a preponderance of the evidence that David Watson harassed her because of her race, you must then consider the defendant's defense that his conduct was objectively reasonable in light of legal rules clearly established at the time the harassment took place and that he is therefor not liable **to Ms. Fisher for his conduct**.

**AUTHORITY:**
42 U.S.C. 2000e-2(a)(1); 42 U.S.C. §1983;  FIFTH CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS (2009): 10.4 (modified).


Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

28

**#18 TITLE VII & 42 U.S.C. §1981 — RETALIATION**

1.      Plaintiff claims she was retaliated against by her employer, UTMB and David

Watson,  against for engaging in activity protected by Title VII and §1981.

2.      Defendants deny Plaintiff's claims and contend that Plainitff suffered no retaliation

for opposing or reporting discriminatory practices.

3.      It is unlawful for an employer to retaliate against an employee for engaging in activity

protected by Title VII.

4.      To prove unlawful retaliation, Plaintiff must prove by a preponderance of the

evidence that **one or both Defendants took adverse employment action against her she**

**was demoted** because she engaged in protected activity.

5.      Protected activity includes opposing an employment practice that is unlawful under

Title VII, making a charge of discrimination, or testifying, assisting, or participating in any

manner in an investigation, proceeding, or hearing under Title VII. If the claim is for

opposing an employment practice, Plaintiff must prove that she had at least a reasonable

belief that the practice was unlawful under Title VII.

6.       "Adverse employment action" is not confined to acts or harms that occur at the

workplace.  It covers those and only those employer actions that could well dissuade a

reasonable worker from making or supporting a charge of discrimination granting leave,

discharging, promoting, compensating, or denial of paid or unpaid leave.

7.      Plaintiff does not have to prove that unlawful retaliation was the sole reason that **she**

**was demoted Defendant took the adverse employment action(s) against her.**  However,

Plaintiff must prove by a preponderance of the evidence that "but for" her having engaged

29

in the protected activity, **the demotion adverse employment actions** would not have

occurred.[3]  **Nor is the jury required to consider the nature of the discrimination that**

**lead to the opposition or the filing of the EEOC Charge.**

**8.      If you disbelieve the reason(s) Defendants have given for their conduct, you may**

**infer Defendant(s)' adverse employment actions(s) were taken against Plainitff because**

**she engaged in protected activity.**


**AUTHORITY:**
42 U.S.C. 2000e-3(a); *Burlington Northern v. White,* 548 U.S. 53, 67-68 (2006). FIFTH
CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS (2009): 11.6.1 (modified).


Given:_____

Denied:_____

_____
The Honorable Nancy F. Atlas

_____

[3]*Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

**#19    PROXIMATE CAUSE**

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"Proximate cause" has two parts:

1.    a proximate cause is a substantial factor that  brings about an event and without

which the event would not have occurred; and

2.    a proximate cause is foreseeable. "Foreseeable" means that a person using

ordinary care would have reasonably anticipated that his acts or failure to act

would have caused the event or some similar event.

**AUTHORITY:**

TEXAS PATTERN JURY CHARGES - BUSINESS, CONSUMER, INSURANCE, EMPLOYMENT, Committee on Pattern Jury Charges of the State Bar of Texas PJC 100.9 (2008 ed.)

**#20    MENTAL ANGUISH DAMAGES**

If you determine that Ms. Fisher is entitled to recover money from either Defendant, or both, for mental anguish damages, to support an award for mental anguish damages, Ms. Fisher must offer direct evidence of the nature, duration, or severity of her mental anguish which is more than mere worry, anxiety, vexation, embarrassment or anger;  and/or, offer through circumstantial evidence, a qualifying event, such as a threat to one's physical safety or reputation, or involvement in the death of or serious injury to a family member which would support an inference of mental anguish.

While an exact evaluation of mental anguish is impossible, if you determine that Ms. Fisher is entitled to an award for mental anguish damages, you must find an amount which would fairly and reasonably compensate her for her mental anguish.

AUTHORITY:

*Parkway Co. v. Woodruff,* 901 S.W. 2d 434, 444-45 (Tex. 1994); *Saneanz v. Fidelity & Guaranty Ins.,* 925 S.W. 2d 607, 614 (Tex. 1996);

**#21     INSTRUCTION REGARDING EEOC LETTER OF DETERMINATION**

The findings and facts contained in PLainitff's Exhibit P-70, the EEOC Letter of Determination are evidence, but are not binding on you as the trier of fact.  You may, but are not required to accept the findings in the EEOC Determination.  The Determination does not relieve you of your obligation to review all of the evidence in the case and to make your decisions based on the facts as you see them .

**AUTHORITY:**

*Price v. Rosiek Construction Co.,* 509 F. 3d 704, 708 (5th Cir. 2007).

## PLAINTIFF'S PROPOSED JURY QUESTIONS

Answer Questions  Number 1 through Number 6

### Question No. 1

Did Defendant UTMB demote Ms. Fisher, reduce her salary, and/or hold her to different standards that her white counterparts because of her African American race?

Answer "Yes" or "No."

_____

### Question No. 2

Did Defendant David Watson demote Ms. Fisher, reduce her salary, and/or hold her to different standards that her white counterparts because of her African American race?

Answer "Yes" or "No."

_____

### Question No. 3

Did Defendant UTMB cause Plaintiff to suffer an adverse employment action
because of Plaintiff opposed racial discrimination and/or reported racial discrimination?

Answer "Yes" or "No."

_____

### Question No. 4

Did Defendant David Watson cause Plaintiff to suffer an adverse employment
action because of Plaintiff opposed racial discrimination and/or reported racial
discrimination?

Answer "Yes" or "No."

_____

**<u>Question No. 5</u>**

Was Plaintiff subjected to a hostile work environment by her employer, UTMB, because of her race?

      Answer "Yes" or "No."

      _____

**<u>Question No. 6</u>**

Was Plaintiff subjected to a hostile work environment by David Watson because of her race?

      Answer "Yes" or "No."

      _____

If you Answered "No" to Question Number  1, "No" to Question Number  2, "No" to Question Number 3, "No" to Question Number 4, "No" to Question Number  5, <u>and</u> "No" to Question Number  6, the jury questionnaire is complete.

If you answered "Yes" to  Question Number 1, or  "Yes" to Question Number  2, or "Yes" to Question Number  3, or  "Yes" to Question Number  4,or  "Yes" to Question Number  5, or "Yes" to Question Number 6, Answer Question Number 7.

Plainitff's Proposed Jury Questions

**Question No. 7**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ms. Fisher for her damages, if any, that resulted from such conduct by UTMB and its supervisors? Consider the following elements of damages, if any, and none other. Answer separately in dollars and cents for damages, if any.

    a. Lost earnings that were sustained in the past.

    Answer: _____

    b. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

    Answer: _____

    c. Compensatory damages in the future, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

    Answer: _____

If you answered "Yes"  to Question Number  2, or "Yes" to Question Number  4, or  "Yes" to Question Number  6, Answer Question Number 8.

**Question No. 8**

Was David Watson's conduct objectively reasonable in light of the law which was clearly established at the time?

Answer "Yes" or "No."

_____

If you answered "No" to Question Number 8, answer Question Number 9 and Number 10

Plainitff's Proposed Jury Questions

**Question No. 9**

Was David Watson acting under color of state law?

Answer "Yes" or "No."

_____

**Question No. 10**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ms. Fisher for her damages, if any, that resulted from such conduct by David Watson? Consider the following elements of damages, if any, and none other. Answer separately in dollars and cents for damages, if any.

a. Lost earnings that were sustained in the past.

Answer: _____

b. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer: _____

d. Compensatory damages in the future, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer: _____

Answer Question Number 11.

**<u>Question No. 11</u>**

Did Defendant David Watson act willfully or with reckless indifference to the rights of the plaintiff while engaging in any of the acts that you have found him liable in the questions, above?


Answer "Yes" or "No."

_____


Answer Question Number 12, if you answered "Yes" to Question No 11.

**<u>Question No. 12</u>**

What sum of money, if any, if paid now in cash, should be assessed against David Watson and awarded to *Jackie Fisher* as punitive damages, if any, for the conduct found in response to Question 11?

      Answer in dollars and cents, if any.


      Answer: _____

## DEFENDANTS' JURY QUESTIONS

### Question No. 1
Did Defendant UTMB-CMC demote Ms. Fisher because of her African American race?

Answer "Yes" or "No."

_____

**If your answer to Question No. 1 is "No," do not answer Questions Nos. 2 and 2A and proceed to Question No. 3.**

### Question No. 2
Did Defendant David Watson demote Ms. Fisher because of her African American race?

Answer "Yes" or "No."
_____

If you answered Question 2 and answered "yes," then answer the following question.  If not, then do not answer Question No. 2A and continue to Question No. 3.

### Question No. 2A
Did Defendant David Watson have an objectively reasonable belief that his actions did not violate the constitutional rights of the plaintiff at the time the alleged discrimination took place?

Answer "Yes" or "No."

_____

### Question No. 3
Was Plaintiff illegally harassed because of her race?
Answer "Yes" or "No."
_____
If you answered Question 3 and answered "yes," then answer the following question.  If not, then do not answer Questions Nos. 3A and 3B and continue to Question No. 4.

**Question No. 3A and 3B**

3A: Did Defendant UTMB exercise reasonable care to prevent and promptly correct any harassing behavior based on race?

Answer "Yes" or "No."

_____

3B: Did Plaintiff unreasonably fail to take advantage of any preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise**?**

Answer "Yes" or "No."

_____

**<u>Question No. 4</u>**

Was Plaintiff illegally harassed by David Watson because of her race?

Answer "Yes" or "No."

_____

If you answered "yes" to Question No. 4, then answer the following question.  If not, then do not answer Question No. 5 and continue to Question No. 6.

**<u>Question No. 5</u>**

Did Defendant David Watson have an objectively reasonable belief that his actions did not violate the constitutional rights of the plaintiff at the time the alleged harassment took place?

Answer "Yes" or "No."

_____

40

<u>**Question No. 6**</u>

Did Defendant UTMB demote Plaintiff because of Plaintiff opposed racial discrimination and/or reported racial discrimination?

Answer "Yes" or "No."

_____

**If your answer to Question No. 6 is "No," do not answer Questions Nos. 7 and 7A and proceed to Question No. 8.**

<u>**Question No. 7**</u>

Did Defendant David Watson cause Plainitff to be demoted because  Plaintiff opposed racial discrimination and/or reported racial  discrimination?

Answer "Yes" or "No."

_____

If you answered "yes" to Question No. 7, then answer the following question.  If not, then do not answer Question No. 7A and continue to the next question.

<u>**Question No. 7A**</u>

Did Defendant David Watson have an objectively reasonable belief that his actions did not violate the constitutional rights of the plaintiff at the time the alleged retaliation took place?

Answer "Yes" or "No."

_____

**If you answered "yes" to question 1, 3, or 6 then answer Question No. 8.  If not, then**

41                                                                                      Defendants' Proposed Jury Questions

continue to Question No. 9:

## Question No. 8

Has Defendant UTMB proven by a preponderance of the evidence that it would have treated the plaintiff similarly even if the plaintiff's race had played no role in the employment decision?

Answer "Yes" or "No."

_____

**If you answered "yes" to question 2, 4, or 7 then answer the following question.  If not, then continue to the next question:**

## Question No. 9

Has Defendant David Watson proven by a preponderance of the evidence that he would have treated the plaintiff similarly even if the plaintiff's race had played no role in the employment decision.

Answer "Yes" or "No."

_____

**If you answered "yes" to question 2, 4, or 7 then answer the following question.  If not, then continue to the next question:**

## Question No. 10
Did Defendant David Watson act willfully or with reckless indifference to the rights of the plaintiff while engaging in any of the acts that you have found him liable in the questions, above?

Answer "Yes" or "No."

_____

42                                             Defendants' Proposed Jury Questions

This concludes this part of the jury questionnaire.


LADIES AND GENTLEMEN OF THE JURY

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked. It is the duty of the presiding juror—

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in  accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____
THE HONORABLE NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE
JUDGE PRESIDING

44

### *Certificate*

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict. I certify that the jury was unanimous in answering the following questions:

Answer All or list questions: _____

_____
PRESIDING JUROR

_____
Printed Name of Presiding Juror

If the answers to some questions were not unanimous, the jurors who agreed to those answers must certify as follows: We agree to the answers to the following questions:

List questions: _____

Jurors' Signatures                              Jurors'  Printed  Names

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

45