David Watson

**From:** "David Watson" <davidw269@sbcglobal.net>
**To:** "Sandy Rader" <sjrader@utmb.edu>; "Mary Gotcher (UTMB)" <migotche@utmb.edu>; "UTMB E-mail" <dwwatson@utmb.edu>
**Sent:** Saturday, March 25, 2006 10:26 AM
**Subject:** ERMF Plans

Mary,

In light of the email I sent you on 3-14-06 regarding the infective leadership of Ms. Fisher I wish to share the following.

Subsequent to our discussion regarding a Corrective Action Plan and relieving Fisher of duties, I don't feel that is a logical alternative. The things that she does are subtle and not easily addressed with a CAP, perhaps not addressable at all. I would have to relieve her of all duties and assume them myself or assign them to another manager. Neither of which do I feel is necessary or workable at this moment. Furthermore, I don't think we (I) can support a complete relief of managerial duties based upon solid supporting documentation and/or objective evidence. If I attempted a partial relief of duties what would they be? How would I support that? And what part would she still play? Her very presence in the facility under such circumstances would be as disruptive, if not more so than continuing with the status quo. Moving her to another facility would then spread the problem to and involve other managers who do not need or deserve such issues on their facilities.

It is my feeling this would be difficult to defend in appeal or litigation. Neither do I feel such a move would be supported by Denise Box based upon our conversations. I feel it is vital that I retain her support for various reasons, not the least of which is a continued solid relationship with Denise. Our relationship has been very strong, mutually supportive and efficacious thus far and I don't want to threaten that.

I have discussed the situation at length with Ms. Rader, you and Denise. I have decided to proceed slowly and take actions on a case by case basis. I will give Ms. Fisher the opportunities to make sound decisions and if she fails I will correct and/or, intervene as appropriate and document same. Given her single mindedness and her apparent drive to make managerial decision from emotional rather than logical and mission related goals, I feel I should be able to collect sufficient documentation in a reasonable time and still be able to realistically prevent a catastrophic failure.

In so doing I may need to call upon you and the other districts for some support. I will keep you and Ms. Rader and Ms. Melton apprised of my actions.

Ms. Fisher seems quite determined to make report of certain nurses to

**EXHIBIT D-62** CA 4:08-cv-01273


EXHIBIT NO. 22  3/28/2006

UTMB-1369

the UTMB Nursing Peer Review Committee. As that represent an ethical and legal issue which is not completely driven with regard to UTMB policy per se I don't feel I can impact this action. I still wish to go on record that it may well have a deleterious impact on our ability to staff and I am concerned in this regard.

I have advised her both privately and publicly that there should be some sort of action on her part to intervene on behalf of the patients, the BNE and the staff to prevent such future incidents. That is to say I have advised her to take educational/remedial actions such as education/reeducation with regard to policy and/or practice and not to focus primarily on punitive or reporting actions alone.

I have decided to just deal with potentially controversial, i.e. racial matters as I have always done in the past and will trust my good judgment and that of my peers and superiors to guide me accordingly. I feel I have a good record in this area and will continue to perform as I historically have. Should my decisions result in complaints of an EEO nature I will trust in the system to judge me accordingly. I feel I have allowed this situation to intimidate me up to this point. I have decided to put that behind me and do my best to follow the UTMB precepts of "doing the right thing" as I have traditionally done.

Respectfully,

David Watson