IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE FISHER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-CV-01273 |
| | § | |
| UNIVERSITY OF TEXAS | § | Jury Demanded |
| MEDICAL BRANCH and | § | |
| DAVID WATSON | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MEMORANDUM OF LAW REGARDING EXCLUSION OF EEOC DETERMINATION LETTER

TO THE HONORABLE NANCY F. ATLAS:

Come now Defendants, University of Texas Medical Branch, Department of Correctional Managed Care, ("UTMB") and David Watson, and file this memorandum of law regarding exclusion of the determination letter issued by the Equal Employment Opportunity Commission ("EEOC"), as directed by the Court.

Plaintiff seeks to admit into evidence the November 6, 2007 determination letter issued by the EEOC regarding Plaintiff's charge of discrimination filed against UTMB, Charge No. 460-2006-01987.  (P-70.)  In that letter, the EEOC issued the following determination:  "Based upon the evidence, the Commission concludes that [Plaintiff] was subject to different terms and conditions of employment because of her race, Black, and demoted in retaliation for her opposing perceived discrimination in violation of Title VII."  (*Id.* at 2.)

1

Under certain circumstances, an EEOC determination letter may be an exception to the hearsay exclusion rule under Federal Rule of Evidence 803(8)(C). *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 399 (5th Cir.1985) (quoting Fed. R. Evid. 803(8)(C)).[1] However, while courts have found EEOC determination letters to be probative under certain circumstances, "[n]one of these decisions should be read as leaving district courts without discretion under Rule 403 to exclude such reports if their probative value is substantially outweighed by prejudicial effect or other considerations enumerated in the rule." *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201-02 (5th Cir.1992).

Indeed, the Fifth Circuit has repeatedly affirmed trial courts' decisions to exclude EEOC determination letters under Rule 403. *See, e.g., Harris v. Miss. Transp. Com'n*, 329 Fed. Appx. 550, 555 (5th Cir. 2009) (affirming exclusion of EEOC determination letter); *Guerra v. North East Indep. School Dist.*, 496 F.3d 415, 419 (5th Cir. 2007) (same); *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994) (same); *Cortes*, 977 F.2d at (same). Courts in the Fifth Circuit have excluded EEOC determination letters as unfairly prejudicial under Rule 403 based on the following considerations:

---

[1] To be clear, unlike an EEOC determination letter, the exception found in Rule 803(8)(C) does not extend to the full EEOC file, which is inadmissible hearsay. *See McClure*, 750 F.2d at 400 ("neither under the precedents nor under Rule 803(8)(C) is the entire EEOC admissible."); *Cruz v. Aramark Services, Inc.*, 213 Fed. Appx. 329, 332 (5th Cir. 2007) (holding that the hearsay exception applied to an EEOC determination "does not apply to the underlying material collected during the EEOC investigation."). As Plaintiff conceded during the pre-trial hearing before the Court on February 22, 2010, the EEOC file (P-102) is inadmissible. *See McClure*, 750 F.2d at 402 ("The admission into evidence of the entire EEOC file, however inadvertent, was thus erroneous.").

2

- The EEOC determination "spoke directly to the ultimate issue in the case" of whether discrimination actually occurred.  *See Guerra*, 496 F.3d at 419; *Lucas v. City of Shelby*, 246 F. Supp. 2d 516, 521 (N.D. Miss. 2002); *Bradley v. Federal Express Corp.*, No. A-04-CA-718 AWA, 2006 WL 1751775, at *5 (W.D. Tex. May 25, 2006).

- The determination was one of an actual violation (rather than of reasonable cause), thereby increasing its prejudicial effect.  *See Manville*, 27 F.3d at 1095.

- The determination consisted of "only a few factual findings" and "'bare conclusions' with little, if any, probative value," and lacked "detailed evidentiary statements and findings of fact" needed to make the determination "highly probative."  *See Cortes*, 977 F.2d at 202; *McNeal v. Kansas City Ry.*, Civ. A. No. 05-CV-791, 2007 WL 1237934, at *3 (W.D. La. Apr. 27, 2007) ("the EEOC determination letter is essentially a conclusory finding with little probative value.").

- The jury considered evidence not considered by the EEOC.  *See Lucas*, 246 F. Supp. 2d at 521.

Each of these considerations applies here to support exclusion.  First, the EEOC determination letter makes the categorical legal conclusion that Plaintiff suffered discrimination and retaliation "in violation of Title VII."  (P-70 at 2.)  Second, the determination by the EEOC in this case, as in *Manville*, was a finding of an actual violation, rather than reasonable cause, making the EEOC's non-binding determination even more prejudicial.  Admission of such statements by the EEOC "would invade the province of the jury" and should be excluded.  *See Lucas*, 246 F. Supp. 2d at 521; *Bradley*, 2006 WL 1751775, at *5.[2]

---

[2] *See also Bynum v. Fort Worth Independent School Dist.*, 41 F. Supp. 2d 641, 657-58 (N.D. Tex. 1999) ("If the EEOC letter were to be permitted to require this case to go forward to a trial notwithstanding the legal effect of the remaining contents of the summary judgment record, the EEOC investigator would have been permitted to supplant the court in the performance of the legal functions assigned to the court in a summary judgment proceeding, and, more generally, in Title VII litigation.") (citations omitted).

3

Third, the EEOC letter is largely conclusory and lacks the necessary "detailed evidentiary statements and findings of fact" necessary for a finding of probative value. *See Cortes*, 977 F.2d at 202. Indeed, the EEOC's letter contains a single paragraph describing its findings, most of which merely restates the timeline and which also refers to "unwelcome inappropriate sexual comment" – something totally irrelevant to this case. (P-70 at 1.) There are no detailed factual findings or any citations to specific evidence in the EEOC file to support the EEOC's determination. Moreover, it is unclear from the EEOC's own file what investigation, if any, the EEOC conducted to reach its conclusions, as the file merely contains hundreds of pages of duplicative documents provided to the EEOC by the parties to this case.[3] Indeed, the documentation of the EEOC's investigation was withheld from production by the EEOC (P-102 at Fisher-201258-59), thereby making any assessment of the probative value of the EEOC's determination impossible. In short, there is nothing in the EEOC's letter (or even the EEOC file) constituting "detailed evidentiary statements or findings of fact" that would justify a finding of probative value here. *See Cortes*, 977 F.2d at 202

Finally, there is nothing in the EEOC's file suggesting that the EEOC considered all of the evidence that will be before the jury in this case. In fact, there is not a single

---

[3] The volume of documents in the EEOC file merely reflects duplicative copies, irrelevant information, and a general lack of organization, which undermines any probative value of the EEOC's findings. For example, Defendant Watson's personnel file appears *four* times in the file (Fisher-200359-417; Fisher-200592-634; Fisher-200719-75; Fisher-200905-65), and duplicative portions of Plaintiff's personnel file appear at least three times (Fisher-200418-68; Fisher-200568-90; Fisher-200671-78). Furthermore, hundreds of pages of the EEOC file are merely the personnel files of Mary Gotcher and Georgia Melton, almost all of which has nothing to do with the facts of this case. (Fisher-200966-1254.)

document indicating that the EEOC interviewed any witnesses during its investigation.[4] It is questionable whether a determination made by the EEOC without the benefit of witness interviews can be considered even remotely probative, much less sufficiently probative to outweigh the prejudice to the defendant. *See Cortes v. Maxus Exploration Co.*, 758 F. Supp. 1182, 1185 (S.D. Tex. 1991) (finding no probative value where EEOC evidently failed to interview the complainant).

In short, the prejudicial effect of the EEOC determination letter in this case substantially outweighs any probative value, and its admission would invade the province of the jury.  Thus, Defendants respectfully request that the Court grant their motion in limine and exclude the EEOC determination letter under Rule 403.

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        C. ANDREW WEBER
        First Assistant Attorney General

        DAVID S. MORALES
        Deputy Attorney General for Civil Litigation

        ROBERT B. O'KEEFE
        Chief, General Litigation Division

        /s/ *David G. Halpern*_____
        DAVID G. HALPERN
        Attorney-in-Charge

---

[4] Although the file does include some interview notes (Fisher-200680-98; Fisher-200843-51), it is clear that those notes were from interviews conducted by Melvin Williams during UTMB's own internal investigation of Plaintiff's complaints. *Compare* Fisher-200497, 504 (M. Williams's report and interview results) *with* Fisher-200680-81, 683-84, 687 (supporting interview notes).

Texas Bar No. 00790812
Southern District I.D. No. 18301
JAMES "BEAU" ECCLES
Texas Bar No. 00793668
Southern District No. 310917
DARREN G. GIBSON
Texas Bar No. 24068846
Southern District No. 1041236
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendants' Memorandum of Law Regarding Exclusion of EEOC Determination Letter was served via the Court's ECF system on March 1, 2010, to:

Jo Miller
505 North Main
Carriage House
Conroe, Texas 77301
*Attorney for Plaintiff*

/s/ *David G. Halpern*_____
DAVID G. HALPERN
Assistant Attorney General