

Not Reported in F.Supp.2d, 2006 WL 1751775 (W.D.Tex.)
**(Cite as: 2006 WL 1751775 (W.D.Tex.))**

Page 1

C
Only the Westlaw citation is currently available.

United States District Court,
W.D. Texas,
Austin Division.
John BRADLEY
v.
FEDERAL EXPRESS CORPORATION.
**No. A-04-CA-718 AWA.**

May 25, 2006.

Dean A. Schaffer, Attorney at Law, Portia Jeanne Bott, Law Office of Portia J. Bott, Lin L. Blansit, Law Offices of Lin L. Blansit, Austin, TX, for John Bradley.

R. Clinton Saxton, Colby S. Morgan, Federal Express Corporation, Alan Dabdoub, Federal Express Legal Dept., Memphis, TN, Edward M. Smith, Cornell, Smith & Mierl, LLP, Austin, TX, for Federal Express Corporation.

### ORDER

ANDREW W. AUSTIN, Magistrate Judge.

\*1 Before the Court are: Plaintiff's Motion to Alter or Amend Judgment or, in the alternative, Motion for New Trial filed on April 3, 2006. (Clerk's Docket No. 131); Defendant's Response filed on April 13, 2006; and Plaintiff's Reply filed on April 24, 2006.

In the instant lawsuit, Plaintiff John Bradley alleged that his former employer, Defendant Federal Express Corporation, failed to accommodate his alleged disabling back condition in violation of the Americans with Disabilities Act ("ADA"). On February 20, 2006, a jury trial in this case commenced and the jury returned its verdict in favor of the Defendant on February 24, 2006. Although the Jury found that Plaintiff was a qualified individual with a disability, it determined that Plaintiff had not demonstrated by a preponderance of the evidence that his disability was a motivating factor in the Defendant's decision not to reassign Plaintiff to the position of dispatcher (his desired accommodation) and, therefore, found in favor of the Defendant.

Plaintiff has now filed the instant Motion to Amend the Judgment or in the alternative, Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. Plaintiff argues that the Judgment should be amended or that he is entitled to a new trial because: (1) the Court's Instructions to the Jury were erroneous; (2) the Court erred when it refused to admit into evidence the EEOC Determination in this case; and (3) the Jury's verdict was against the great weight of evidence in the record. The Court will address each argument separately.

**A. Standard of Review**

Federal Rule of Civil Procedure 59 provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ..." FED. R. CIV. P. 59. Although the rule does not specify what grounds are necessary to support such a decision, a new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error. *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir.1985). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2803 (2d

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1751775 (W.D.Tex.)  
**(Cite as: 2006 WL 1751775 (W.D.Tex.))**

Page 2

ed.1995). Moreover, " Rule 59(a) should not be the avenue to which losing parties run after trial." *Morris v. Lee,* No. 98-1656, 2001 WL 30199 at * 1 (E.D.La. Jan. 10, 2001). The decision to grant or deny a motion for new trial is within the sound discretion of the trial court. *Pryor v. Trane Co.,* 138 F.3d 1024, 1026 (5th Cir.1998).

**A. Jury Instructions**

***2** The Court submitted the following questions to the jury in this case:

*Question One:* Do you find from the preponderance of the evidence that Plaintiff John Bradley had a "disability," as defined in the Court's Instructions?

*Question Two:* Do you find from the preponderance of the evidence that Plaintiff was a qualified individual who could perform, either with or without reasonable accommodations, the essential functions of the job of Dispatcher?

*Question Three:* Do you find from the preponderance of the evidence that Plaintiff's disability was a motivating factor in Defendant's decision not to reassign Plaintiff to the Dispatcher position?

*Question Four:* Did Defendant Federal Express Corporation prove by a preponderance of the evidence that it made a good faith effort to reasonably accommodate Plaintiff's alleged disability?

*Question Five:* What sum of money, if paid now in cash, would fairly and reasonably compensate John Bradley for the damages, if any, he has sustained as a result of Federal Express' failure to reasonably accommodate his disability by failing to reassign him to the Dispatcher position?

Verdict Form (Clerk's Docket No. 123). As noted, the jury in this case answered Questions One and Two "Yes," but answered Question Three "No," and therefore did not reach Questions Four and Five.

Plaintiff argues that the Court's instructions to the jury were erroneous because the Court: (1) improperly asked the jury to consider whether Plaintiff's disability was a motivating factor in the Defendant's decision to not reassign Plaintiff to the dispatcher position; (2) failed to submit Plaintiff's proposed instructions on reasonable accommodation; and (3) failed to submit Plaintiff's proposed instructions on adverse inference.

A party seeking to alter a judgment based on erroneous jury instructions must establish that: (1) it made a proper and timely objection to the jury instructions; (2) those instructions were legally erroneous; (3) the errors had prejudicial effect; and (4) it requested alternative instructions that would have remedied the error. *Advanced Display Systems v. Kent State University,* 212 F.3d 1272, 1281 (Fed.Cir.2000), *cert. denied,* 532 U.S. 904 (2001). As demonstrated below, Plaintiff has failed to establish the above-factors and therefore is not entitled to a new trial on the basis of erroneous jury instructions.

**1. Plaintiff's Complaints Regarding Question Three**

Question Three of the Verdict Form asked the jury to consider whether "Plaintiff's disability was a motivating factor in Defendant's decision not to reassign Plaintiff to the Dispatcher position." Verdict Form (Clerk's Docket No. 123). The jury answered "No" to this question and thus found in favor of the Defendant on Plaintiff's disability claim. Plaintiff contends that the ADA does not require a plaintiff asserting a failure to accommodate claim to prove that disability was a motivating factor in the adverse employment action and, therefore, contends that Question Three should never have been submitted to the jury in this case. Plaintiff argues that by answering Questions One and Two in the affirmative, the jury had already determined that the ADA had been violated and thus Question Three was unnecessary. Because Plaintiff failed to object to Question Three during the trial in this case,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1751775 (W.D.Tex.)
**(Cite as: 2006 WL 1751775 (W.D.Tex.))**

Page 3

Plaintiff has procedurally defaulted this claim.

**\*3** Under Rule 51 of the Federal Rules of Civil Procedure, a party may not complain of a jury instruction "unless that party objects thereto ... stating distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51. General objections to jury instructions are insufficient to meet Rule 51's requirements. *Taita Chemical Co., Ltd. v. Westlake Styrene, LP,* 351 F.3d 663, 667 (5th Cir.2003). Not only did Plaintiff fail to specifically object to Question Three on the issue of motivating factor, [FN1] but Plaintiff actually requested the Court to submit an almost identical motivating factor question to the Jury in Plaintiff's Proposed Jury Instructions. Approximately one month before this case was tried, Plaintiff filed his Proposed Jury Instructions and Questions seeking to ask the jury the following question: "Was disability a motivating factor in Federal Express Corporation's decision not to reassign John Bradley to the vacant dispatch position at his station." Question Two of Plaintiff's Proposed Jury Instructions at p. 15, filed January 23, 2006 (Clerk's Docket No. 72). Because Plaintiff did not specifically object to Question Three on the basis that the motivating factor issue should not be submitted to the jury, and in fact requested the Court to submit such a question to the jury, Plaintiff cannot now complain on its submission to the jury. *See Taita Chemical Co., Ltd.,* 351 F .3d at 667.

> FN1. See Tr. of Objections to Charge, Exhibit 1 to Defendant's Response.

Moreover, even if Plaintiff had properly objected to Question Three his claim would nevertheless be denied. Although Plaintiff attempts to argue otherwise, a plaintiff asserting a failure to accommodate claim under the ADA-just as in a disparate treatment claim-must ultimately prove that his disability was a motivating factor in the adverse employment action. *See Parker v. Sony Pictures Entertainment, Inc.,* 260 F.3d 100, 107-08 (2nd Cir.2001) (holding that in order to state a *prima facie* case of disability discrimination for failure to accommodate the disability, a plaintiff must demonstrate that she was discharged because of her disability); *Foster v. Arthur Andersen, LLP,* 168 F.3d 1029, 1032-33 (7th Cir.1999) (holding that in reasonable accommodation cases, the plaintiff must show that "the disability caused the adverse employment action"); *Bienkowski v. American Airlines,* Inc., 851 F.2d 1503, 1504-05 (5th Cir.1988) (describing the application of *the McDonnell Douglas-Burdine* method of shifting burdens to suits under the ADEA, where the ultimate burden of proof remains with plaintiff). [FN2] The ADA proscribes discrimination "against a qualified individual with a disability *because of the disability* of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, ... and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a) (emphasis added). "To state a prima facie case of 'failure to accommodate' disability discrimination, a plaintiff who has suffered an adverse employment action must show that: (1) she was or is disabled; (2) the defendant was aware of her disability; (3) she was otherwise qualified for her job, and (4) the disability caused the adverse employment action (a factor which is implied if not stated)." *Foster,* 168 F.3d at 1032 (citing 42 U .S.C. § 12112(a) (no entity shall discriminate against a qualified individual "because of the disability.")). The *Foster* court noted that the fourth element of the *prima facie* case "is frequently left unstated because employers will concede that the disability was the reason for the job action but will argue the 'otherwise qualified' or 'reasonable accommodation' issues." *Id.* at 1033. Because the ADA requires an employee to ultimately prove that his disability was a motivating factor in the adverse employment action, Question Three was not legally erroneous.

> FN2. The Court notes that in drafting the jury instructions in this case, the Court followed the Pattern Jury Instructions for the Eleventh Circuit which state that the motivating factor question should be submitted to the jury in a reasonable accommodation case. See Pattern Jury Instructions for

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1751775 (W.D.Tex.)
**(Cite as: 2006 WL 1751775 (W.D.Tex.))**

Page 4

the Eleventh Circuit (Civil) § 1.5.2 (West 2005).

**\*4** Plaintiff also attacks the jury instructions accompanying Question Three, arguing that "the Court impermissibly nudged the jury to a defense verdict by failing to delineate the law of reasonable accommodation and by trading the law of disability discrimination for a lengthy 'business judgment' instruction without instructions on Defendant's responsibilities in conducting its business in compliance with 42 U.S.C. § 12112(b)(5)(A)." Plaintiff's Brief at 7. Plaintiff complains that the Court did not give the jury Plaintiff's requested instructions on reasonable accommodation and contends that the Court's instructions stating that "the employer does not have to provide the particular accommodation that the Plaintiff prefers or requests," "improperly suggested that 'business judgment' supersedes the strict requirement s of federal law under the ADA." Plaintiff's Brief at 7-9 (quoting instructions for Question Two).

Despite Plaintiff's complaints to the contrary, the Court's instructions regarding reasonable accommodation were entirely accurate since "[t]he principle that an employee is entitled only to a reasonable accommodation and not to the preferred accommodation is firmly rooted in caselaw established under ... the ADA." Rayha v. United Parcel Service, Inc., 940 F.Supp. 1066, 1070 (S.D.Tex.1996) ("[A]n employer is not obligated under the ADA to always provide the employee with best possible accommodations or to accommodate the employee in the specific manner he requested"); See also, Beaver v. Delta Air Lines, Inc., 43 F.Supp.2d 685, 694 at n. 14 (N.D.Tex.1999) (noting that the ADA "does not require employers to provide any accommodation that the employer requests."). Thus, the statute merely requires the employer to provide the disabled employee a reasonable accommodation, not a particular accommodation. Finally, the Court notes that "parties are not entitled to have the jury instructed in the precise language or form they suggest" and therefore Plaintiff was not entitled to have his requested instructions included in the charge in this case. Wilson v. Zapata Off-Shore Co., 939 F.2d 260, 270 (5th Cir.1991). Accordingly, Plaintiff's claims regarding Question Three do not justify a new trial in this case.

**2. Spoilation of Evidence/Adverse Inference**

Plaintiff next argues that the Court erred in refusing to submit his "adverse inference" instruction to the jury based on the Defendant's loss of Plaintiff's interview notes. Plaintiff's requested adverse inference instruction instructed the jury to infer that the missing evidence was unfavorable to the Defendant. See Clerk's Docket No. 119. As stated on the record in this case, the Court did not give the jury the "adverse inference" instruction because the evidence did not support such a sanction. Fifth Circuit law requires the party who seeks sanctions such as a jury instruction must show that the party who allegedly spoiled the evidence acted in "bad faith." See King v. Illinois Cent. R.R., 337 F.3d 550, 556 (5th Cir.2003). "Negligence is not enough to support the imposition of sanctions for spoliation, 'for it does not sustain an inference of consciousness of a weak case.' " Lafayette Ins. Co. v. CMA Dishmachines, 2005 WL 1038495 at \* 3 (E.D. La. April 26, 2005) (quoting Vick v. Texas Employment Comm'n, 514 F.2d 734, 737 (5th Cir.1975)). Therefore, a party seeking sanctions is not entitled to an adverse inference instruction to the jury, unless that party can show that its adversary intentionally and in bad faith disposed of the evidence. Id. at \* 3. Because the evidence in the record in this case did not support a finding that Defendant acted in bad faith or that it intentionally disposed of the evidence at issue, Plaintiff was not entitled to an adverse inference instruction to the jury.

**\*5** Based on the foregoing, the Court finds that Plaintiff has failed to establish that he is entitled to a new trial or that the Court should alter the judgment in this case based on the jury instructions. Ac-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1751775 (W.D.Tex.)
**(Cite as: 2006 WL 1751775 (W.D.Tex.))**

Page 5

cordingly, these claims are overruled.

**C. EEOC Determination Letter**

Plaintiff next argues that the Judgment should be amended or that he entitled to a new trial because the Court erred when it refused to admit into evidence the EEOC Determination in this case. As already stated orally on the record in this case and in two previous Court Orders, the Court excluded the EEOC Determination Letter because it contained categorical legal conclusions *(e.g.,* that the Plaintiff was disabled and that a violation of the ADA has taken place), which invaded the province of the jury. The Court found that the probative value of the document was clearly outweighed by the danger of unfair prejudice and, therefore, excluded the document under Federal Rule of Evidence 403 and relevant Fifth Circuit case law.[FN3] *See* Orders dated February 17, 2006 & March 1, 2006 (Clerk's Docket Nos. 110 & 126).

> FN3. The Court relied on *EEOC v. Manville Sales Corp.,* 27 F.3d 1089, 1095 (5th Cir.1994) (holding that district court properly excluded EEOC letter of violation in age discrimination case because of danger of unfair prejudice), *cert. denied,* 513 U.S. 1190 (1995), and *Cortes v. Maxmus Exploration Co.,* 977 F.2d 195, 201-02 (5th Cir.1992) (holding that the district court did not abuse its discretion where it excluded an EEOC determination under Rule 403 on grounds that its probative value was outweighed by its possible prejudicial effect).

**D. Great Weight of Evidence**

Lastly, the Court finds that the verdict in this matter was not against the great weight of the evidence. In fact, the Court finds that there was more than sufficient evidence to support the jury's verdict. *Chemical Distribs., Inc. v. Exxon Corp.,* 1 F.3d 1478, 1483 (5th Cir.1993) ("Unless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict, the findings of the jury must be upheld."). Plaintiff has put forward no valid reason for altering or vacating the Jury's verdict or granting a new trial in this case. Because the Plaintiff has not presented sufficient grounds to alter the judgment or to grant a new trial in this case, Plaintiffs' Motion (Clerk's Docket No. 131) is HEREBY DENIED.

W.D.Tex.,2006.
Bradley v. Federal Express Corp.
Not Reported in F.Supp.2d, 2006 WL 1751775 (W.D.Tex.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.