

Page 1

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

United States Court of Appeals,
Fifth Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
MANVILLE SALES CORPORATION, et al., Defendants-Appellees.
Charles MITTE, Plaintiff-Appellant,
v.
MANVILLE SALES CORPORATION, Defendant-Appellee.
**No. 93-1069.**

Aug. 4, 1994.
Rehearing and Suggestion for Rehearing En Banc
Denied Sept. 6, 1994.

Equal Employment Opportunity Commission (EEOC) and former employee brought age discrimination action against employer. The United States District Court for the Northern District of Texas, David O. Belew, Jr., J., entered judgment in favor of employer, and appeal was taken. The Court of Appeals, Goldberg, Circuit Judge, held that: (1) evidence that employee's supervisor made negative remarks about employee's age was relevant; (2) EEOC letter of violation was properly excluded as prejudicial; and (3) special interrogatory requiring jury to determine whether employer discriminated against employee on account of his age when it realigned employee's sales territory was erroneous.

Reversed and remanded.

West Headnotes

**[1] Federal Courts 170B ⌖823**

170B Federal Courts
  170BVIII Courts of Appeals
    170BVIII(K) Scope, Standards, and Extent
      170BVIII(K)4 Discretion of Lower Court
        170Bk823 k. Reception of Evidence.

Most Cited Cases
Courts of Appeals are to review district court's evidentiary rulings only for abuse of discretion.

**[2] Federal Courts 170B ⌖896.1**

170B Federal Courts
  170BVIII Courts of Appeals
    170BVIII(K) Scope, Standards, and Extent
      170BVIII(K)6 Harmless Error
        170Bk896 Admission of Evidence
          170Bk896.1 k. In General. Most Cited Cases

**Federal Courts 170B ⌖901.1**

170B Federal Courts
  170BVIII Courts of Appeals
    170BVIII(K) Scope, Standards, and Extent
      170BVIII(K)6 Harmless Error
        170Bk901 Exclusion of Evidence
          170Bk901.1 k. In General. Most Cited Cases

In order to vacate judgment based on error in evidentiary ruling, Court of Appeals must find that substantial rights of parties were affected. Fed.Rules Civ.Proc.Rule 61, 28 U.S.C.A.

**[3] Civil Rights 78 ⌖1542**

78 Civil Rights
  78IV Remedies Under Federal Employment Discrimination Statutes
    78k1542 k. Admissibility of Evidence; Statistical Evidence. Most Cited Cases
    (Formerly 78k381)
Evidence that employee's supervisor made negative remarks about employee's age over four-year period was relevant in age discrimination case to show age bias on part of key figure in decision to terminate employee, although termination decision was not made directly by supervisor; supervisor recommended employee's discharge to his supervisor, who relied on recommendation when making decision to discharge employee. Fed.Rules Evid.Rules 401,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

402, 28 U.S.C.A.; Age Discrimination in Employment Act of 1967, §§ 2-17, as amended, 29 U.S.C.A. §§ 621-634.

**[4] Evidence 157 ☜146**

157 Evidence
   157IV Admissibility in General
    157IV(D) Materiality
     157k146 k. Tendency to Mislead or Confuse. Most Cited Cases
Probative value of evidence that supervisor made negative remarks about employee's age over four-year period outweighed prejudicial effect in age discrimination case, absent showing of prejudice or confusion that could arise out of admission of supervisor's age-related remarks. Age Discrimination in Employment Act of 1967, §§ 2-17, as amended, 29 U.S.C.A. §§ 621-634; Fed.Rules Evid.Rule 403, 28 U.S.C.A.

**[5] Civil Rights 78 ☜1542**

78 Civil Rights
   78IV Remedies Under Federal Employment Discrimination Statutes
    78k1542 k. Admissibility of Evidence; Statistical Evidence. Most Cited Cases
    (Formerly 78k381)

**Federal Courts 170B ☜901.1**

170B Federal Courts
   170BVIII Courts of Appeals
    170BVIII(K) Scope, Standards, and Extent
     170BVIII(K)6 Harmless Error
      170Bk901 Exclusion of Evidence
       170Bk901.1 k. In General. Most Cited Cases
Excluding evidence that supervisor made negative remarks about employee's age, including use of the term "old man" and comments that employee was "old and inflexible," affected employee's substantial rights in age discrimination case and was abuse of discretion requiring reversal; supervisor's remarks were probative of unlawful discriminatory

intent and may have affected jury's determination in favor of employer. Age Discrimination in Employment Act of 1967, §§ 2-17, as amended, 29 U.S.C.A. §§ 621-634.

**[6] Evidence 157 ☜146**

157 Evidence
   157IV Admissibility in General
    157IV(D) Materiality
     157k146 k. Tendency to Mislead or Confuse. Most Cited Cases
Equal Employment Opportunity Commission (EEOC) letter of violation was properly excluded in age discrimination case because of danger of unfair prejudice; letter stated legal conclusion that violation had taken place. Age Discrimination in Employment Act of 1967, §§ 2-17, as amended, 29 U.S.C.A. §§ 621-634; Fed.Rules Evid.Rule 403, 28 U.S.C.A.

**[7] Federal Civil Procedure 170A ☜2214**

170A Federal Civil Procedure
   170AXV Trial
    170AXV(I) Interrogatories Accompanying Forms for General Verdict
     170Ak2212 Necessity and Propriety
      170Ak2214 k. Particular Actions or Issues. Most Cited Cases
Special interrogatory submitted to jury in age discrimination case improperly required jury to determine whether employer discriminated against employee on account of his age when they realigned employee's sales territory, rather than whether decision to discharge employee was discriminatory. Age Discrimination in Employment Act of 1967, §§ 2-17, as amended, 29 U.S.C.A. §§ 621-634.

**[8] Civil Rights 78 ☜1209**

78 Civil Rights
   78II Employment Practices
    78k1199 Age Discrimination
     78k1209 k. Motive or Intent; Pretext.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

Most Cited Cases
    (Formerly 78k170)
Showing that discharged employee was clearly bet-
ter qualified than younger retained employees is
one of the many ways that age discrimination
plaintiff can show that reduction in force was mere
pretext for age discrimination. Age Discrimination
in Employment Act of 1967, §§ 2-17, as amended,
29 U.S.C.A. §§ 621-634.

**[9] Federal Courts 170B ☜822**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)4 Discretion of Lower Court
                170Bk822 k. Conduct of Trial in Gen-
eral. Most Cited Cases
District court's instructions to jury and special in-
terrogatories are reviewed for abuse of discretion.

**[10] Federal Civil Procedure 170A ☜2214**

170A Federal Civil Procedure
    170AXV Trial
        170AXV(I) Interrogatories Accompanying
Forms for General Verdict
            170Ak2212 Necessity and Propriety
                170Ak2214 k. Particular Actions or Is-
sues. Most Cited Cases
Jury charge in age discrimination case requiring
employee to show that he was "clearly better quali-
fied" than younger employees who were retained
did not mitigate mistake in special interrogatory
that erroneously required jury to find for employee
only if it found discrimination in employer's gener-
al decision to realign his sales territory; erroneous
interrogatory focused many issues in trial into
single jury question which determined whether em-
ployer would be held liable, and negative answer to
question terminated jury's inquiry and obliged trial
court to enter judgment for employer. Age Discrim-
ination in Employment Act of 1967, §§ 2-17, as
amended, 29 U.S.C.A. §§ 621-634.

**[11] Civil Rights 78 ☜1573**

78 Civil Rights
    78IV Remedies Under Federal Employment Dis-
crimination Statutes
        78k1569 Monetary Relief; Restitution
            78k1573 k. Aggravation, Mitigation, or
Reduction of Loss. Most Cited Cases
    (Formerly 78k407)
Employer may toll accrual of back pay liability in
age discrimination case if it offers claimant uncon-
ditional offer of job originally sought. Age Dis-
crimination in Employment Act of 1967, §§ 2-17,
as amended, 29 U.S.C.A. §§ 621-634.

**[12] Civil Rights 78 ☜1573**

78 Civil Rights
    78IV Remedies Under Federal Employment Dis-
crimination Statutes
        78k1569 Monetary Relief; Restitution
            78k1573 k. Aggravation, Mitigation, or
Reduction of Loss. Most Cited Cases
    (Formerly 78k407)
Offer to interview is not tantamount to uncondition-
al job offer and therefore age discrimination
plaintiff's refusal to interview does not automatic-
ally toll plaintiff's accrual of back pay damages.
Age Discrimination in Employment Act of 1967, §§
2-17, as amended, 29 U.S.C.A. §§ 621-634.
**\*1091** Gary DeShazo, Austin, TX, for Mitte.

Paul Bogas, Dori Bernstein, E.E.O.C., Washington,
DC, for E.E.O.C.

Brian S. Greig, Elizabeth Collum Oxmun, Fulbright
& Jaworski, Austin, TX, Alfred John Harper, II,
Fulbright & Jaworski, Houston, TX, W. Wendell
Hall, San Antonio, TX, for appellees.

Appeal from the United States District Court for the
Northern District of Texas.

Before GOLDBERG, HIGGINBOTHAM, and
EMILIO M. GARZA, Circuit Judges.

GOLDBERG, Circuit Judge:

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

Charles Mitte and the Equal Employment Opportunity Commission ("EEOC") brought the instant lawsuit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. The plaintiffs alleged that Mitte had been discriminatorily discharged by his employer, Manville Sales Corporation ("Manville"), in violation of the ADEA. After a jury trial, the district court entered judgment in favor of Manville. The plaintiffs appeal. They contend that during the trial, the district court improperly excluded, *inter alia,* evidence of age-related remarks uttered by the employer. The plaintiffs also argue that the jury charge was erroneous in several respects. Our review convinces us that the plaintiff's primary contentions are essentially correct, that the judgment of the district court must be reversed, and, that this case must be remanded for further proceedings in the trial court.

I. Background

Mitte began his career with Manville in 1962. He worked as a sales representative selling fiberglass insulation products. In the early 1980's, Manville encountered intense financial difficulties related to increased competition in the insulation industry and massive tort liabilities incurred by the company. As a result, Manville embarked on a series of cost-cutting measures. These measures included the discharge of a significant number of sales representatives.

In 1982, Lonnie Morris became District Manager of the district that included Mitte's territory. Morris administered the restructuring of that district with the aim of enhancing productivity and reducing costs. The district included two other territories in addition to Mitte's, each of which was served by a separate sales representative. Morris recommended to Robert Bruntrager, the General Sales Manager for the entire Fiberglass sales group, that Manville eliminate one of the sales representatives in this district and divide his responsibilities between the two remaining representatives. Morris also suggested that Bruntrager select Mitte as the employee

who, as a result, would be terminated. Morris mentioned Mitte's age at the time, 55 years, and contrasted him with Lorin Lichten, age 32, whom Morris described as a "young aggressive sales rep".

In January of 1986, Bruntrager, having made little follow up investigation into Morris' recommendations, discharged Mitte and reapportioned his sales territory between Lichten**\*1092** and the other sales representative in the district, Charles Hinton, age 41.

Five months after his termination, Mitte began working with another insulation distributor. Shortly thereafter, in August of 1986, Mitte moved to New Jersey for a short stint with an insurance company. While in New Jersey, Manville offered Mitte the opportunity to interview for a sales representative position which had become available in Chicago. Mitte refused this offer. In February of 1988, he returned to Texas where he began working for a clothing store. In May of 1991, Mitte interviewed for a sales position with Manville in San Antonio. Although he did not receive a job after this interview, in December of 1992, Manville rehired him for a position in Dallas.

On March 15, 1988, after his original discharge by Manville, Mitte filed the instant age discrimination suit. The EEOC filed a separate action against Manville in December of the same year. The two cases were subsequently consolidated. In their suit, the plaintiffs charged that in the years leading up to Mitte's termination, he outsold the two younger sales representatives retained by Manville and that he was terminated because of his age.[FN1] Manville responded that its financial problems necessitated a reduction in the sales force and that it selected Mitte because he was the least effective sales representative in the area. In particular, Manville contended that Mitte had problems getting along with certain customers, that he could not handle large volume accounts, that his expenses were too high, and that he was too inflexible to grasp the opportunities that had become available in the field.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

FN1. It is evident from the record, however, that sales for all three sales representatives declined consistently over the four year period prior to Mitte's discharge.

During the trial, the judge granted the defendant's motion *in limine* and excluded any testimony regarding age-related remarks made by Morris over the four years that he was Mitte's District Manager. The court also granted the defendant's request to exclude a letter of violation issued by the EEOC after an investigation of Mitte's claim. Mitte and the EEOC now assert that both these evidentiary rulings were erroneous.

The plaintiffs also contend that the jury instructions were faulty in various ways. The most serious alleged error occurred in the first of five special interrogatories given by the court to the jury. The interrogatory read:

Do you find from a preponderance of the evidence that the defendants, through the conduct and statements of its officers, agents and employees, discriminated against the plaintiff on account of his age when the defendants realigned the Texas sales territories?

The plaintiffs timely objected to this interrogatory on the grounds that the question incorrectly focused on the decision to realign the territories rather than on the decision to select Mitte as the employee to be discharged. The jury was instructed that a negative answer to this interrogatory terminated their decision process and that, should they return such an answer, they need not answer any further questions.

The jury answered the above interrogatory "We do not." The trial court therefore entered judgment for the defendants.

## II. Analysis

The EEOC and Mitte contend that the district court improperly excluded evidence of age-related remarks made by Morris and the EEOC's letter of vi-

olation. Further, the plaintiffs contend that the jury instructions misled the jury, improperly stated the law, and therefore provide an additional basis for reversal. We address each contention in turn.

### A. Exclusion of Evidence

[1][2] We begin by recognizing that the "trial court's discretion to admit or exclude evidence is generally broad, but competent evidence cannot be excluded without a sound and acceptable reason." *Davidson Oil Country Supply Co. v. Klockner, Inc.,* 908 F.2d 1238, 1245 (5th Cir.1990); *see also Folks v. Kirby Forest Ind. Inc.,* 10 F.3d 1173, 1181 (5th Cir.1994). Courts of Appeals are to review a district court's evidentiary rulings **\*1093** "only for abuse of discretion." *Johnson v. Ford Motor Co.,* 988 F.2d 573, 578 (5th Cir.1993). Federal Rule of Civil Procedure 61 requires that an error in the exclusion of evidence by the trial court should not be the basis for setting aside a verdict, "unless refusal to take such action appears to the court inconsistent with substantial justice." In order to vacate a judgment based on an error in an evidentiary ruling, "this court must find that the substantial rights of the parties were affected." *Carter v. Massey-Ferguson, Inc.,* 716 F.2d 344, 349 (5th Cir.1983). With the standard of review before us, we proceed to an analysis of the district court's decision to exclude the age-related remarks and the EEOC letter of violation.

### i. Age-Related Remarks

[3] Morris made the excluded age-related statements over the four year period during which he was the District Manager in charge of Mitte's territory. The excluded testimony (heard by the district court outside of the presence of the jury) was that Morris remarked that Mitte was incapable; that he was old and inflexible; that Morris had bragged about "how he jumped that old man about smoking his pipe"; that he pulled down Mitte's hat and said "old man hat." The plaintiffs offered additional

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

testimony, also excluded from the jury's consideration, that the above remarks exemplified the general tone of Morris' statements on the subject of age.

The precise reason why the lower court determined that this evidence should be excluded is not clear. "We may not disturb the district court's exclusion of the evidence, however, if that ruling can be upheld on other grounds, regardless of whether the court relied on those grounds." *Metallurgical Industries, Inc. v. Fourtek, Inc.,* 790 F.2d 1195, 1207 (5th Cir.1986). We will therefore uphold the exclusion if the evidence is excludable on any defensible ground.

The possible bases for excluding the evidence are limited. We note that "[a]ll relevant evidence is admissible in a jury trial, F.R.Evid. 402, unless its probative value is outweighed by, for example, the danger of unfair prejudice or confusion of the issues, F.R.Evid. 403." *Davidson Oil,* 908 F.2d at 1244. The issue in this case, therefore, is whether Morris' age-related remarks were excludable as irrelevant or as causative of undue prejudice.

The standard for relevance is a liberal one. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. There can be no question that the excluded statements meet this standard. They are obviously relevant to a showing of age bias on the part of a key figure in the decision to terminate Mitte and as such are admissible.

The defendant's argument, construed in its best light, is that the evidence was not relevant because the remarks were made over a four year period and because the plaintiffs failed to assign a date certain to their utterance. In addition, Manville argues that the statements were not relevant because they were not made by the person who was ultimately responsible for deciding to terminate Mitte. We cannot agree with either contention.[FN2]

FN2. The cases cited by Manville are not to the contrary. In all the "stray remark" cases referred to in the defendant's brief, the court merely held that remarks remote in time or made by those down the employer's hierarchy are alone insufficient to establish age discrimination. *See Atkin v. Lincoln Property Co.,* 991 F.2d 268, 272 (5th Cir.1993) (evidence that employer told employee that the employee was "getting up there in years" and that it would be good idea for him to retire is, without more, insufficient to allow a jury to find age discrimination); *Waggoner v. City of Garland,* 987 F.2d 1160, 1166 (5th Cir.1993) ("mere stray remarks, with nothing more, are insufficient to establish a claim of age discrimination."). Manville's cases are distinguishable from the instant decision in that they are sufficiency of the evidence cases that did not address the question of admissibility of stray remark evidence.

Importantly, these cases did admit the stray remarks as relevant. The only remaining question for the court was whether the stray remarks supported a finding of discrimination. This is a question of fact and by excluding the evidence of stray remarks as a matter of law, the trial court improperly usurped the role of the fact finder. The cases cited by Manville, therefore, do not support the district court's decision to exclude the stray remarks in the case before us today.

**\*1094** The long period of time over which the remarks were made does not suggest that the evidence is not relevant. To the contrary, the long time period may indicate a pattern of discriminatory comments and as such are directly relevant to showing the existence of discriminatory motive on the part of Manville. The amount of time that had

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

passed since their utterance is only pertinent to the weight to be assigned the evidence. This decision is for the finder of fact alone.

The defendant's other contention, that Morris was not a decisionmaker, simply contradicts the facts of this case. Manville argues that "Morris' sole involvement in Mitte's separation was his recommendation to Bruntrager that certain sales territory be eliminated." That this is a blatant misstatement of the record is demonstrated by a memorandum from Morris to Bruntrager which advocates the elimination of territories *and* specifies that "regrettably, I recommend that we offer Charles Mitte early retirement.... I regret having to force early retirement on anyone." Bruntrager acknowledged considering Morris' recommendations and independently performing only a perfunctory analysis of the various employees in making the decision to terminate Mitte. Although it is true that Morris did not formally make the final decision to discharge Mitte, the evidence makes clear that Morris recommended his discharge and that Bruntrager relied, to some degree, on that recommendation in making his decision. In *Wilson v. Monarch Paper Co.,* we held that age-related comments by various supervisors of the plaintiff would support a finding of discrimination even though a higher level official made the final decision to terminate him. 939 F.2d 1138, 1146 (5th Cir.1991). Thus, the argument that the evidence is irrelevant because Morris was not a decisionmaker must also fail since it is clear that, regardless of his final authority, Morris was a significant participant in the decision to terminate Mitte.

[4] Manville also asserts that the evidence was properly excluded because its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." F.R.Evid. 403. [FN3] Manville has, however, failed to make any showing of prejudice or confusion that could arise out of the admission of evidence of Morris' age-related remarks. "Merely because the testimony is adverse to the opposing party

does not mean it is *unfairly* prejudicial." *Davidson Oil,* 908 F.2d at 1245 (emphasis in original). We therefore find that Rule 403 cannot provide a basis for excluding Morris' remarks.

> FN3. Fed.R.Evid. 403 reads in full:
>
> > Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[5] Having determined that the age-related remarks were improperly excluded, we must now address whether the exclusion effected the "substantial rights" of the plaintiffs. *Munn v. Algee,* 924 F.2d 568, 573 (5th Cir.), *cert. denied,* 502 U.S. 900, 112 S.Ct. 277, 116 L.Ed.2d 229 (1991) ("[C]ourts of appeals should not reverse on the basis of erroneous evidentiary rulings unless a party's 'substantial right' is affected."). This circuit has "stated repeatedly that '[a]n error is harmless if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict.' " *Id.* at 573 (quoting *Pregeant v. Pan Am. World Airways, Inc.,* 762 F.2d 1245, 1249 (5th Cir.1985)).

The excluded remarks in this case are directly relevant to Mitte's age discrimination claim. Their exclusion from the jury's consideration could directly impact the ability of Mitte to enforce his rights in this trial. In fact, the exclusion of this testimony would be a potent weapon possessed by employers intent on the destruction of the program posited and supported by the ADEA.

The plaintiffs' presented evidence that the excluded remarks, including Morris' use of the term "old man", and comments that **1095** Mitte was "old and inflexible", were reflective of the overall negative tone Morris employed in speaking about age. It is not necessary that the plaintiffs present videotapes

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

of explicit exclamations that "we don't want old people in our company" to prove age discrimination. Evidence of vocalizations and verbalizations of the anti-age based feelings of a supervisor can be, and often are, used to prove unlawful discrimination.

In *Bienkowski v. American Airlines, Inc.,* this court held that with regards to various "stray" remarks made by the employer, "we are unwilling to assume that indirect comments about [plaintiff's] age and adaptability are not possibly probative of an unlawful discriminatory intent." 851 F.2d 1503, 1507 (5th Cir.1988). Because this sort of remark evidence can be highly probative of unlawful discriminatory intent, we cannot say with conviction that this evidence would not have affected the jury's determination. The decision to exclude testimony as to these remarks affected the plaintiffs' substantial rights and was an abuse of discretion that requires us to reverse the judgment of the trial court. *See Dartez v. Fibreboard Corp.,* 765 F.2d 456, 469 (5th Cir.1985).

ii. EEOC Letter of Violation

[6] As to the exclusion of the EEOC letter of violation, Manville argues that this evidence was properly excluded under Fed.R.Evid. 403 because of the danger of unfair prejudice. In *Gilchrist v. Jim Slemons Imports, Inc.,* the Ninth Circuit held that an EEOC letter of violation is excludable because it "suggests that preliminarily there is reason to believe that a violation has taken place" and therefore results in unfair prejudice to defendant. 803 F.2d 1488, 1500 (9th Cir.1986). In response, the EEOC notes that this circuit considers EEOC determinations of reasonable cause (as opposed to the letter of violation at issue in *Gilchrist* ) to be presumptively admissible because they are "so highly probative of [discrimination] 'that [their probity] outweighs any possible prejudice to defendant.' " *McClure v. Mexia Independent School District,* 750 F.2d 396, 400 (5th Cir.1985) (quoting *Smith v. Universal Services, Inc.,* 454 F.2d 154, 157 (5th

Cir.1972)).

The problem with the EEOC's argument is that in the instant case the lower court considered a letter of violation, similar to the letter involved in *Gilchrist* rather than the letters of reasonable cause which were evaluated in the *McClure* and *Smith* cases. This difference is significant because a letter of reasonable cause is more tentative in its conclusions whereas a letter of violation states the categorical legal conclusion that a violation has taken place. Additionally, we have held that the *McClure* and *Smith* decisions should not "be read as leaving district courts without discretion under Rule 403 to exclude such reports if their probative value is substantially outweighed by prejudicial effect or other considerations enumerated in the rule." *Cortes v. Maxus Exploration Co.,* 977 F.2d 195, 201-02 (5th Cir.1992). We agree with the Ninth Circuit's holding in *Gilchrist* that a letter of violation "represents a determination by the EEOC that a violation of the Act has occurred and thus results in a much greater possibility of unfair prejudice" and that "[t]he probative value of a letter of violation may not, in every case, outweigh the potential for prejudice." 803 F.2d at 1500. In the *de novo* adjudication conducted by the trial court in discrimination cases, the task of weighing a letter of violation's probity versus its possibility for prejudice is best left to the trial judge. Because the plaintiffs have failed to show that the exclusion of the letter of violation was an abuse of discretion, we let this ruling stand.[FN4]

FN4. The EEOC observes that the paragraphs stating the legal conclusion would be excised prior to the admission of the letter of violation thereby neutralizing the letter's prejudicial effect. Other paragraphs in the letter make the EEOC's conclusion inescapable, however, that Manville had violated the ADEA. The letter, for example, still reads, "the Commission will begin conciliation now with respect to the ADEA violation findings."

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

B. Special Interrogatories

[7][8] The plaintiffs argue that the trial court erred in submitting a special interrogatory to the jury that required the jury to determine whether the defendants "discriminated against the plaintiff on account of his **\*1096** age when [they] realigned the Texas sales territories?" FN5 According to the EEOC and Mitte, this interrogatory misdirects the jury's investigation from an inquiry into Manville's decision to discharge Mitte in particular to an exploration of the general business decision of Manville to initiate the reduction in force and realignment of sales territories.

> FN5. The EEOC and Mitte also argue that the jury charge erroneously requires the plaintiffs to show that Mitte was " *clearly* better qualified" than those employees retained during the reduction-in-force at Manville. (emphasis in original). A showing that a discharged employee was clearly better qualified than younger retained employees is merely one of many ways that a plaintiff can show that a reduction-in-force was a mere pretext for age discrimination. *See Uffelman v. Lone Star Steel Co.,* 863 F.2d 404, 408 (5th Cir.), *cert. denied,* 490 U.S. 1098, 109 S.Ct. 2448, 104 L.Ed.2d 1003 (1989) (employee may prove pretext in reduction-in-force case by showing preferential treatment of younger employees prior to discharge of older employee); *Walther v. Lone Star Gas. Co.,* 952 F.2d 119, 124 (5th Cir.1992) (statistical information sufficient to prove pretext and support verdict for plaintiff in reduction-in-force context). The EEOC and Mitte may prevail without a showing that he was clearly better qualified than those employees who were not terminated.

[9] The district court's instructions to the jury and special interrogatories are reviewed for abuse of discretion. *Le Boeuf v. K-Mart Corp.,* 888 F.2d 330, 334 (5th Cir.1989). Although we afford broad discretion in fashioning jury instructions, the trial court must nevertheless "instruct the jurors, fully and correctly, on the applicable law of the case, and ... guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth." *Bender v. Brumley,* 1 F.3d 271, 276 (5th Cir.1993) (quoting 9 Wright & Miller, *Federal Practice and Procedure* § 2556 (1971)). "On appeal, the charge must be considered as a whole, and so long as the jury is not misled, prejudiced, or confused, and the charge is comprehensive and fundamentally accurate, it will be deemed adequate and without reversible error." *Davis v. Avondale Industries, Inc.,* 975 F.2d 169, 173-74 (5th Cir.1992). The plaintiffs properly objected below and now complain on appeal about the alleged error in the special interrogatories.

The EEOC and Mitte complain that the allegedly erroneous interrogatory requires the jury to find for the plaintiffs only if it finds discrimination in the general decision to realign the territory instead of in the specific decision to terminate Mitte.FN6 We agree. As we explained in *Thornbrough v. Columbus and Greenville Railroad Co.,* the trial court in reduction in force cases is to "focus not on why employees, in general, were discharged, as the district court did, but instead why the plaintiff rather than another employee was discharged." 760 F.2d 633, 644 (5th Cir.1985). Under the case law of this circuit, therefore, the instruction was improper.

> FN6. Manville contends that the special interrogatory does not "require Mitte to prove that the reduction-in-force was discriminatory." It argues that the interrogatory instead requires Mitte to prove that the defendant's conduct "at the time of the realignment manifested age discrimination." The text of the question, "Do you find from a preponderance of the evidence that the defendants ... discriminated against the plaintiff on account of his age when the defendants realigned the Texas sales territories?" makes clear that the record does

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467
**(Cite as: 27 F.3d 1089)**

not support Manville's argument as to this point.

[10] Manville argues that the jury charge required Mitte to show that he was "clearly better qualified" than Hinton or Lichten and thus the charge focused the jury on the issue of whether the decision to discharge Mitte in particular was discriminatory. Manville concludes that the jury charge mitigated any mistake in the interrogatory. As pointed out by Manville, special verdict questions are to be reviewed "as a whole and in conjunction with the general charge." *Le Boeuf,* 888 F.2d at 334 (quoting *Dreiling v. General Electric Co.,* 511 F.2d 768, 774 (5th Cir.1975)). In context, they argue, the jury was properly instructed.

*Le Boeuf* is not, however, analogous to the instant case. The jury charge in that case clarified issues left out of the interrogatory. 888 F.2d at 334. In the present case, the jury charge simply stands in contradiction to a misstatement of the law in the interrogatory. Manville's argument loses even more force when we consider that the erroneous interrogatory focused the many issues in the **\*1097** trial into a single jury question which determined whether or not Manville would be held liable. Further, the impact of the interrogatory's particular misstatement of the law was enhanced by the fact that a negative answer to the question terminated the jury's inquiry and obliged the trial court to enter judgment for the defendants.

[11][12] We are compelled to reverse where "the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Pierce v. Ramsey Winch Co.,* 753 F.2d 416, 425 (5th Cir.1985). We find that this is such a case and therefore vacate the judgment on the basis of this error as well as the evidentiary problems described above.[FN7]

> FN7. We also note that the district court erred in its damages instruction to the jury. The court instructed the jury that it could not award backpay for any period after

Mitte declined to interview for a position if the jury found the position to be substantially equivalent. This is a misstatement of the well-known rule that an employer may toll the accrual of backpay liability if the defendant offers the claimant an "unconditional offer of the job originally sought" *Ford Motor Co. v. EEOC,* 458 U.S. 219, 232, 102 S.Ct. 3057, 3066, 73 L.Ed.2d 721 (1982). An offer of an interview is not tantamount to an unconditional job offer and therefore the plaintiff's refusal to interview does not automatically toll the plaintiff's accrual of damages. *See Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859, 879 (11th Cir.1986) ("Since the plaintiffs were not offered employment, but simply the opportunity to apply for an unspecified number of jobs, we conclude that Bowman's offer did not satisfy the requirements of *Ford Motor Co.* "); *Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614, 625 (6th Cir.1983), *cert. denied,* 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984).

### III. Conclusion

The errors committed by the trial court in excluding evidence of age-related remarks made by Mitte's manager and in misstating the law in the special interrogatories require this court to REVERSE the decision of the district court and to REMAND this case for further proceedings in accordance with this opinion.

C.A.5 (Tex.),1994.
E.E.O.C. v. Manville Sales Corp.
27 F.3d 1089, 65 Fair Empl.Prac.Cas. (BNA) 804, 40 Fed. R. Evid. Serv. 1467

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.