Westlaw.

Page 1

496 F.3d 415, 101 Fair Empl.Prac.Cas. (BNA) 321, 90 Empl. Prac. Dec. P 42,923, 223 Ed. Law Rep. 545, 74 Fed. R. Evid. Serv. 206
**(Cite as: 496 F.3d 415)**

United States Court of Appeals,
Fifth Circuit.
Eliberto C. GUERRA, Plaintiff-Appellant,
v.
NORTH EAST INDEPENDENT SCHOOL DISTRICT, Defendant-Appellee.
**No. 06-50488.**

Aug. 14, 2007.

**Background:** School district employee brought action against district for violation of the Age Discrimination in Employment Act (ADEA). The United States District Court for the Western District of Texas, W. Royal Furgeson, Jr., J., entered judgment upon jury verdict for district, and employee appealed.

**Holdings:** The Court of Appeals held that:
(1) inclusion of "motivating factor" causation standard used in mixed-motive cases in jury question, although action was tried as a pretext case, was not plain error;
(2) employee was not entitled to hearing regarding trial judge's decision to exclude Equal Employment Opportunity Commission (EEOC) documents from evidence; and
(3) trial court could exclude EEOC documents on ground that risk of prejudice would outweigh their probative value.

Affirmed.

West Headnotes

**[1] Federal Courts 170B ⇐630.1**

170B Federal Courts
   170BVIII Courts of Appeals
     170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
       170BVIII(D)2 Objections and Exceptions
         170Bk630 Instructions
           170Bk630.1 k. In General. Most Cited Cases
Plaintiff employee's challenge, on appeal, to jury instructions given in employment discrimination action would be reviewed for plain error, where employee did not object to the jury instructions at trial.

**[2] Federal Courts 170B ⇐611**

170B Federal Courts
   170BVIII Courts of Appeals
     170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
       170BVIII(D)1 Issues and Questions in Lower Court
         170Bk611 k. Necessity of Presentation in General. Most Cited Cases
To establish plain error, appellant must show (1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings.

**[3] Federal Courts 170B ⇐630.1**

170B Federal Courts
   170BVIII Courts of Appeals
     170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
       170BVIII(D)2 Objections and Exceptions
         170Bk630 Instructions
           170Bk630.1 k. In General. Most Cited Cases
In determining whether a particular jury instruction was erroneous, under the plain error standard of review, Court of Appeals considers the jury charge as a whole, and reversal is appropriate when charge as a whole leaves Court with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations.

**[4] Civil Rights 78 ⇐1209**

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

496 F.3d 415, 101 Fair Empl.Prac.Cas. (BNA) 321, 90 Empl. Prac. Dec. P 42,923, 223 Ed. Law Rep. 545, 74 Fed. R. Evid. Serv. 206
**(Cite as: 496 F.3d 415)**

78 Civil Rights
    78II Employment Practices
        78k1199 Age Discrimination
            78k1209 k. Motive or Intent; Pretext. Most Cited Cases

In a "mixed-motive case" under the ADEA, in which the defendant provides a nondiscriminatory reason for the adverse employment action, the proper causation standard is whether the improper characteristic was a motivating factor of the employer's decision. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.

**[5] Civil Rights 78 €==1209**

78 Civil Rights
    78II Employment Practices
        78k1199 Age Discrimination
            78k1209 k. Motive or Intent; Pretext. Most Cited Cases

In a "pretext case" under the ADEA, in which the defendant provides a nondiscriminatory reason for the adverse employment action, the causation standard is whether the employer would have taken the action "but for" the improper characteristic, which is a more stringent standard than the "motivating factor" standard applicable in mixed-motive cases. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.

**[6] Federal Courts 170B €==630.1**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
            170BVIII(D)2 Objections and Exceptions
                170Bk630 Instructions
                    170Bk630.1 k. In General. Most Cited Cases

Inclusion of "motivating factor" causation standard used in mixed-motive cases in jury question given in ADEA action that was tried as a pretext case, along with proper "but for" causation standard applicable in pretext cases, was not plain error; although addition of "motivating factor" to the jury instructions was superfluous, inclusion of that lesser standard did not impact plaintiff employee's substantial rights. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.

**[7] Civil Rights 78 €==1209**

78 Civil Rights
    78II Employment Practices
        78k1199 Age Discrimination
            78k1209 k. Motive or Intent; Pretext. Most Cited Cases

"Motivating factor" causation standard used in mixed-motive ADEA cases and "but for" causation standard applicable in pretext cases are different points along the same continuum, in that "but for" is inclusive of "motivating factor"; if an employer would not have acted but for the improper characteristic, the improper characteristic is necessarily a motivating factor in the employer's decision. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.

**[8] Federal Courts 170B €==823**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)4 Discretion of Lower Court
                170Bk823 k. Reception of Evidence. Most Cited Cases

**Federal Courts 170B €==896.1**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)6 Harmless Error
                170Bk896 Admission of Evidence
                    170Bk896.1 k. In General. Most Cited Cases

**Federal Courts 170B €==901.1**

170B Federal Courts
    170BVIII Courts of Appeals

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

496 F.3d 415, 101 Fair Empl.Prac.Cas. (BNA) 321, 90 Empl. Prac. Dec. P 42,923, 223 Ed. Law Rep. 545, 74 Fed. R. Evid. Serv. 206
**(Cite as: 496 F.3d 415)**

170BVIII(K) Scope, Standards, and Extent
   170BVIII(K)6 Harmless Error
      170Bk901 Exclusion of Evidence
         170Bk901.1 k. In General. Most Cited Cases

Court of Appeals reverses evidentiary decisions only when the district court clearly abused its discretion and a party's substantial rights were af- fected.

**[9]** Evidence 157 ⇌ 333(1)

157 Evidence
   157X Documentary Evidence
      157X(A) Public or Official Acts, Proceedings, Records, and Certificates
         157k333 Official Records and Reports
            157k333(1) k. In General. Most Cited Cases

A determination or factual finding of the Equal Employment Opportunity Commission (EEOC) is an exception to the hearsay exclusion rule, if it falls within admissibility provision of rule setting forth hearsay exception for factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness. Fed.Rules Evid.Rule 803(8)(C), 28 U.S.C.A.

**[10]** Evidence 157 ⇌ 146

157 Evidence
   157IV Admissibility in General
      157IV(D) Materiality
         157k146 k. Tendency to Mislead or Confuse. Most Cited Cases

Plaintiff employee was not entitled to hearing in ADEA discrimination action regarding trial judge's decision to exclude Equal Employment Opportunity Commission (EEOC) documents from evidence on ground that risk of prejudice outweighed probative value of such evidence. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.; Fed.Rules Evid.Rule 403, 28 U.S.C.A.

**[11]** Evidence 157 ⇌ 146

157 Evidence
   157IV Admissibility in General
      157IV(D) Materiality
         157k146 k. Tendency to Mislead or Confuse. Most Cited Cases

Trial court could exclude Equal Employment Opportunity Commission (EEOC) documents in ADEA discrimination action, on ground that risk of prejudice would outweigh probative value; right-to-sue letter from EEOC, which had initially found no discrimination, was created under questionable conditions, after plaintiff employee complained to member of Congress, and EEOC evidence would likely have prejudiced the jury since it spoke directly to the ultimate issue in the case. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.; Fed.Rules Evid.Rule 403, 28 U.S.C.A.

**\*417** Arthur Gonzales Vega, San Antonio, TX, for Guerra.

Richard Alan Morris, Feldman & Rogers, Houston, TX, Ricardo Rene Lopez, Feldman & Rogers, San Antonio, TX, for Defendant-Appellee.

Appeal from the United States District Court for the Western District of Texas.

Before JOLLY, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:

Plaintiff Eliberto Guerra was employed by defendant North East Independent School District (NEISD) as a heating, ventilation, and air conditioning (HVAC) technician for approximately thirty years. In July 2001, Guerra applied for a promotion to Building Environmental Systems Foreman for NEISD. After an initial round of interviews, Guerra was not selected for further consideration.

Guerra filed a charge of age discrimination under the Age Discrimination in Employment Act[FN1] with the EEOC. The EEOC eventually determined

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

496 F.3d 415, 101 Fair Empl.Prac.Cas. (BNA) 321, 90 Empl. Prac. Dec. P 42,923, 223 Ed. Law Rep. 545, 74 Fed. R. Evid. Serv. 206
**(Cite as: 496 F.3d 415)**

that NEISD had discriminated against Guerra based on his age and issued Guerra a right-to-sue letter.

> FN1. 29 U.S.C. § 621 (2000).

Guerra sued NEISD in district court for age discrimination, retaliation, and constructive discharge. The district court granted NEISD's motion for summary judgment regarding the retaliation and constructive discharge claims but denied summary judgment on Guerra's age discrimination claim.

Prior to trial, Guerra sought to introduce the EEOC letter, the EEOC file, and NEISD's response to the EEOC charge as evidence. The district judge excluded all of the EEOC documents from evidence. At the conclusion of trial, the jury found in NEISD's favor. In this appeal, Guerra challenges the jury instructions and exclusion of the EEOC evidence.

[1][2][3] Guerra argues that the jury instructions contained the improper causation standard for an ADEA pretext case. Guerra did not object to the jury instructions at trial, so the review is for plain error.[FN2] Guerra must show "(1) that an **\*418** error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings."[FN3] "In determining whether a particular jury instruction was erroneous, we consider the jury charge as a whole."[FN4] A reversal is appropriate when "the charge as a whole leaves us with the substantial and ineradicable doubt whether the jury has been properly guided in its deliberations."[FN5]

> FN2. *Septimus v. Univ. of Houston,* 399 F.3d 601, 606-07 (5th Cir.2005).
>
> FN3. *Id.* at 607.
>
> FN4. *Id.*
>
> FN5. *Id.* (quoting *Turnage v. Gen. Elec. Co.,* 953 F.2d 206, 211-12 (5th Cir.1992)).

The jury instructions stated: "To establish age discrimination pursuant to this statute, the plaintiff must prove by a preponderance of the evidence all of the following five elements: ... 5. His age (1) was a motivating factor and (2) had a determinative influence in the defendant's decision-making process." The jury verdict form also read: "5. (1) Was the plaintiff's age a motivating factor in, and (2) did the plaintiff's age have a determinative influence in, the defendant's decision-making process?" Question five provided the jury with a single pair of yes-no blanks.

[4][5] Guerra argues that the instructions and verdict form used an incorrect causation standard. There are two types of ADEA cases when the defendant provides a non-discriminatory reason for the adverse employment action-mixed-motive and pretext.[FN6] In a mixed-motive case, the proper causation standard is whether the improper characteristic was a "motivating factor" of the employer's decision.[FN7] In a pretext case, the causation standard is whether the employer would have taken the action "but for" the improper characteristic-a more stringent standard than "motivating factor."[FN8]

> FN6. *Id.* at 607-08.
>
> FN7. *Id.* at 608.
>
> FN8. *Id.*

[6] Here, the jury was requested to answer a single question that contained both the "motivating factor" and "but for" standards. Neither party disputes that the case was tried as a pretext case and that the "but for" standard (phrased here as "determinative influence") was therefore appropriate. The question before us is whether the inclusion of "motivating factor" alongside "but for" is plain error.

[7] The two standards are different points along the same continuum-"but for" is inclusive of "motivating factor." If an employer would not have acted but for the improper characteristic, the improper characteristic is necessarily a motivating

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

496 F.3d 415, 101 Fair Empl.Prac.Cas. (BNA) 321, 90 Empl. Prac. Dec. P 42,923, 223 Ed. Law Rep. 545, 74 Fed. R. Evid. Serv. 206
**(Cite as: 496 F.3d 415)**

factor in the employer's decision.

The inclusion of the "motivating factor" question did not create any extra burden for Guerra: he had to prove that he did not receive the promotion but for his age. If Guerra had successfully shown that his age was the but-for cause, it would have necessarily been a motivating factor as well. In this context, the addition of "motivating factor" to the jury instructions was merely superfluous. Though unnecessary, the inclusion of the lesser standard did not impact Guerra's substantial rights. Guerra has failed to demonstrate plain error, and we affirm the district court's judgment.

[8] Guerra also argues that the district court was required to hold a hearing to perform a balancing test under Federal Rule of Evidence 403 before excluding the *419 EEOC evidence. We reverse evidentiary decisions only when the district court clearly abused its discretion and a party's substantial rights were affected.[FN9]

> FN9. *Rock v. Huffco Gas & Oil Co.,* 922 F.2d 272, 277 (5th Cir.1991).

[9] An EEOC determination or factual finding is "an exception to the hearsay exclusion rule, if it falls within the admissibility provision of Rule 803(8)(C) as 'factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.' "[FN10] Federal Rule of Evidence 403 requires exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice ...." Though the EEOC letter was not automatically barred as hearsay, the district judge held that its risk of prejudice outweighed its probative value.

> FN10. *McClure v. Mexia Indep. Sch. Dist.,* 750 F.2d 396, 399 (5th Cir.1985) (quoting FED.R.EVID. 803(8)(C)).

[10] Guerra asserts that the district judge was required to hold a hearing to discuss the evidence and allow Guerra to make rebuttal arguments against excluding the evidence. Guerra provides no cases to support this proposition, and it is not a requirement of Federal Rule of Evidence 403.

[11] A number of factors weighed against the introduction of the EEOC evidence. First, the EEOC letter was created under questionable conditions-the EEOC investigators initially determined that NEISD had not discriminated against Guerra but later, following complaints by Guerra to a member of Congress, reopened the file and reversed their decision without any new evidence. The district judge did not allow NEISD to subpoena the EEOC investigators to explain this matter.

Second, the EEOC evidence spoke directly to the ultimate issue in the case. It would likely have prejudiced the jury since the EEOC made its own factual determination that age discrimination occurred.

The district court did not abuse its discretion in excluding the EEOC evidence.

AFFIRMED.

C.A.5 (Tex.),2007.
Guerra v. North East Independent School Dist.
496 F.3d 415, 101 Fair Empl.Prac.Cas. (BNA) 321, 90 Empl. Prac. Dec. P 42,923, 223 Ed. Law Rep. 545, 74 Fed. R. Evid. Serv. 206

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.