IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACKIE FISHER § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:08-cv-01273 |
| § | |
| UNIVERSITY OF TEXAS § | Jury Demanded |
| MEDICAL BRANCH and § | |
| DAVID WATSON § | |
|     Defendants. § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ADMISSION
OF THE EEOC LETTER OF DETERMINATION**

Defendants seek to exclude the EEOC's November 6, 2007 Letter of Determination (P-70) and the supporting investigation and documents evidencing the findings of the investigation. (P-102).

Ms. Fisher first contacted the EEOC on April 24, 2006 and completed the Intake Questionnaire, in which she stated that she was subjected to racial discrimination by UTMB and David Watson, her supervisor at UTMB. (P-19). On June 2, 2006 Fisher completed a formal EEOC Charge and claimed racial discrimination, hostile environment, and retaliation. (P-20). Ms. Fisher amended her EEOC charge on April 3, 2007 to note continuing violations and incorporated additional acts of discrimination, retaliation and hostilities. (P-68). An investigation, which spanned more than a year and one-half, was undertaken by a seasoned EEOC investigator. (P-102).

Defendants were given ample opportunity to cooperate with and respond to the EEOC investigation. UTMB first responded on August 8, 2006 with a "boiler plate" position statement and denial. (P-25). The response was of such a general nature that the cover letter actually

erroneously interchanged Ms. Fisher and Ms. Freeman's name throughout, as both UTMB employees had pending racial discrimination claims with the EEOC. The file is permeated with and investigatory correspondence and evidence of the EEOC investigator's thoroughness. David Watson's lengthy stream of conscious justifications were solicited and formed part of the investigation as well. On May 14, 2007, UTMB amended its position statement and offered additional evidence of its choosing. (P-69). The EEOC investigatory file consisted of 1251 pages of disclosed records and a list of 5 U.S.C. 552(b)(5) documents withheld from disclosure by the EEOC Regional Attorney. At no time during this litigation did UTMB or Defendant David Watson challenge the EEOC disclosures or attempt to gather additional information regarding the EEOC investigation, or even request their own copy of the same for that matter.

While Defendants made numerous hearsay objections to Plaintiff's summary judgment evidence, (ECF 47, p.6-9 12-30-09), at no time did Defendants object in any manner to the admissibility of Plaintiff's SJ Exhibit 65 which was the EEOC Letter of Determination dated November 6, 2007, the document now at issue. (ECF 43-20, 02-14-09). At summary judgment, Defendants merely objected to Plaintiff's Declaration and Plaintiff's SJ Exhibit 64 (ECF 42, 02-14-09) which was actually UTMB's very own amended Position Statement of May 14, 2007, which they provided to the EEOC.

I. **The Fifth Circuit Finds EEOC Determinations Trustworthy and Reliable**

While Plaintiff does not disagree that the EEOC file may not be appropriately admissible in its entirety, the availability of the entire file is offered as it demands review to assess reliability and trustworthiness of the findings contained in the Letter of Determination. Admittedly, the EEOC record is not conclusively binding on the court, and may be given no more weight than any other

admissible evidence. *Cruz v. Aramark Svcs., Inc.,* 213 Fed. Appx. 329, 332 (5th Cir. 2007)(quoting *Smith v. Universal Health Svcs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1997).

In 1976, the Supreme Court decided that EEOC findings and reports are admissible under FRE Rule 803(8)(C) as a hearsay exception - specifically, in a civil action, as a public record and report of factual finding made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness. *Chandler v. Roudebush*, 425 U.S. 840 (1976). No distinction is made under FRE Rule 803(8)(C) between (1) an EEOC determination finding of "reasonable cause" and (2) an EEOC letter of "violation." Under FRE Rule 803(8)(C), the party opposing the admission of the report must prove the report's untrustworthiness.

Here, as in *Smith v. Universal Serv., Inc.,* 454 F. 2d 154, 157-58 (5th Cir.1972), the report and Letter of Determination were prepared by an investigator for the EEOC, pursuant to its statutory mandate, and were not prepared in anticipation of litigation. Here, also as in *Smith,* the Commission is not a party to the litigation and has no interest in this case. Also here, the investigator had no personal involvement in the situation and there is no reason to suspect any lack of trustworthiness.

Given the facts presented in *Smith*, which are consistent with the facts in this case, in *Smith*, the court held that the district court erred when it chose to ignore the report for purposes of its fact finding function. *Id. at* 158. After an investigation spanning a year and a half, 561 days to be exact, with unrestricted opportunity for Defendants to respond, and constituting 1259 pages of documents (P-102), the EEOC issued findings of facts and determinations on November 6, 2007. (P-70). The trustworthiness of the EEOC Letter of determination cannot be successfully challenged by Defendants. Because Defendants cannot meet their burden of proving untrustworthiness of the EEOC findings, Defendants' efforts to exclude the EEOC Letter the Determination should be denied under FRE Rule 803(8)(C).

**II.     The Fifth Circuit Finds EEOC Determinations Highly Probative**

This issue has been addressed repeatedly by the Fifth Circuit which has held that EEOC findings and determinations are highly probative. *Lindsey v. Prive Corp.*, 161 F.3d 886, 894 (5th Cir. 1998). It has been established for years in the Fifth Circuit that findings and determinations made by the EEOC are admissible in civil proceedings. In the Fifth Circuit, "EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings as probative of a claim of employment discrimination at issue in the civil proceedings." *McClure v. Mexia Indep. Sch. Dist.,* 750 F.2d 396, 400 (5th Cir. 1985). This rule has been extended to both intermediate and final EEOC determinations. *Lindsey v. Prive Corp.*, 161 F.3d 886, 894 (5th Cir. 1998) .

Numerous other cases make the same point. *See e.g., Garcia v. Gloor,* 618 F.2d 264, 272 (5th Cir. 1980)(error to refuse to admit EEOC Findings); *Peters v. Jefferson Chem. Co.*, 516 F.2d 447 (5th Cir. 1975); *Smith* 454 F. 2d at 157. In the *Smith* decision, the court was quite directive when it noted, "the district court is obligated to hear evidence of whatever nature tends to throw factual light on the controversy and ease its fact-finding burden." *Id.* at 157. "To ignore the manpower and resources expended on the EEOC investigation and expertise acquired by its field investigators in the area of discriminatory employment practices would be wasteful and unnecessary." *Id.* In *Smith,* the Fifth Circuit further held, "[t]he fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted," has found it likely that such an unlawful practice has occurred, its highly probative of the ultimate issue of such cases. *Id.*

**III. The Probative Value of the EEOC Determination is Not Substantially Outweighed by Unfair Prejudice**

Consideration of exclusion of evidence under 403 of the FEDERAL RULES OF EVIDENCE requires acknowledgment of the definition of the relevant evidence provided by Rule 401. FED. R. EVID., R. 402 & 403. Rule 401 of the FEDERAL RULES OF EVIDENCE defines relevant evidence as "evidence having any tendency to make the existence of any act that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID., R. 401. Surely, all must agree, that the EEOC Letter of Determination has "tendency to make the existence of any act that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The facts that the Defendants rely on a Rule 403 objection, concedes the relevance of the evidence.

Again, the probative value of the EEOC determination has been acknowledged again and again by the Fifth Circuit. In *Palasota v. Haggar Clothing Co.*, 342 F. 3d 569 577 n.13 (5th Cir. 2003), the Fifth Circuit overturned the district court's decision to grant defendant judgment as a matter of law, and chastised the district court for ignoring the EEOC Letter of Determination made after a two and one-half year investigation. *Id.* "An EEOC determination prepared by professional investigators on behalf of an impartial agency [is] highly probative." *Id.* (quoting *Plummer v. Western Int'l Hotels Co.,* 656 F. 2d 502, 505 (9th Cir. 1981)(citing *Peters v Jefferson Chem. Co.*, 516 F. 2d 447, 450-51 (5th Cir. 1975)). In *Smith,* the Fifth Circuit further held, "[t]he fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted," has found it likely that such an unlawful practice has occurred, its highly probative of the ultimate issue of such cases. *Smith* 454 F. 2d at 157.

Rule 403 of the FEDERAL RULES OF EVIDENCE requires that the probative value of the

evidence *must be* "substantially outweighed by the danger of unfair prejudice" before the court can exclude the disputed evidence. FED. R. EVID., Rule 403. "Unfair prejudice is not satisfied by evidence that is 'merely adverse to the opposing party.'" *Baker v. Canadian Natl./Illinois Central R.R.*, 536 F. 3d 357, 369 (5th Cir. 2008)*(quoting Brazos River Auth. v. G. E. Ionics,* 469 F.3d 416 (5th Cir. 2006)). Because most of the opposing party's evidence will be adverse to the other party, the "unfair prejudice" part of Rule 403 should be used sparingly. *Baker,* 536 F. 3d at 369. Virtually all evidence is prejudicial, otherwise it would not be material. Rule 403's "major function is limited to excluding matters of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Baker*, 536 F. 3d at 359 (quoting *United States v. McRae,* 593 F. 2d 700, 708 (5th Cir. 1979).

"Unfair prejudice" within its context means an undue tendency to suggest a decision on an improper basis, most commonly, although not always, an emotional one. The evidence presented by the EEOC Letter of Determination is certainly not the type of inflammatory evidence contemplated as unfairly prejudicial under Rule 403. *See Jackson v. Firestone Tire & Rubber Co.,* 788 F. 2d 1070, 1086 (5th Cir. 1986). The Advisory committee note to Rule 403 allows that evidence tending to induce decision on a purely emotional basis is properly excluded on the basis of unfair prejudice. Photographs of the victim bleeding profusely are classic examples of such unfairly prejudicial evidence. *Id.* at 1085. In *Jackson v. Firestone Tire & Rubber Co.*, the court further explained that prejudicial evidence is not necessarily inadmissible:

> [w]hile this information is no doubt "prejudicial' to Firestone's cause, it does not strike us as likely to induce an emotional response on the part of the jury, unless righteous indignation be classed as such. On the contrary, DeFederico's memo reveals a very rational and calculated approach to corporate decision-making that a jury should have no difficulty in understanding and evaluating. If the jury's reaction is not a favorable one, then Firestone and DeFederico have only themselves to blame.
> *Id.*

Likewise, here, the EEOC investigation and resulting determination presents a very rational and factual approach....nothing emotional about it. The decisions reached by the jury may well in fact be adverse to Defendants' positions....but if the jury's reaction is not a favorable one, then UTMB and its supervisors have only themselves to blame.

This "umbrella rule," FRE Rule 403, spans the whole of the FEDERAL RULES OF EVIDENCE and the trial judge must apply Rule 403 in tandem with other Federal Rules under which evidence would be admissible. *Coleman v. Home Depot, Inc.,* 306 F. 3d 1333, 1343 (3rd Cir. 2002). A "cost/benefit analysis" must be employed in determining whether to admit evidence. The evidence may be excluded if the probative value is not worth the problems it may cause, *e.g.,* unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. *Id.* (Emphasis added). Because there is a strong presumption that relevant evidence should be admitted, to justify exclusion under FRE Rule 403, the probative value of the evidence must be "substantially outweighed" by the problems in admitting it. *Id.* In instances where the probative value of evidence is great and the prejudicial effect may well be great also, the force of "substantially outweighs" compels admission under FRE Rule 403. *Id.* (quotation omitted). The standard for exclusion is not one of mere "prejudice," but "unfair prejudice" which "substantially outweighs" the probative value of the evidence. The Fifth Circuit has addressed the standard by which to evaluate whether evidence should be excluded as more prejudicial than probative. In *Smith,* the Fifth Circuit found that the probative value of the EEOC findings outweighed any possible prejudice to the Defendant and opined that "'prejudicial' cannot be equated with 'harmful' in all cases; rather, it connotes 'harmful' plus 'nonprobative.'" *Smith,* 454 F.2d 157.

Under *Lindsey, Smith* and *McClure* the Fifth Circuit has deemed findings and determinations of the EEOC to be probative. *See Lindsey v. Prive. Corp.*, 161 F.3d 886, 894 (5th Cir. 1998);

*McClure,* 750 F.2d 396; *Smith* 454 F.2d 154.

In order for Defendants to be successful in their quest to have the EEOC Letter of Determination excluded, they must show that the evidence is "harmful" and "non-probative." They cannot meet this burden.

Under Fifth Circuit precedent, it is clear that the determination letter is probative and thus Defendant's motion to exclude should be denied on this ground. In *Manville*, the Fifth Circuit stated that, while there is a greater possibility of unfair prejudice where the EEOC has determined that a violation has occurred, the probative value *may not always* outweigh the potential for prejudice. *EEOC v. Manville*, 27 F.3d 1089, 1095 (5th Cir. 1994).

*Manville* does not stand for the proposition that letters of violation are more prejudicial than probative *per se.* While Defendant requests this Court exclude the determination letter under the *Manville* decision, they fail to recognize the subsequent Fifth Circuit opinion in *Lindsey v. Prive Corp.* and still fail to identify what potential prejudice will ensue should the jury be allowed to evaluate the evidence. *Lindsey*, 161 F.3d 886.

The *Manville* opinion seeks to create a distinction between a reasonable cause finding and a violation finding. This distinction has largely been ignored since 1994. However, in fact, there is no distinction between a finding of reasonable cause and a letter of violation.

There are only three conclusions that can be reached by the EEOC: (1) no violation, (2) a violation or (3) no conclusion at all.

The probative value of this EEOC Letter of Determination is not substantially outweighed by unfair prejudice and is admissible under Fifth Circuit precedent-- including *Manville*. Because Defendants cannot meet their burden of establishing that the probative value is substantially outweighed by unfair prejudice, the EEOC Letter of Determination should be admitted.

       Respectfully submitted,

       LAW OFFICE OF JO MILLER, P.L.L.C.
       505 North Main,
       Carriage House
       Conroe, Texas 77301
       Tel: (936) 539-4400
       Fax: (936) 539-4409


By: /s/ *Jo Miller*
    JO MILLER
    State Bar No. 00791268
    Southern District No. 20385
    Attorney in Charge for Jackie Fisher, Plaintiff


## NOTICE OF ELECTRONIC FILING

    I, Jo Miller, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Files System of the Southern District of Texas, on the 1st day of March, 2010.

       s/ *Jo Miller*
       JO MILLER


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served electronically through the Electronic Case Files System of the Southern District of Texas, on the 1st day of March, 2010 on counsel of record.

       /s/ *Jo Miller*

        Jo Miller
        Attorney for Jackie Fisher, Plaintiff