IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE FISHER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-CV-01273 |
| | § | |
| UNIVERSITY OF TEXAS | § | Jury Demanded |
| MEDICAL BRANCH and | § | |
| DAVID WATSON | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
AND MEMORANDUM OF LAW**

TO THE HONORABLE NANCY F. ATLAS:

Come now Defendants, University of Texas Medical Branch, Department of Correctional Managed Care, ("UTMB") and David Watson, and file this supplemental trial brief and memorandum of law in advance of trial in this case, set to begin March 9, 2010.

**I. Jury Charge Regarding Discrimination and Retaliation Claims**

Shortly after Defendants filed their trial brief and memorandum of law, Plaintiff's counsel sent Defense counsel an e-mail regarding the final argument in Defendants' memorandum regarding Plaintiff's Section 1981 claims. In particular, Plaintiff's counsel stated:

> At docket call, the Judge and I were discussing the cause of
> action on which Plaintiff intended to proceed under 1983.
> You are correct that we will proceed against Watson under

1

> 1983 only as to the hostile environment claim. We proceed against Watson under 1981 as to all three Title VII claims.

(Ex. 1.) Thus, Plaintiff has made it clear that she is asserting claims against Mr. Watson directly under Section 1981.

However, Plaintiff cannot assert Section 1981 claims directly against an individual state actor, because Section 1981's prohibitions against a private actor's racial discrimination can only properly be asserted against a state actor only under Section 1983. As the Supreme Court stated in *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989):

> We hold that the express "action at law" provided by § 1983 for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.

*Id.* at 735; *see also Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463-64 (5th Cir. 2001) (reaffirming holding in *Jett* following 1991 amendments to Section 1981); *Vaughn v. University of Houston*, Civ. A. No. H-05-2539, 2008 WL 656512, at *6 (S.D. Tex. 2008) (holding that section 1981 "does not provide an independent cause of action against a state actor.") (Atlas, J.). Thus, "when a state employee seeks to hold an individual fellow state employee liable for damages for violation of § 1981 rights, such claim must also be pursued through the remedial provision of § 1983." *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

Because Plaintiff cannot assert Section 1981 claims directly against a state actor, Plaintiff's claims against Mr. Watson for discrimination and retaliation are barred. Thus, the jury charge should not include questions as to Mr. Watson's liability for any claims except the hostile work environment claim, and any such questions (including those in Defendants' proposed charge) should be stricken. (*See* Dkt. # 62-9 at 39, 41 -- Def's Questions 2, 2A, 7, 7A).

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ David G. Halpern_____
DAVID G. HALPERN
Attorney-in-Charge
Texas Bar No. 00790812
Southern District I.D. No. 18301
JAMES "BEAU" ECCLES
Texas Bar No. 00793668
Southern District No. 310917
DARREN G. GIBSON
Texas Bar No. 24068846
Southern District No. 1041236
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

(512) 463-2120
(512) 320-0667 FAX

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendants' Supplemental Trial Brief and Memorandum of Law was served via the Court's ECF system on March 5, 2010, to:

Jo Miller
505 North Main
Carriage House
Conroe, Texas 77301
*Attorney for Plaintiff*

/s/ David G. Halpern_____
DAVID G. HALPERN
Assistant Attorney General