**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JACKIE FISHER** | § | **CIVIL ACTION NO. 4:08-CV-01273** |
| **Plaintiff,** | § | **Jury Demanded** |
| | § | |
| **vs.** | § | **Judge: Nancy F. Atlas** |
| | § | **Case Manager: Sheila Ashabranner** |
| | § | |
| | § | **Court Deputy:_____** |
| **UNIVERSITY OF TEXAS** | § | **Court Reporter:_____** |
| **MEDICAL BRANCH and** | § | |
| **DAVID WATSON** | § | |
| **Defendants.** | § | Proceeding: Trial |

**PLAINTIFF, JACKIE FISHER'S RESPONSE IN OPPOSITION TO**
**\*DEFENDANT'S OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS**

TO THIS HONORABLE COURT:

   \*Plaintiff Responds to Defendants' Motion to Exclude which was filed with this Court on February 18, 2010. (ECF 61).   Plaintiff and Defendants identified, exchanged and otherwise made available their Trial Exhibits on February 12, 2010.  The Joint Pretrial Statement was filed on February 18, 2010.

   Under the COURT PROCEDURES OF THE HONORABLE NANCY F. ATLAS, Defendants had seven days after the exchange of exhibits, or until February 19, 2010 to notice Plaintiff of any exhibits requiring authenticity.  (R. 11-B, p.6, 2010). On February 18, 2010, Defendants merely raised authenticity objections based on extraneous underlining, highlighting and handwriting on the exhibits.  No other objections to authenticity were timely raised. (ECF 61).  Plaintiff OBJECTS and asserts that all objections to authenticity raised after February 19, 2010, including those recently raised for the first time on March 2, 2010 in their [Amended Objections to Plaintiff's Exhibits] (ECF

75), are therefor WAIVED.

Under the COURT PROCEDURES OF THE HONORABLE NANCY F. ATLAS, Defendants had seven days after the filing of the Joint Pretrial Order, or until February 27, 2010 to file specific written objections to Plaintiff's exhibits. (R. 11-C, p.6, 2010).  No other objections were timely raised except those raised in the February 18, 2010 Motion to Exclude.  (ECF 61).  Plaintiff OBJECTS and asserts that all objections raised after February 27, 2010, including those recently raised for the first time on March 2, 2010 in their  [Amended Objections to Plaintiff's Exhibits](75), are therefor WAIVED.

| NO. | DESCRIPTION | DEFENDANT'S TIMELY OBJECTIONS [UNTIMELY] | PLAINTIFF'S RESPONSE |
|---|---|---|---|
| **P-3-A** | Email Exchange between Radar, Fisher, and Watson re Pipkin and Drake (Feb 1& 2, 2005) | Authenticity (highlighting) | •**Highlighting redacted** <br> •**Documents separated on request** |
| **P-3-B** | Email Exchange between Radar, Fisher, and Watson re Pipkin and Drake (Feb 9, 2005) | Authenticity (highlighting) | •**Highlighting redacted** <br> •**Documents separated on request** |
| **P-4-A** | Email Exchange from Parker RE: Brophy and Wright (April 19, 2005). | Authenticity (underlining) | •**Highlighting redacted** <br> •**Documents separated on request** |

| P-4-B | Email Exchange from Watson RE: Parker, Brophy, and Wright (April 19, 2005). | Authenticity (underlining) | •Highlighting redacted<br>•Documents separated on request |
|---|---|---|---|
| **P-6** | Memo Watson to Gotcher re Request for Agency Staff (July 25, 2005) | Authenticity (handwriting) | **\*Handwriting will be authenticated by Ms. Fisher** |
| P-7-A | E-mail Watson to Gotcher, Radar & Melton (Jan. 9, 2006) unredacted | Authenticity (handwriting) | •Documents separated on request<br>•Will authenticate handwriting through Georgia Melton of she is called |
| **P-7-B** | Notice to Staff of Meetings (Jan. 9, 2006) | Authenticity (handwriting) | •Highlighting redacted<br>•Documents separated on request |
| **P-7-C** | E-mail Watson to Gotcher, Radar & Melton (Jan. 9, 2006) redacted | Authenticity (handwriting) | •Handwriting redacted<br>•Documents separated on request |

| P-8 | Fisher's Hostile Environment Grievance against Watson (April 10, 2006) | Hearsay | •**Not hearsay under FRE 801(d)(2)(D) this documents includes statements made by a servant of the opposing party during the existence of that employee relationship**<br><br>•**If this document is found to contain hearsay statements as well, the documents is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).   The activity of filing grievances and appeals with detailed supplements and responses is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB policies IHOP 3.10.3 (P-37)   and IHOP 3.10.2 (P-38).** |
| P-11 | E-mail Exchange between Fisher and Watson (March 27, 2006) | Authenticity (Handwriting, underlining) | *Handwriting and underlining will be authenticated by Ms. Fisher |
| P-14 | Fisher's 2nd Harassment and Hostile Environment Grievance against Watson (April 11, 2006) | Hearsay | •**Not hearsay under FRE 801(d)(2)(D) this documents includes statements made by a servant of the opposing party during the existence of that employee relationship**<br><br>•**If this document is found to contain hearsay statements as well, the document is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).   The activity of filing grievances and appeals with detailed supplements and responses is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB policies IHOP 3.10.3 (P-37)   and IHOP 3.10.2 (P-38).** |

| P-15 | Appeal of Demotion (April 24, 2006) | Hearsay | •Not hearsay under FRE 801(d)(2)(D) this document includes statements made by a servant of the opposing party during the existence of that employee relationship<br><br>•If this document is found to contain hearsay statements as well, the document is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).  The activity of filing grievances and appeals with detailed supplements and responses is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB policies IHOP 3.10.3 (P-37)  and IHOP 3.10.2 (P-38). |
| P-18 | Fisher Appeal of Demotion to Assistant Nurse Manager (May 11, 2006) | Hearsay | •Not hearsay under FRE 801(d)(2)(D) this documents includes statements made by a servant of the opposing party during the existence of that employee relationship<br><br>•If this document is found to contain hearsay statements as well, the documents is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).  The activity of filing grievances and appeals with detailed supplements and responses is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB policies IHOP 3.10.3 (P-37)  and IHOP 3.10.2 (P-38). |
| P-20 | EEOC Charge (June 2, 2006) | [Hearsay] | *UNTIMELY HEARSAY OBJECTION WAIVED |

| P-24 | Appeal of Demotion to Pemberton (July 3, 2006) | Hearsay<br><br>[Multiple, unrelated documents]<br><br>[Authenticity] | **Not hearsay under FRE 801(d)(2)(D) this document includes statements made by a servant of the opposing party during the existence of that employee relationship**<br><br>**•If this document is found to contain hearsay statements as well, the document is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).  The activity of filing grievances and appeals with detailed supplements and responses is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB policies IHOP 3.10.3 (P-37)  and IHOP 3.10.2 (P-38).**<br><br>**\*UNTIMELY OBJECTIONS TO AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** |
| P-25 | UTMB Position statement to the EEOC (Aug. 8, 2006) | Hearsay | **•This document was prepared by and provided to the EEOC by Defendants UTMB.  It is an admission by a party opponent and is not hearsay under FRE 801(d)(2(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.** |

| P-26 | Fisher's Quarterly Evaluation (March 7, 2006) | [Hearsay] | **\*UNTIMELY HEARSAY OBJECTION WAIVED**<br><br>**Even at that:**<br>**•It is an admission by a party opponent and is not hearsay under FRE 801(d)(2(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.**<br>**•Not hearsay under FRE 801(d)(2)(D) this documents includes statements made by a servant of the opposing party during the existence of that employee relationship**<br><br>**•If this document is found to contain hearsay statements as well, the documents is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).   The activity of filing grievances and appeals with detailed supplements and responses is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB policies IHOP 3.10.3 (P-37)   and IHOP 3.10.2 (P-38).** |
| P-27 | Historical Detail Turnover Report 2005 & 2006 | Authenticity (handwriting) | **\*\*SAME AS DEFENDANTS have Offered as Exhibit D -69**<br>**\*Handwriting will be authenticated by Ms. Fisher** |

| P-30 | Vacancy Rates Watson's District Facilities 2005-2006 | Authenticity (highlighting)<br><br>[Hearsay]<br><br>[Authenticity-internet document] | *Handwriting and underlining will be authenticated by Ms. Fisher<br><br>*UNTIMELY OBJECTIONS TO HEARSAY and AUTHENTICITY OF INTERNET DOCUMENTS WAIVED.<br><br>Nonetheless:<br><br>•This document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of recording vacancy rates and turnover rates UTMB-CMC is a regularly conducted activity of UTMB-CMC. |
|---|---|---|---|
| P-33 | Letter from Nurse Sarah Benavides re 2004 Incident (April 11, 2006) | Hearsay<br>[Authenticity] | •Not hearsay under FRE 801(d)(2)(D) this documents includes statements made by a servant of the opposing party during the existence of that employee relationship<br><br>•If this document is found to contain hearsay statements as well, the documents is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). responses is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB policies IHOP 3.10.3 (P-37) and IHOP 3.10.2 (P-38).<br><br>*UNTIMELY OBJECTION TO HEARSAY WAIVED. |

| | | | |
|---|---|---|---|
| **P-34-A** | Fisher's Meeting Agendas Estelle Unit (2005 & 2006) | Authenticity (handwriting; underlining)<br><br>[Relevance] [Hearsay] [Multiple, unrelated documents] | **\*Handwriting and underlining will be authenticated by Ms. Fisher**<br><br>**\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** |
| **P-34-B** | Fisher's Meeting Agendas Estelle Unit (2005 & 2006) | Authenticity (handwriting; underlining)<br><br>[Relevance] [Hearsay] [Multiple, unrelated documents] | **\*Handwriting and underlining will be authenticated by Ms. Fisher**<br><br>**\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** |
| **P-34-C** | Fisher's Meeting Agendas Estelle Unit (2005 & 2006) | Authenticity (handwriting; underlining)<br><br>[Relevance] [Hearsay] [Multiple, unrelated documents] | **\*Handwriting and underlining will be authenticated by Ms. Fisher**<br><br>**\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** |
| **P-34-D** | Fisher's Meeting Agendas Estelle Unit (2005 & 2006) | Authenticity (handwriting; underlining)<br><br>[Relevance] [Hearsay] [Multiple, unrelated documents] | **\*Handwriting and underlining will be authenticated by Ms. Fisher**<br><br>**\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** |

| P-34-E | Fisher's Meeting Agendas Estelle Unit (2005 & 2006) | Authenticity (handwriting; underlining) [Relevance] [Hearsay] [Multiple, unrelated documents] | **\*Handwriting and underlining will be authenticated by Ms. Fisher** **\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** |
|---|---|---|---|
| P-35-A | Kim Roddey's Meeting Agendas Wynne Unit (2005 & 2006) | [Relevance] [Multiple, unrelated documents] [Authenticity (handwriting)] | **\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** **•Documents separated on request** |
| P-35-B | Kim Roddey's Meeting Agendas Wynne Unit (2005 & 2006) | [Relevance] [Multiple, unrelated documents] [Authenticity (handwriting)] | **\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** **•Documents separated on request** |
| P-35-C | Kim Roddey's Meeting Agendas Wynne Unit (2005 & 2006) | [Relevance] [Multiple, unrelated documents] [Authenticity (handwriting)] | **\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** **•Documents separated on request** |
| P-35-D | Kim Roddey's Meeting Agendas Wynne Unit (2005 & 2006) | [Relevance] [Multiple, unrelated documents] [Authenticity (handwriting)] | **\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY AND UNRELATED DOCUMENTS WAIVED.** **•Documents separated on request** |
| P-36 | Fisher's Letter to Radar re Time frames for Grievances and Appeal (May 3, 2006) | Hearsay | **•This document contains an admission by a party opponent and is not hearsay under FRE 801(d)(2(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.** |

| P-37 | UTMB Grievance Policy IHOP 3.10.3. | [Hearsay Authenticity (internet documents)] | *UNTIMELY OBJECTIONS TO HEARSAY and AUTHENTICITY WAIVED |
|---|---|---|---|
| P-38 | UTMB Appeals Policy IHOP 3.10.2. | [Hearsay Authenticity (internet documents)] | *UNTIMELY OBJECTIONS TO HEARSAY and AUTHENTICITY WAIVED |
| P-39 | UTMB Discipline & Dismissal Policy IHOP 3.10.1. | [[Hearsay Authenticity (internet documents)] | *UNTIMELY OBJECTIONS TO HEARSAY and AUTHENTICITY WAIVED |
| P-40 | Fisher Discrimination Grievance (Sept. 11, 2006) | Hearsay<br><br>[Relevance (as to Discrimination and Retaliation claims; outside statutory period)] | •Not hearsay under FRE 801(d)(2)(D) this documents includes statements made by a servant of the opposing party during the existence of that employee relationship<br><br>•If this document is found to contain hearsay statements as well, the documents is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of filing grievances and appeals with detailed supplements and responses is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB policies IHOP 3.10.3 (P-37) and IHOP 3.10.2 (P-38).<br><br>*UNTIMELY OBJECTION TO RELEVANCE WAIVED |
| P-41 | Letter re Grievance (August 31, 2006) | [Hearsay] [Authenticity] | *UNTIMELY OBJECTIONS TO HEARSAY and AUTHENTICITY WAIVED |

| P-42 | Fisher Retaliation Grievance (Oct. 9, 2006) | Hearsay<br><br>[Relevance (as to Discrimination and Retaliation claims; outside statutory period)] | •**Not hearsay under FRE 801(d)(2)(D) this documents includes statements made by a servant of the opposing party during the existence of that employee relationship**<br><br>•**If this document is found to contain hearsay statements as well, the documents is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of filing grievances and appeals with detailed supplements and responses is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB policies IHOP 3.10.3 (P-37) and IHOP 3.10.2 (P-38).**<br><br>**\*UNTIMELY OBJECTION TO RELEVANCE WAIVED** |
| P-43 | Watson's Responses to OEO&D (Dec. 2006) | Authenticity (handwriting) | •**Handwriting redacted** |
| P-44 | Melvin Williams OEO&D Findings re Fisher's Discrimination Complaints (February 7, 2007) | Authenticity (handwriting; underlining)<br><br>[Hearsay] | •**Handwriting and underlining redacted**<br><br>**\*UNTIMELY OBJECTION TO HEARSAY WAIVED** |
| P-47-A | Watson Letter of Expectation (Sept. 17, 2004) | [Relevance]<br>[Multiple, unrelated documents Authenticity (handwriting)] | **\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY, and MULTIPLE DOCUMENTS WAIVED**<br><br>•**Documents separated on request** |

| | | | |
|---|---|---|---|
| **P-47-B** | Fisher Agendas RE: Expectations (Sept. 2004) | Relevance Multiple, unrelated documents Authenticity (handwriting) | **\*UNTIMELY OBJECTIONS TO RELEVANCE, AUTHENTICITY, and MULTIPLE DOCUMENTS WAIVED**<br><br>**•Documents separated on request** |
| **P-48** | Notice of Peer Review (March 21, 2005) | Hearsay<br><br>Authenticity (handwriting; underlining)<br><br>Confidential offender information | **•This document contains an admission by a party opponent and is not hearsay under FRE 801(d)(2(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.**<br><br>**•If this document is found to contain hearsay statements as well, the document is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of peer review is a regularly conducted activity of UTMB and its employees as is evidenced by UTMB TDCJ Managed Care Nursing Manual A-6.02.**<br><br>**•Handwriting and underlining redacted**<br><br>**•Offender information redacted** |
| **P-49** | UTMB Peer Review Policy (Aug. 1995) | Authenticity (highlighting handwriting)<br><br>[Relevance] | **•Handwriting and highlighting redacted**<br><br>**\*UNTIMELY OBJECTION TO RELEVANCE WAIVED** |
| **P-50** | W/D | | |

| P-51 | Email re Inmate Death (May 25, 2006) | Relevance<br>Hearsay<br>Confidential offender information | •**This document contains an admission by a party opponent and is not hearsay under FRE 801(d)(2(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.**<br>•**If this document is found to contain hearsay statements as well, the document is still this document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of notification of the death of an inmate is a regularly conducted activity of UTMB-CMC**<br><br>•**Documents is relevant and admissible pursuant to FRE 401 & 402, to show that not all inmate deaths are referred to Peer Review.**<br><br>•**Offender information redacted** |

| P-52 | Email re Inmate Death (May 26, 2006) | Relevance Hearsay Confidential offender information | •**This document contains an admission by a party opponent and is not hearsay under FRE 801(d)(2(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.**<br>•**If this document is found to contain hearsay statements as well, the document is still this document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of notification of the death of an inmate is a regularly conducted activity of UTMB-CMC**<br><br>•**Documents is relevant and admissible pursuant to FRE 401 & 402, to show that not all inmate deaths are referred to Peer Review**<br><br>•**Offender information redacted** |
|---|---|---|---|

| P-53 | Email re Inmate Death (June 30, 2006) | Relevance<br>Hearsay<br>Confidential offender information | •**This document contains an admission by a party opponent and is not hearsay under FRE 801(d)(2(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.**<br>•**If this document is found to contain hearsay statements as well, the document is still this document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of notification of the death of an inmate is a regularly conducted activity of UTMB-CMC**<br><br>•**Documents is relevant and admissible pursuant to FRE 401 & 402, to show that not all inmate deaths are referred to Peer Review**<br><br>•**Offender information redacted** |

| P-54 | Email re Inmate Death (August 9, 2006) | Relevance<br>Hearsay<br>Confidential offender information | •This document contains an admission by a party opponent and is not hearsay under FRE 801(d)(2(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.<br>•If this document is found to contain hearsay statements as well, the document is still this document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).  The activity of notification of the death of an inmate is a regularly conducted activity of UTMB-CMC<br><br>•Documents is relevant and admissible pursuant to FRE 401 & 402, to show that not all inmate deaths are referred to Peer Review<br><br>•Offender information redacted |

| P-55 | Email re Inmate Death (September 18, 2006) | Relevance Hearsay Confidential offender information | •**This document contains an admission by a party opponent and is not hearsay under FRE 801(d)(2(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.** •**If this document is found to contain hearsay statements as well, the document is still this document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of notification of the death of an inmate is a regularly conducted activity of UTMB-CMC** •**Documents is relevant and admissible pursuant to FRE 401 & 402, to show that not all inmate deaths are referred to Peer Review** •**Offender information redacted** |
|---|---|---|---|

| P-56 | Email re Inmate Death (September 29, 2006) | Relevance Hearsay Relevance Confidential offender information | •This document contains an admission by a party opponent and is not hearsay under FRE 801(d)(2)(A) in that it is offered against a party and is the party's own statement in either individual or representative capacity.<br>•If this document is found to contain hearsay statements as well, the document is still this document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of notification of the death of an inmate is a regularly conducted activity of UTMB-CMC<br><br>•Document is relevant and admissible pursuant to FRE 401 & 402, to show that not all inmate deaths are referred to Peer Review<br><br>•Offender information redacted |
|---|---|---|---|
| P-59 | BNE Letter (Oct. 18, 2005) | Relevance Hearsay Confidential offender information | •Document is relevant and admissible pursuant to FRE 401 & 402, to show BNE allegations against Ms. Fisher because Defendants have put them at issue.<br><br>•This document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of notification of the BNE investigation is a regularly conducted activity of the BNE<br><br>•Offender information redacted |

| P-60 | Death Summary (Dec. 15, 2005) | Relevance Hearsay Confidential offender information | •**Document is relevant and admissible pursuant to FRE 401 & 402, to show Aguilar signed the Death Summary a job usually assigned to Ms. Fisher, and this later became the subject of an anonymous report against Ms. Fisher to the BNE.** <br><br> •**This document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).    The activity of notification of the BNE investigation is a regularly conducted activity of the BNE** <br><br> •**Offender information redacted** |
|---|---|---|---|
| P-61 | BNE Letter (Jan. 13, 2006) | [Relevance] [Hearsay] [Confidential offender information] | \***UNTIMELY OBJECTIONS TO RELEVANCE and HEARSAY WAIVED** <br><br> •**Offender information redacted** |
| P-62 | Fisher Response (February 10, 2006) | Relevance Hearsay Confidential offender information | •**Document is relevant and admissible pursuant to FRE 401 & 402, to show the damages by the anonymous report against Ms. Fisher to the BNE.** <br><br> •**This document is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).    The activity of notification of the BNE investigation is a regularly conducted activity of the BNE** <br><br> •**Offender information redacted** |
| P-63 | Fisher Response to BNE (May 12, 2006) | Relevance Hearsay Authenticity (handwriting) Confidential offender information | \***Handwriting and underlining will be authenticated by Ms. Fisher** |

| P-68 | First Amended EEOC Charge (April 3, 2007) | Hearsay | •This is admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6). The activity of filing EEOC Charges and Amended Charges with details of who did and said what, where, and when is a regularly conducted activity of the Equal Employment Opportunity Commission and a step toward the exhaustion of administrative remedies, a prerequisite to the filing of this lawsuit which must be proved at trial. |
|---|---|---|---|
| P-69 | UTMB Position Statement (May 14, 2007) | Hearsay Authenticity (handwriting) [Hearsay] | *UNTIMELY OBJECTION TO HEARSAY WAIVED •Handwriting redacted |
| P-70 | EEOC Letter of Determination Discrimination & Retaliation (November 6, 2007) redacted | Prejudice Hearsay | •This is admissible under the hearsay exception as a public record and report pursuant to FRE 803(8). *See "Plaintiff's Brief in Support of Admission of EEOC Letter of Determination," ECF 73 (03-01-10) •Irrelevant information redacted |
| P-73 | Email from Marilyn Peters | [Relevance] [Hearsay] | *UNTIMELY OBJECTIONS TO RELEVANCE and HEARSAY WAIVED |
| P-75 | Performance Evaluation (06-06) | [Hearsay (evaluation response)] | *UNTIMELY OBJECTION TO HEARSAY WAIVED |
| P-76 | Quarterly Evaluation (03-07-06) | [Hearsay (evaluation response)] [Authenticity (handwriting)] | *UNTIMELY OBJECTIONS TO HEARSAY and AUTHENTICITY WAIVED |

| P-78 | Performance Evaluation (06-04) | [Relevance]<br><br>[Authenticity (underlining)] | **\*UNTIMELY OBJECTIONS TO HEARSAY and AUTHENTICITY WAIVED** |
|---|---|---|---|
| P-79 | Quarterly Evaluation (12-10-04) | [Relevance] | **\*UNTIMELY OBJECTIONS TO HEARSAY and AUTHENTICITY WAIVED** |
| P-80 | Quarterly Evaluation (12-01-03) | Authenticity (handwriting)<br><br>[Relevance] | **\*UNTIMELY OBJECTIONS TO RELEVANCE and HEARSAY WAIVED**<br><br>**•Handwriting redacted** |
| P-81 | Performance Evaluation (04-03) | [Relevance]<br><br>[Multiple unrelated documents] | **\*UNTIMELY OBJECTIONS TO RELEVANCE and MULTIPLE DOCUMENTS WAIVED** |
| P-82 | Quarterly Evaluation (03-28-02) | W/D by Plaintiff | |
| P-83 | Quarterly Evaluation (12-18-01) | W/D by Plaintiff | |
| P-84 | Performance Evaluation (06-01) | Relevance | **\*UNTIMELY OBJECTION TO RELEVANCE WAIVED** |
| P-87 | W/D | W/D by Plaintiff | |
| P-88 | W/D | W/D by Plaintiff | |
| P-89 | Paid by Letter (10-26-06) | Relevance | **\*UNTIMELY OBJECTION TO RELEVANCE WAIVED** |
| P-92 | Performance Evaluation (04-02) | Relevance | **\*UNTIMELY OBJECTION TO RELEVANCE WAIVED** |
| P-93 | BNE Minor Incidents | Authenticity (handwriting)<br><br>[Authenticity (internet document)] | **•Handwriting redacted**<br><br>**\*UNTIMELY OBJECTION TO AUTHENTICITY OF INTERNET DOCUMENT WAIVED** |

| P-94 | Letter to Peer Review (04-13-05) | Hearsay Confidential offender information | •**Not hearsay under FRE 801(d)(2)(D) this documents includes statements made by a servant of the opposing party during the existence of that employee relationship**<br><br>•**If this document is found to contain hearsay statements as well, the documents is still admissible under the hearsay exception as a record of regularly conducted activity pursuant to FRE 803(6).   The activity of filing responses to Peer Review with detailed supplements and responses is a regularly conducted activity of UTMB and its employees as is evidenced**<br><br>•**Offender information redacted** |
| --- | --- | --- | --- |
| P-96 | Grievance (03-16-06) | Relevance (outside statutory period) Hearsay | \***UNTIMELY OBJECTION TO RELEVANCE WAIVED** |
| P-100 | Re Darby (03-30-06) | Relevance<br><br>[Authenticity] | •**Document is relevant and admissible pursuant to FRE 401 & 402, to show the Watson's solicitation of negativism against Ms. Fisher.**<br><br>\***UNTIMELY OBJECTION TO AUTHENTICITY WAIVED** |
| P-101 | Fisher Current Pay Stub (01-29-10) | Relevance | \***UNTIMELY OBJECTION TO RELEVANCE WAIVED** |
| P-102 | Certified Copy of EEOC File | Hearsay Prejudice | •**This is admissible under the hearsay exception as a public record and report pursuant to FRE 803(8).**<br><br>\***See "Plaintiff's Brief in Support of Admission of EEOC Letter of Determination," ECF 73 (03-01-10)** |

Respectfully submitted,

LAW OFFICE OF JO MILLER, P.L.L.C.
505 North Main
Carriage House
Conroe, Texas 77301
(936) 539-4400 Tel.
(936) 539-4409 Fax

By: /s/ *Jo Miller*
    JO MILLER
    State Bar No. 00791268
    Federal Bar No. 20385
    Attorney-in-Charge for Plaintiff,
    Jackie Fisher
    jmiller@jomillerlaw.com

## NOTICE OF ELECTRONIC FILING

I, Jo Miller, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Files System of the Southern District of Texas, on the 5th day of March, 2010.

    /s/ *Jo Miller*
    Jo Miller
    Attorney-in-Charge for Plaintiff,
    Jackie Fisher

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was served electronically on March 5, 2010 to:

David Halpern
<u>david.halpern@oag.state.tx.us</u>
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol station
Austin, Texas 78711
Tel: (512)463-2120
Attorney for Defendants

_/s/ Jo Miller_ _____
Jo Miller
Attorney-in-Charge for Plaintiff,
Jackie Fisher