UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE FISHER, | ) | CASE NO: 4:08-CV-1273 |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Houston, Texas |
| | ) | |
| UNIVERSITY OF TEXAS MEDICAL | ) | Tuesday, March 9, 2010 |
| BRANCH, ET AL., | ) | (10:36 a.m. to 10:44 a.m.) |
| | ) | |
| Defendants. | ) | |

SETTLEMENT AGREEMENT

BEFORE THE HONORABLE NANCY F. ATLAS,
UNITED STATES DISTRICT JUDGE

Appearances:            See Next Page

Court Recorder:         Paula Crawford

Case Manager:           Shelia Ashabranner

Transcriber:            Exceptional Reporting Services, Inc.
                        14493 S. Padre Island Drive
                        Suite A-400
                        Corpus Christi, TX 78418
                        361-949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**

Plaintiff:                JO MILLER, ESQ.
                          Law Office of Jo Miller PLLC
                          505 N. Main, Carriage House
                          Conroe, TX 77301

                          MARTIN A. SHELLIST, ESQ.
                          Shellist Lazarz LLP
                          1900 W. Loop South, Suite 1910
                          Houston, TX 77027

Defendants:               DAVID G. HALPERN, ESQ.
                          Office of Texas Attorney General
                          300 W. 15th Street, 11th Floor
                          Austin, TX 78701

                          DARREN GIBSON, ESQ.
                          (No Address Provided)

3

1        **Houston, Texas; Tuesday, March 9, 2010; 10:36 a.m.**

2                          **(Call to Order)**

3            **THE COURT:**  Please be seated.  Good morning,

4    everyone.

5        **(Counsel greet the Court)**

6            I understand that the parties have reached a

7    settlement in this case.  I did get notice of that early this

8    morning but I asked that you come anyway because I did want to

9    put it on the record.  And we can seal it if that important to

10   somebody but I want to hear that everybody understands what the

11   settlement is and that it is, in fact, agreed to.

12           Who wants to speak?

13           **MS. MILLER:**  Your Honor, we'll begin.  We've agreed

14   to the financial sum of $80,000 inclusive.  The check will be

15   made to Ms. Fisher, herself.  And among us, we will divide it

16   for attorney's fees and costs and her damages.  And we've

17   agreed to that sum -- that division.

18           **THE COURT:**  Okay.

19           **MS. MILLER:**  It will be a box three 1099, rather than

20   a box seven for her tax purposes.  That's miscellaneous income

21   rather than non --

22           **THE COURT:**  Mental anguish as opposed to earned

23   income.

24           **MS. MILLER:**  Right.

25           **THE COURT:**  Okay.  And what is the time of payment?

1  Is there any need for approvals? Any of that?
2         **MS. MILLER:** My understanding, from working with the
3  State on previous occasions, and Mr. Halpern surely will
4  address that is that they require additional approval up the
5  ladder. And so, depends on who gets to it when or how hard
6  they are able to push a decision from higher up. So I'll pass
7  the --
8         **THE COURT:** What's your thinking?
9         **MR. HALPERN:** Your Honor, this is always one of the
10 more awkward questions I get to answer because the short answer
11 is I don't know. When the Supreme Court was looking at the
12 Bush Gore election in Florida, there were settlements that took
13 a long time to get through the Governor's office. And the
14 ladder goes as high as Governor Rick Perry's office.
15        The approvals will go through the Texas Attorney
16 General's Office. On our side -- there are two sides to a
17 governmental case such as this in a settlement. There is the
18 client's side and the University of Texas system is represented
19 here today by one of their associate general counsel, Mr. Omar
20 Sayed (phonetic). He's been assisting in all of the
21 developments in the settlement on behalf of UTMB and in
22 conjunction with our representation of Defendant David Watson.
23        But the long and short of it is there are approvals
24 that I think will be significantly shorter in terms of days or
25 weeks on the side of our clients. But the hierarchy is such

1  that typically 60 to 90 days is aspirational (phonetic) on our
2  part. Sometimes we do better. Sometimes we do worse, your
3  Honor. And no small amount of banging on the part of counsel
4  has affected my ability to make it faster. That -- we will
5  give best efforts.
6        **THE COURT:** Okay. But -- so I hear what you're
7  saying. You really don't know.
8        **MR. HALPERN:** I really --
9        **THE COURT:** But if I write down, just for my own sort
10 of notes and whatever, 60 to 120 days, is it more likely than
11 not it will happen within then?
12       **MR. HALPERN:** Speaking on behalf of --
13       **THE COURT:** I mean, I understand you're going to make
14 best efforts.
15       **MR. HALPERN:** Yeah. We'll make best efforts. In my
16 experience, the answer to that is yes. And if at an
17 appropriate time the Court deems it necessary to weigh in and
18 lean on me, I would understand.
19       **THE COURT:** (laughs) Okay. Well I don't have any
20 current plans to do that but I will if it's necessary.
21       **MR. HALPERN:** Certainly.
22       **THE COURT:** Okay. I basically want to congratulate
23 the parties. I wanted to tell the lawyers that I thought you
24 each did very, very good jobs. I am happy that the State
25 brought in a new team. I think that was of value. Mr.

1   Shellist, I think you were a value added also.

2           **MR. SHELLIST:**  Thank you.

3           **THE COURT:**  Ms. Miller did a lot of hard work and did

4   good work but I think that it was one of these things where

5   fresh looks with new people with extensive experience who are a

6   little bit above the fray because they haven't lived it for

7   three years, as Ms. Miller likes to say.  I think it was a two-

8   year situation but she has a -- and the Plaintiff has a three-

9   year situation.  Anyway, I think that that's of value.

10          I really just basically want to congratulate you.

11          Would you like this record sealed or is that not

12  necessary?

13          **MR. SHELLIST:**  Your Honor, I don't think -- I mean,

14  it's the State.

15          **THE COURT:**  Exactly.

16          **MR. SHELLIST:**  I don't think -- yeah.  I don't think

17  that we can, number one.  Number two, we're not pushing for

18  that.  The only thing that we want to make sure is -- I trust

19  Mr. Halpern's word implicitly.  But I do want to make part of

20  the agreement so that he can use it as leverage that they, of

21  course, will use best efforts to expedite the process.  Not

22  that it will occur in a certain timeframe but he then can lean

23  on folks and say we've agreed to expedite.

24          **THE COURT:**  Yes.

25          **MR. SHELLIST:**  And we know that he'll use his best

7

1 efforts.

2 **THE COURT:** One other thing.  Is there a document?

3 **MR. SHELLIST:** There will be.  I assume it's --

4 **THE COURT:** And I assume there are releases every

5 which way?

6 **MR. SHELLIST:** That is correct.  Yeah.  In exchange

7 for the payment, Ms. Fisher will be releasing them from the

8 claims heretofore.  And --

9 **THE COURT:** Okay.  And I -- there were no

10 counterclaims but even so --

11 One thing I want to --

12 So okay.  I'd like there to be a document soon.

13 **MR. SHELLIST:** Yeah.

14 **THE COURT:** I don't everyone to think oh this is over

15 and then forget to -- I mean, the State clearly needs that

16 document in order to get the process started.

17 And I'm sure Mr. Watson would like to have something

18 in writing.

19 One of the things that I would like to be sure is

20 that at least with regard to Ms. Fisher and the Institution.

21 You have a life after this.  And remember I talked to you, Ms.

22 Fisher -- Mr. Watson, you weren't here but I did talk to Ms.

23 Fisher and counsel a couple of weeks ago about the fact that

24 closure is important and looking forward is good.  And I do

25 hope that you can put this behind you and look forward and

1  accept, you know, new supervision and new -- you know, new

2  challenges because I think that you will feel better knowing

3  this chapter is over.

4             And Mr. Watson, I hope you've learned something from

5  this as well.  Whether you did anything wrong or right, we all

6  can look back 20/20 hindsight and think maybe we could have

7  handled it a little differently.

8             Ms. Fisher, same thing for you.

9             There's never -- there is never a case -- in deed,

10 there's never a dispute where one side is always right or

11 completely right.  There just isn't.

12            And so I like to say, both in my family situations

13 and among friends and in court, that often the truth is

14 somewhere in the middle.

15            So I do hope that everybody appreciates the

16 importance of the finality of the settlement.  And I

17 congratulate you on that.  And I look forward to each of you

18 looking forward to more productive activities.  I just know

19 that that will be the case.

20            Thank you all very much.  You're excused.

21       **(Counsel thank the Court)**

22            **THE COURT:**  We'll do -- we will do a conditional

23 order of dismissal that -- we'll put -- I'll put 120 days in

24 there.  If it doesn't happen by then, I will need a report

25 because I will either have to extend it or I'll bring you in or

9

1  whatever it is.
2          Okay?
3          **MR. SPEAKER:** Very good.
4          **THE COURT:** thank you all very much.  You're excused.
5      **(This proceeding was adjourned at 10:44 a.m.)**

**EXCEPTIONAL REPORTING SERVICES, INC**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

                                                __June 1, 2010__

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC