**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JACKIE FISHER** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-cv-01273 |
| | § | |
| **UNIVERSITY OF TEXAS** | § | Jury Demanded |
| **MEDICAL BRANCH and** | § | |
| **DAVID WATSON** | § | |
| Defendants. | § | |

**PLAINTIFF, JACKIE FISHER'S OPPOSED MOTION TO
ENFORCE TERMS AND CONDITIONS OF THE SETTLEMENT AGREEMENT
AND IN THE ALTERNATIVE,
TO REINSTATE THE CASE ON THE TRIAL DOCKET**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Jackie Fisher, and files this her Motion to Enforce the Terms and Conditions of the Settlement Agreement reached in this case and read into the record on March 9, 2010. In the Alternative, and without waiving the forgoing, if the Court is unable or unwilling to enforce the terms and conditions of the settlement to which Ms. Fisher agreed, Ms. Fisher respectfully requests this court to reinstate this case on the trial docket. In support, Ms. Fisher says the following:

After failed mediation, at the direction of the Court, the parties engaged in numerous exchanges of bargained for terms and conditions of settlement. At no time during these

negotiations did either Defendant even hint, suggest or demand a confidentiality provision and/or that Ms. Fisher withdraw her grievances of record.

The parties reached an agreement which was read into the record on March 9, 2010. (Trans. Mar. 9, 2010 - Exhibit A). Defendants were present and represented by their Attorney-in- Charge, as was Plaintiff. Mr. Omar Sayed, Associate General Counsel for the University of Texas System, was present as well, representing the University of Texas System. (Trans. Mar. 9, 2010 - Exhibit A p. 4:15-4:22). As was true throughout the negotiations, neither Defendants' Attorney-in-Charge nor counsel representing the UT System interjected anything about confidentiality or withdrawal of grievances when the settlement terms were announced to the Court.

Subsequently, Ms. Fisher received the first proposed release agreement from Defendants' Attorney-in-Charge on March 29, 2010. Twenty days after the agreement was reached, for the first time on March 29, 2010 Defendants demanded: (1) a confidentiality clause; and, (2) that Ms. Fisher withdraw her grievances underlying the facts of this case.

These terms were never discussed with Ms. Fisher. In fact, quite the contrary was indicated to her to induce her to enter into the original agreement. Ms. Fisher does not now, nor did she ever agree to either of these material terms. These terms were not bargained for nor incorporated in any manner into the discussions or the agreement.

Finally on April 21, 2010, Ms. Fisher executed three copies of a release substantially in the same language proposed by defendants, but without the confidentiality and withdrawal

clauses. (Exhibit B). These executed releases were overnighted to defendants' counsel that same day, over two months ago.

Counsel for each party have been back and forth since March 29, 2010, each fully entrenched in its position. Ms. Fisher just wants the benefit of her bargain...no more.... no less....and respectfully requests this Court to enforce the agreed terms of her settlement.

Plaintiff has even offered to renegotiate the settlement to incorporate these additional terms without meaningful response from Defendants. Plaintiff has continued to keep that door open without result or even acknowledgment. While Defendants now represent to this Court that they would like to keep the door open to renegotiate the settlement terms, the only response since April 21, 2010 has been a possible, yet unapproved, suggestion from Defendants' counsel to reword the confidentiality clause. Defendants have had over two months to discuss renegotiation, yet there has been no concrete proposal or even response to Plaintiff's efforts at resolution.

In the alternative, and without waiving the forgoing, if the settlement agreement will not or cannot be enforced, Ms. Fisher respectfully that the Court reinstate the case on the trial docket and set it for trial on the merits.

Respectfully submitted,

LAW OFFICE OF JO MILLER, P.L.L.C.
505 North Main
Carriage House
Conroe, Texas 77301
(936) 539-4400 Tel.
(936) 539-4409 Fax

By: /s/ *Jo Miller*
    JO MILLER
    State Bar No. 00791268
    Federal Bar No. 20385
    Attorney-in-Charge for Plaintiff,
    Jackie Fisher
    jmiller@jomillerlaw.com

## NOTICE OF ELECTRONIC FILING

I, Jo Miller, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Files System of the Southern District of Texas, on the 5th day of July, 2010.

    /s/ *Jo Miller*
    Jo Miller
    Attorney-in-Charge for Plaintiff,
    Jackie Fisher

## CERTIFICATE OF CONFERENCE

I certify that on June 28, 2010 and July 2, 2010 I conferenced with David Halpern Attorney-in-Charge for Defendants, and UTMB and David Watson oppose the motion to enforce. And, failing agreement on settlement terms, UTMB is in agreement on a motion to reinstate the case on Judge Atlas' docket.

                                        */s/ Jo Miller*
                                        JO MILLER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served electronically on July 5, 2010 to:

David Halpern
david.halpern@oag.state.tx.us
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol station
Austin, Texas 78711
Tel: (512)463-2120
Attorney for Defendants

                                        */s/ Jo Miller*
                                        Jo Miller
                                        Attorney-in-Charge for Plaintiff,
                                        Jackie Fisher