IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACKIE FISHER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4-08-CV-01273 |
| UNIVERSITY OF TEXAS MEDICAL BRANCH § | |
| AND DAVID WATSON, § | |
| § | |
| *Defendants*. § | |

## SETTLEMENT AGREEMENT AND FULL RELEASE

1.1   **Parties**. This Settlement Agreement and Release ("Agreement") is entered into by and between Plaintiff Jackie Fisher ("Fisher") and Defendants The University of Texas Medical Branch ("UTMB") and David Watson ("Watson"). Collectively, UTMB, Watson and Fisher are "the Parties," and UTMB and Watson are "Defendants."

1.2   **Purpose**. The Parties enter into the Agreement to obtain a release of any and all claims which Fisher asserts, has asserted, could have asserted, and/or could assert in the future against Defendants through and including April 21, 2010, in connection with this action; to compensate Fisher for her abandonment and release of all such claims; to avoid further litigation of these claims; and to dismiss this action.

1.3   **Recitals**.

   1.3.1   Fisher filed this civil action against Defendants and asserted claims under federal law, including claims of racial discrimination, hostile environment, and retaliation under Title VII, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; and 42 U.S.C. § 1983. Collectively, these claims and the proceedings in this civil action constitute "the Litigation."

   1.3.2   Defendants vigorously deny Fisher's allegations and assert that, at all times relevant to the Litigation, they did not violate Fisher's rights under any state or federal law.

   1.3.3   Fisher vigorously asserts that each of her claims is meritorious.

   1.3.4   To avoid the expense, risk and inconvenience of further litigation, the Parties wish to compromise and dispose of this entire civil action, including all claims and/or causes of action of any kind that Fisher has asserted or could have asserted through and including April 21, 2010.

JF  *(initialed)*

1.4     **Consideration.**

    1.4.1   Promises and Agreements. The Parties reach this Agreement in consideration of the mutual promises and agreements contained in the Agreement, the promise to pay and the payment of other good and valuable consideration, the sufficiency of which the Parties acknowledge.

    1.4.2   Amount of Payment. In complete and final compromise and settlement of the Litigation, UTMB shall pay Eighty Thousand Dollars ($80,000.00) to Fisher.

    1.4.3   No Payment by Watson. Although Fisher's unconditional release of claims in the Agreement applies equally to claims regarding Watson, Watson shall pay no amount to either UTMB or Fisher.

1.5     **No Admission of Liability.** By executing the Agreement, Defendants do not admit liability or wrongdoing. Moreover, Defendants expressly deny all liability or wrongdoing.

1.6     **Payment, Fees, Costs and Tax Characterization.**

    1.6.1   Time and Manner of Payment. No later than 30 days after the Agreement is fully executed and/or approved by the Attorney General of the State of Texas and The University of Texas System, UTMB shall tender payment to Fisher c/o the LAW OFFICE OF JO MILLER, PLLC, 505 North Main Street, Conroe, Texas 77301, by check in the amount described in section 1.4.2 of the Agreement.

    1.6.2   Attorneys' Fees. Fisher, UTMB, and Watson shall pay their own attorneys' fees, if any, that have been incurred in the Litigation.

    1.6.3   Court Costs. Fisher, UTMB, and Watson shall pay their own court costs, if any, that have been incurred in the Litigation.

    1.6.4   Tax Characterization and Tax Form. UTMB shall provide Fisher an IRS Form 1099 for the tax year ending 12/31/10 reflecting the entire payment. The entire payment is to compensate Fisher for emotional distress damages claimed, and shall be designated as Miscellaneous Income in Box 3 of the Form 1099 provided to Fisher.

1.7     **Unconditional Release by Fisher.** In consideration for UTMB's payment of the sum set forth in section 1.4.2 of the Agreement, Fisher, acting for herself and her personal representatives, heirs, assigns, and next of kin, unconditionally RELEASES, ACQUITS and forever DISCHARGES Defendants, specifically The University of Texas Medical Branch; David Watson; and their agents, servants, employees, successors, and assigns from any and all claims, causes of action, rights, demands, debts, liabilities, controversies, and injuries whether known or unknown, accrued, asserted or unasserted, in contract or at common law, of any nature whatsoever, that Fisher has asserted or could have asserted through and including April 21, 2010.

JF

By executing the Agreement, Fisher intends to fully, finally and forever resolve and release any and all disputes she has, had, may have or believe herself to have against Defendants and/or their agents, servants, employees, successors, and assigns, that Fisher has asserted or could have asserted through and including April 21, 2010.

1.8     **Pending Grievances Dismissed**. As part of the consideration for the payment described in section 1.4.2 of the Agreement, Fisher hereby waives and dismisses all institutional appeals and/or grievances she has filed with UTMB through and including April 21, 2010, and to which she was or may have been entitled through that time.

1.9     **Dismissal With Prejudice**. After she receives the payment described in section 1.4.2 of the Agreement, Fisher shall promptly cause this civil action to be dismissed with prejudice.

1.10    **Tax Implications**. Fisher agrees to indemnify and hold harmless Defendants for any claim for unpaid taxes, interest or penalties based upon the payment by Defendants to Fisher of the amount described in section 1.4.2 of the Agreement.

1.11    **No Transfers**. As further consideration, Fisher states that she has read the Agreement in its entirety, that she is relying upon her own judgment and the advice of her counsel to enter into the Agreement, that she has not transferred, conveyed, or assigned any part of any cause of action released to any person or entity, other than the promise to pay the legal fees and costs she incurred related to this Litigation.

1.12    **Approvals Required**. The Agreement and the Parties' agreement to settle the Litigation are subject to the approval of the Attorney General of Texas, the University of Texas System, and such other officers or officials of the State of Texas as may be required by law or necessary to obtain funding. Counsel for Defendants agrees to expeditiously submit this matter for the required approvals.

1.13    **Knowing and Voluntary Agreement**. Defendants have advised Fisher to consult with counsel of her choice before executing the Agreement. Fisher warrants that she has read this Agreement and reviewed it with her counsel, and further warrants that she has executed this agreement of her own free will and accord, without further representation of any kind or character not expressly set forth in the Agreement.

1.14 **Time for Consideration and Revocation.** Fisher understands that she has 21 days to consider the Agreement. If the Agreement is executed, Fisher has seven days following the execution to revoke the Agreement. The Agreement shall become effective and enforceable after this revocation period expires. Revocation may be made by notifying the Defendants' counsel of record at the Attorney General's Office, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711.

1.15    **Entire Agreement**. The Agreement contains the entire agreement between the Parties with respect to the matters described herein. All prior agreements or understandings between and among the Parties about these matters are nullified by the Agreement. Any changes or modifications to the

JF

Agreement must be made in writing, must be signed by the party to be charged, and may not be waived or accepted orally or by conduct.

1.16   **Governing Law; Severability**. The Agreement shall be governed by, and construed in accordance with, the laws of the State of Texas, and any challenge to this agreement must be filed in the Southern District of Texas United States District Court before the Honorable Judge Nancy F. Atlas, and the Parties agree to submit to the jurisdiction of the Southern District of Texas United States District Court before the Honorable Judge Nancy F. Atlas for all disputes regarding the Agreement. If any provision of the Agreement is found by Judge Atlas to be invalid or unenforceable, that finding shall not affect the validity or enforceability of the Agreement's remaining provisions.

1.17   **Copies are Originals**. The Agreement may be executed in multiple counterparts, each of which shall constitute an original.

_____      4-21-10
JACKIE FISHER                                              Date
Plaintiff


_____      _____
THE UNIVERSITY OF TEXAS                   Date
MEDICAL BRANCH
Defendant
By: William R. Elger
Executive Vice President and
Chief Business and Finance Officer


_____      _____
DAVID WATSON                               Date
Defendant

Page 4 of 5

APPROVED AS TO FORM:

_____   *April 21, 2010*
Jo Miller                            Date
Attorney in Charge for Plaintiff
LAW OFFICE OF JO MILLER, PLLC


_____   _____
David Halpern                        Date
Assistant Attorney General
Office of the Attorney General of Texas
Attorney in Charge for Defendants

JF