IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE FISHER | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-cv-01273 |
| | § | |
| UNIVERSITY OF TEXAS | § | Jury Demanded |
| MEDICAL BRANCH and | § | |
| DAVID WATSON | § | |
|     Defendants. | § | |

PLAINTIFF, JACKIE FISHER'S REPLY TO
DEFENDANTS' OPPOSITION TO ENFORCE THE TERMS AND CONDITIONS
OF THE MARCH 8, 2010 SETTLEMENT AGREEMENT

TO THE HONORABLE COURT:

Defendants' attempt to undermine "the finality of the settlement"[1] is without merit. Plaintiff does not dispute that the agreement to settle did not come easily, or that possibly no party was totally happy with the final agreement read into the record on March 9, 2010. But nonetheless, it was an agreement entered into by all parties to finally resolve this case on March 9, 2010 and all parties were represented and on record in open court.[2] Counsel for all

---

[1] Dkt. 89-1, Hrg. Transcr. "Settlement Agreement" 8:15-20, THE COURT "....So, I do hope that everybody appreciates the importance of the finality of the settlement. And I congratulate you on that. And I look forward to each of you looking forward to more productive activities. I just know that will be the case. Thank you all very much. You're excused." (Mar. 9, 2010).

[2] Dkt. 89-1, Hrg. Transcr. "Settlement Agreement," (Mar. 9, 2010); Dkt. 82. "Hearing Minutes & Order," (Mar. 9, 2010).

Page 1 of 8

parties represented to the Court that a final agreement had been reached. [3]

For Defendants to now argue that the settlement agreement was merely "tentative" and merely represented "preliminary negotiation" is tantamount to fraud. Fraud as to their agreement with Plaintiff, with whom they entered the agreement, and fraud on the Court, to whom they represented an agreement had been reached. Obviously, Defendants had in mind additional material terms, detrimental to Plaintiff and Plaintiff's continued professional employment, which were not then negotiated or even mentioned, which they now attempt to force on Plaintiff without consideration, and now seemingly seek the Court's assistance to do so.

Ms. Fisher has not attempted to change or add to the material terms which were read into the record on March 9, 2010. Defendants now complain that in exchange for the $80,000.00 settlement sum, Ms. Fisher should agree to "fully and finally release Defendants from all relevant claims."[4] Alright, OK, so.....there is no disagreement there, she agreed to do so and did! This material term was bargained for and accepted......five months ago! "In exchange for the [$80,000.00] payment, Ms. Fisher will be releasing them from the claims heretofore,"[5].....and on April 21, 2010, she even released the Defendants more than a month

---

[3] *Id.*

[4] Dkt. 90, "Defs' Resp. to Pl.'s Mot. to Enforce Terms & Conditions of Settlement Agreement and Memo. in Support," (Jul. 26, 2010)

[5] Dkt. 89-1, Hrg. Transcr. "Settlement Agreement" 7:6-8, MR. SHELLIST: "....In exchange for the payment, Ms. Fisher will be releasing them from the claims heretofore." (Mar. 9, 2010).

beyond March 9, 2010.

On April 21, 2010, Ms. Fisher executed a full and final release of all claims against Defendants including her agreement to dismiss all pending claims and grievances accrued as of the date she executed the release, in exchange for the $80,000.00 consideration promised....Defendants received verification of the benefit of their bargain, stated in the release Ms. Fisher executed and delivered on April 21, 2010, as follows:

> 1.7   **Unconditional Release by Fisher**. In consideration for UTMB's payment of the sum set forth in section 1.4.2 of the Agreement, Fisher, acting for herself and her personal representatives, heirs, assigns, and next of kin, unconditionally RELEASES, ACQUITS and forever DISCHARGES Defendants, specifically The University of Texas Medical Branch; David Watson; and their agents, servants, employees, successors, and assigns from any and all claims, causes of action, rights, demands, debts, liabilities, controversies, and injuries whether known or unknown, accrued, asserted or unasserted, in contract or at common law, of any nature whatsoever, that Fisher has asserted or could have asserted through and including April 21, 2010.
>
> By executing the Agreement, Fisher intends to fully, finally and forever resolve and release any and all disputes she has, had, may have or believe herself to have against Defendants and/or their agents, servants, employees, successors, and assigns, that Fisher has asserted or could have asserted through and including April 21, 2010.
>
> 1.8   **Pending Grievances Dismissed**. As part of the consideration for the payment described in section 1.4.2 of the Agreement, Fisher hereby waives and dismisses all institutional appeals and/or grievances she has filed with UTMB through and including April 21, 2010, and to which she was or may have been entitled through that time.
>
> 1.9   **Dismissal With Prejudice**. After she receives the payment described in section 1.4.2 of the Agreement, Fisher shall promptly cause this civil action to be dismissed with prejudice.

Defendants' conduct in trivializing as "tentative" and "preliminary negotiations" the settlement agreement to which they agreed and entered into the record on March 9, 2010, does absolutely nothing but destroy the trust this Court had so hoped such an agreement would help to restore between the parties. This crawfishing simply doesn't pass the smell test. Ms. Fisher was prepared and ready to go to trial, but chose to settle intead...for what....more litigation. The words overreaching and even trickery come to mind. Defendants' insistence, three weeks after the fact, on additional material terms which were not bargained for, and for which no consideration was offered, has made has made it very difficult for Ms. Fisher to "put this behind her," and look "forward to more productive activities." Yet, she has done so, and has continued to professionally, faithfully and diligently fulfill her employment responsibilities in the best interests of UTMB and her patients.

It must also be noted that this new found confidentiality requirement has not previously been a requirement of UTMB employment settlements. (See Exhibit A attached).

Even more disconcerting is that Mr. Omar Sayed, Associate General Counsel for the UT System, was "assisting in all of the developments in the settlement on behalf of UTMB"[6] and was present on March 9, 2010 when the terms and conditions of settlement were announced, as was counsel-of-record for both Defendants. These new found confidentiality requirements and withdrawal of grievances are not casual, inconsequential terms. Where

---

[6] Dkt. 89-1, Hrg. Transcr. "Settlement Agreement" 4:9-22 (Mar. 9, 2010).

were these even mentioned in the numerous pre-settlement negotiations actively orchestrated by UTMB's Associate General Counsel?

Realistically, now, really, how could one even enforce a confidentiality clause at this late date, even were it bargained for and agreed to by all parties? Ms. Fisher's UTMB former supervisor and Defendant Watson's wife, not parties, were present in Court on March 9, 2010. Since the announcement in open court on March 9, 2010, details of the settlement agreement have already been widely circulated among other UTMB employees at Ms. Fisher's place of work at UTMB, although certainly not by Ms. Fisher.

There seems to be no question that UTMB and the UT System meet the definition of "Governmental body" defined by the TEXAS GOVERNMENT CODE §552.003. In Texas, our law requires:

> (a) Without limiting the amount or kind of information that is public information under this chapter, the following categories of information are public information and not excepted from required disclosure under this chapter unless they are expressly confidential under other law:.... (17) information that is also contained in a public court record; and (18) a settlement agreement to which a governmental body is a party. TEX. GOV. CODE §522.022.

An exhaustive search of Title VII law yields no legal requirement of confidentiality or legal assertion that prior evidence of internal racial discrimination complaints be withdrawn upon settlement or verdict.

There also seems to be no question that:

> (a) Under the fundamental philosophy of the American constitutional form of representative government that adheres to the principle that government is the servant and not the master of the people, **it is the policy of this state that each**

> **person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees.** The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. **The people insist on remaining informed so that they may retain control over the instruments they have created. The provisions of this chapter shall be liberally construed to implement this policy.** TEX. GOV. CODE §522.001.

This newly found confidentiality requirement is so contrary to the Texas philosophy of open government as to be of questionable derivation.

Additionally, Defendants have not been so bold as to suggest just exactly how far up the ladder they sought approval for the agreement which was presented to this court on March 9, 2010, absent a confidentiality clause and absent a withdrawal of grievance clause, or at what stage in the approval process this March 9, 2010 agreement was stifled.

Accordingly, Ms. Fisher respectfully requests an award of five months of interest on the $80,000.00 payment agreed to on March 9, 2010 and additional attorneys fees in an amount of $2,750.00 for additional attorney time subsequently expended unnecessarily because of Defendants' conduct.

Plaintiff prays for enforcement of the March 9, 2010 settlement agreement, an award of interest on that consideration, an award of attorneys fees incurred subsequent to that agreement, and for all other just and right relief to which she may justly be entitled.

Respectfully submitted,

LAW OFFICE OF JO MILLER, P.L.L.C.
505 North Main
Carriage House
Conroe, Texas 77301
(936) 539-4400 Tel.
(936) 539-4409 Fax

By: /s/ *Jo Miller*
    JO MILLER
    State Bar No. 00791268
    Federal Bar No. 20385
    Attorney-in-Charge for Plaintiff,
        Jackie Fisher
    jmiller@jomillerlaw.com

**NOTICE OF ELECTRONIC FILING**

I, Jo Miller, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Files System of the Southern District of Texas, on the 1st day of August, 2010.

/s/ *Jo Miller*
Jo Miller
Attorney-in-Charge for Plaintiff,
Jackie Fisher

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served electronically on August 1, 2010 to:

David Halpern
david.halpern@oag.state.tx.us
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol station
Austin, Texas 78711
Tel: (512)463-2120
Attorney for Defendants

      /s/ *Jo Miller*
Jo Miller
Attorney-in-Charge for Plaintiff,
Jackie Fisher